**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

LEVITON MANUFACTURING CO., INC.    )
                                   )
              (Plaintiff)          )
    vs.                            )        01CV3855 AMD
                                   )
UNIVERSAL SECURITY INSTRUMENTS,    )
INC. et al.                        )
                                   )
              (Defendants)         )

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO BIFUCATE

## I BIFURCATION IS NECESSARY IN COMPLEX CASES

### A. This Case Presents Complex Issues of Patent and Trademark Law

Despite Plaintiff's assertion to the contrary, this is not a simple case. First of all, Plaintiff seems to forget that this is not only a patent case but also a trade dress case. Secondly, as demonstrated by the Expert Report of the Honorable Lawrence J. Goffney, this case presents a number of significant patent issues. These issues cannot be taken lightly, particularly in view of the U.S. International Trade Commission's recent decision invalidating the patent-in-suit (and finding numerous other possible grounds of invalidity and unenforceability requiring further fact finding).

Bifurcation of liability and damages in complex cases, such as patent cases, avoids unnecessarily confusing the jury. *MAG Instr., Inc. v. J. Baxter Brinkmann Int'l Corp.*, 123 F.R.D. 543 (N.D. Tex. 1988). Indeed, "[m]any scholars have endorsed bifurcation in complex cases as a method of improving juror comprehension." *Ciena*

1

*Corp. v. Corvis Corp.*, 210 F.R.D. 519 (D. Del. 2002).

### B. This Case Presents Complex Damages Issues

In its Opposition, Plaintiff asserts that the damages issues are "extremely straightforward." Opp. Br. at 8. Nothing could be further from the truth. Plaintiff argues that damages will be based on either "lost profits" or "reasonable royalty." Opp. Br. at 8. Notably, this utterly fails to take into account the trade dress count and damages under the Lanham Act (which do not rely upon either of the above calculations). *See* 15 U.S.C. 1117. However, even if this were only a patent case, many courts agree that "[a] determination of 'reasonable royalty' requires evidence on 15 different factors, each of which is complex." *Yamaha HKK v. Bombardier,* 59 USPQ.2d 1088 (C.D. Calif. 2001). The "complex 15 factors" described by the district court are the "Georgia Pacific factors" which Plaintiff implies is an easy analysis that results in "one number" for calculating damages. Opp. Br. at 9. Clearly, both the liability issues and the damages issues in this case are complex.

"Evidence of damages is often lengthy, complex, and extremely detailed. These problems are even more acute in this case, where complex issues of trademark infringement and unfair competition are presented as well." *MAG Instr., Inc. v. J. Baxter Brinkmann Int'l Corp.*, 123 F.R.D. 543 (N.D. Tex. 1988). More importantly, without bifurcation, Plaintiff will have to present evidence to support trade dress infringement damages and evidence to support patent infringement damages. As noted, the types of damages available, and their calculation, are entirely different. The purpose of Fed. R.

2

Civ. P. 42(b) will be served by bifurcation.  "If the jury finds certain (or all) bases of liability absent, then damages theories dependent on those bases, and evidence to support them, will not be presented, thus promoting expediency, economy, and convenience." *Id.* (citing *MCI Communications v. AT&T,* 708 F.2d 1081, 1167 (7th Cir. 1983).  "Consequently, bifurcation will eliminate the need for the jury to listen to complex damages testimony which ultimately would have no bearing on the case." *Id.* "The fact that evidence of damage frequently changes depending upon the findings of liability is one reason that split trials are permitted by the Federal Rules and endorsed by the Manual for Complex Litigation and the rules of [the district court]." *MCI Communications v. AT&T,* 708 F.2d 1081, 1176 (7th Cir. 1983).

## II  BIFURCATION WOULD BE IN THE INTEREST OF JUDICIAL ECONOMY

"Trials of liability and damages are often bifurcated as 'an effective method of simplifying factual presentation, reducing costs, and saving time.'" *MAG Instr., Inc. v. J. Baxter Brinkmann Int'l Corp.*, 123 F.R.D. 543 (N.D. Tex. 1988)(quoting *MCI Communications v. AT&T,* 708 F.2d 1081, 1167 (7th Cir. 1983).  "In patent cases, courts often bifurcate damages and liability." *Id.*  As summarized by one court:

> In a patent infringement suit considerations exist which suggest that efficient judicial administration would be severed by separate trials on the issues of liability and damages.  The trial of the damages question in such a suit is often difficult and expensive, while being easily severed from the trial of the questions of validity and infringement of the patent.  *A preliminary finding on the question of liability may well make unnecessary the damages inquiry,* and thus result in substantial saving of time of the Court and counsel and reduction of expense to the parties.

*Id.* (emphasis is original).

3

In short, bifurcation is advisable because it "will reduce jury confusion, tend to avoid prejudice, expedite the date of the liability trial and possibly avoid additional expenses if a damage trial becomes unnecessary." *Paine, Webber Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. Supp. 1112, 1118 (D.Del. 1984).

## III  DAMAGES AND WILLFULNESS DISCOVERY SHOULD BE STAYED

Fact discovery has been closed for well over a month and expert reports were due on February 24, 2003.  The sole justification proffered by Plaintiff in seeking to reopen discovery is to pursue additional discovery "leads" on damages and willfulness issues.  Even assuming that Plaintiff's dereliction in pursuing discovery is forgivable, given the fact that discovery closed a month before Plaintiff's first request for an extension,[1] it is clearly "in the interest of expedition and economy to defer costly and possibly unnecessary discovery proceedings on the damages issues pending the resolution of the liability issues." *Paine, Webber Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. Supp. 1112, 1118 (D. Del. 1984).

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS, INC.
USI ELECTRIC, INC.


By: _____
　　　　　　　Maurice U. Cahn, Esq.
　　　　　　　William E. Bradley, Esq.

---

[1]  Fact discovery closed on January 31, 2003.  Plaintiff filed its motion to extend discovery deadlines on February 21, 2003.

CAHN & SAMUELS, LLP
2000 P Street, NW,  Suite 200
Washington, D.C.  20036
(202) 331-8777  Phone
(202) 331-3838  FAX