IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC. )<br>)<br>(Plaintiff) )<br>v. )<br>)<br>UNIVERSAL SECURITY INSTRUMENTS, )<br>INC. et al. )<br>)<br>(Defendants) ) | 01CV3855 AMD |

## DEFENDANTS' EMERGENCY MOTION FOR
## TEMPORARY RESTRAINING ORDER AND PROTECTIVE ORDER

Defendants, Universal Security Instruments, Inc. and USI Electric, Inc. (collectively "USI") hereby move for an emergency order restraining and prohibiting Plaintiff Leviton Manufacturing Company, Inc. ("Leviton"), its officers, agents, employees and attorneys, and all those in concert therewith, from publishing, distributing or communicating false and misleading statements regarding Defendants, Defendants' products, and the status of the various litigations and proceedings around the United States involving U.S. Patent 4,595,894 (the "'894 patent" or the "patent-in-suit"). Emergency relief is necessary to mitigate and prevent the irreparable harm to Defendants if Plaintiff's false and misleading statements are not restrained. Defendants submit that good cause exists for an emergency order as set forth below.

## I BACKGROUND

### A. The Patent and Lawsuits

In 1999, Plaintiff sued various Chinese manufactures of ground fault circuit

1

interrupters ("GFCIs") for allegedly infringing the '894 patent (as "corrected" by a July 12, 1988 Certificate of Correction). Soon thereafter, in the 2000-2001 time period, Plaintiff initiated a series of lawsuits against the importers and distributors of the Chinese defendants' GFCIs for alleged infringement of the '894 patent. All but one of these suits was dismissed without prejudice. One of the suits filed was Civil Action No. 01-cv-2789 (D. Md. 2001), filed on September 20, 2001, against USI. This suit was dismissed in October 2001.

Two months later, on December 11, 2001, Plaintiff procured a second Certificate of Correction to correct errors in the '894 patent. The present action was filed two days later. In the months that followed, some 20 other suits were filed against other small companies around the country which sold products manufactured by the Chinese defendants. Leviton negotiated and secured a number of settlements and consent judgments against some of the small companies named as defendants in the various suits around the country. Almost all of these suits were settled, for a token payment if any, on the condition that the defendants execute a consent judgment attesting to the validity of Plaintiff's patent and trade dress.

### B. The Patent and the USITC

Thereafter, in the summer of 2002, Plaintiff initiated an action before the U.S. International Trade Commission ("USITC") seeking an exclusion order preventing the importation of certain ground fault circuit interrupters ("GFCIs") of the Chinese defendants alleged to infringe the '894 patent.

### C. The March 11, 2003 Press Release

On March 11, 2003, Leviton issued a press release. (Attached hereto as Exhibit A). The press release is false and misleading in several respects. For example, it portrays Leviton as being victorious on the merits of its infringement allegations. Also, in the press release Leviton accuses USI of being a company that "misrepresented their devices as being **manufactured** in the United States." (emphasis added). Remarkably, the press release also states Leviton is pursuing its USITC case:

> **"In taking this action, Leviton is working to stop the shipment of infringing GFCIs to innocent purchasers of the illegal devices."**

Significantly, the press release threatens that any individuals who sell, distribute, install or use USI's GFCIs are potential defendants, liable for treble damages:

> **"Leviton is vigilantly pursuing legal action against companies and individuals who import these infringing GFCIs, sell and distribute them, install and use them, and make or modify them. In each of its legal actions, the company is seeking treble damages for lost sales, and recovery of attorneys' fees and costs."**

Notably, the press release issued more than a week after Leviton had effectively conceded defeat in its patent infringement action in the USITC by moving to withdraw its complaint, see Motion to Terminate Investigation on the Basis of Withdrawal of the Complaint (attached hereto as Exhibit B). Shortly thereafter the USITC held the '894 patent invalid. See Order No. 11 (attached hereto as Exhibit C).

## II ARGUMENT

Clearly, the press release misrepresents the status of the USITC proceeding and

3

puts the merits of Leviton's suit in a false light, and more significantly, misrepresents USI. Leviton's press release falsely recites that USI misrepresents the origin of its products as being manufactured in the United States. USI's GFCI packages clearly confirm the products are "Made in China." See USI GFCI Package attached hereto as Exhibit D. The Leviton press release, accordingly, is facially untrue.

The United States Supreme Court has long determined that "the Constitution . . . accords a lesser protection to commercial speech than to other constitutionally guaranteed expression." *Central Hudson Gas & Elec. Corp. v. Public Service Comm'n*, 447 U.S. 557, 562-63 (1980). Moreover, commercial speech that is false or misleading is **not** protected by the First Amendment. *Zaudereer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*, 471 U.S. 626, 638 (1985). An injunction order from the Court preventing Leviton's further dissemination of false and misleading information is strenuously urged.

For the foregoing reasons, Defendants request that their motion be granted.

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS, INC.
USI ELECTRIC, INC.

By: _____
Maurice U. Cahn, Esq.
William E. Bradley, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC. ) | |
| ) | |
| (Plaintiff) ) | |
| v. ) | 01CV3855 AMD |
| ) | |
| UNIVERSAL SECURITY INSTRUMENTS, ) | |
| INC. et al. ) | |
| ) | |
| (Defendants) ) | |

## ORDER

Upon consideration of Defendants' Motion For Temporary Restraining Order and Protective Order, and good cause being shown, it is hereby ORDERED on this _____ day of _____, 2003 that Defendants' Motion is GRANTED and Plaintiff is hereby restrained and enjoined from publishing, broadcasting, or communicating false and misleading information concerning Defendants, Defendants products, and the status of the '894 patent and any judicial or administrative proceedings concerning the '894 patent.

_____
Judge, United States District Court