## 201.07    Continuation Application

A continuation is a second application for the same invention claimed in a prior nonprovisional application and filed before the original becomes abandoned or patented. The continuation application may be filed under 37 CFR 1.53(b) or 1.53(d). The applicant in the continuation application must include at least one inventor named in the prior nonprovisional application. The disclosure presented in the continuation must be the same as that of the original application; i.e., the continuation should not include anything which would constitute new matter if inserted in the original application.

An application claiming the benefits of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation" of the provisional application since an application that claims benefit of a provisional application is a nonprovisional application of a provisional application, not a continuation, division, or continuation-in-part of the provisional application.

At any time before the patenting or abandonment of or termination of proceedings on his or her earlier nonprovisional application, an applicant may have recourse to filing a continuation in order to introduce into the application a new set of claims and to establish a right to further examination by the primary examiner. An application under 37 CFR 1.53(d), however, must be filed prior to payment of the issue fee unless a petition under 37 CFR 1.313(c) is granted in the prior application. In addition, a continuation or divisional application may only be filed under 37 CFR 1.53(d) if the prior nonprovisional application is: (A) a utility or plant application that was filed under 35 U.S.C. 111(a) before May 29, 2000, and is complete as defined by 37 CFR 1.51(b); (B) a design application that is complete as defined by 37 CFR 1.51(b); or (C) the national stage of an international application that was filed under 35 U.S.C. 363 before May 29, 2000, and is in compliance with 35 U.S.C. 371.

For notation to be put on the file wrapper by the examiner in the case of a continuation application, see MPEP § 202.02.

Use form paragraph 2.05 to remind applicant of possible continuation status.

*¶ 2.05 Possible Status as Continuation*

This application discloses and claims only subject matter disclosed in prior application no [1], filed [2], and names an inventor or inventors named in the prior application. Accordingly, this application may constitute a continuation or division. Should applicant desire to obtain the benefit of the filing date of the prior application, attention is directed to 35 U.S.C. 120 and 37 CFR 1.78.

**Examiner Note:**

1.    This form paragraph should only be used if it appears that the application may be a continuation, but priority has not been properly established.

2.    An application claiming the benefits of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation" of the provisional application since an application that claims benefit of a provisional application is a nonprovisional application of a provisional application, not a continuation, division, or continuation-in-part of the provisional application.

## 201.08    Continuation-in-Part Application

A continuation-in-part is an application filed during the lifetime of an earlier nonprovisional application, repeating some substantial portion or all of the earlier nonprovisional application and *adding matter not disclosed* in the said earlier nonprovisional application. (*In re Klein*, 1930 C.D. 2, 393 O.G. 519 (Comm'r Pat. 1930)). The continuation-in-part application may only be filed under 37 CFR 1.53(b).

A continuation-in-part application CANNOT be filed as a continued prosecution application (CPA) under 37 CFR 1.53(d).

An application claiming the benefit of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation-in-part" of the provisional application since an application that claims benefit of a provisional application is a nonprovisional application of a provisional application, not a continuation, division, or continuation-in-part of the provisional application.

The mere filing of a continuation-in-part does not itself create a presumption that the applicant acquiesces in any rejections which may be outstanding in the copending national nonprovisional application or applications upon which the continuation-in-part application relies for benefit.

A continuation-in-part filed by a sole applicant may also derive from an earlier joint application showing a portion only of the subject matter of the later application, subject to the conditions set forth in 35 U.S.C.