## 201.07  Continuation Application

A continuation is a second application for the same invention claimed in a prior nonprovisional application and filed before the original becomes abandoned or patented. The continuation application may be filed under 37 CFR 1.53(b) or 1.53(d). The applicant in the continuation application must include at least one inventor named in the prior nonprovisional application. The disclosure presented in the continuation must be the same as that of the original application; i.e., the continuation should not include anything which would constitute new matter if inserted in the original application.

An application claiming the benefits of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation" of the provisional application since an application that claims benefit of a provisional application is a nonprovisional application of a provisional application, not a continuation, division, or continuation-in-part of the provisional application.

At any time before the patenting or abandonment of or termination of proceedings on his or her earlier nonprovisional application, an applicant may have recourse to filing a continuation in order to introduce into the application a new set of claims and to establish a right to further examination by the primary examiner. An application under 37 CFR 1.53(d), however, must be filed prior to payment of the issue fee unless a petition under 37 CFR 1.313(c) is granted in the prior application. In addition, a continuation or divisional application may only be filed under 37 CFR 1.53(d) if the prior nonprovisional application is: (A) a utility or plant application that was filed under 35 U.S.C. 111(a) before May 29, 2000, and is complete as defined by 37 CFR 1.51(b); (B) a design application that is complete as defined by 37 CFR 1.51(b); or (C) the national stage of an international application that was filed under 35 U.S.C. 363 before May 29, 2000, and is in compliance with 35 U.S.C. 371.

For notation to be put on the file wrapper by the examiner in the case of a continuation application, see MPEP § 202.02.

Use form paragraph 2.05 to remind applicant of possible continuation status.

¶ *2.05 Possible Status as Continuation*

This application discloses and claims only subject matter disclosed in prior application no [1], filed [2], and names an inventor or inventors named in the prior application. Accordingly, this application may constitute a continuation or division. Should applicant desire to obtain the benefit of the filing date of the prior application, attention is directed to 35 U.S.C. 120 and 37 CFR 1.78.

**Examiner Note:**
1. This form paragraph should only be used if it appears that the application may be a continuation, but priority has not been properly established.
2. An application claiming the benefits of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation" of the provisional application since an application that claims benefit of a provisional application is a nonprovisional application of a provisional application, not a continuation, division, or continuation-in-part of the provisional application.

## 201.08  Continuation-in-Part Application

A continuation-in-part is an application filed during the lifetime of an earlier nonprovisional application, repeating some substantial portion or all of the earlier nonprovisional application and *adding matter not disclosed* in the said earlier nonprovisional application. (*In re Klein*, 1930 C.D. 2, 393 O.G. 519 (Comm'r Pat. 1930)). The continuation-in-part application may only be filed under 37 CFR 1.53(b).

A continuation-in-part application CANNOT be filed as a continued prosecution application (CPA) under 37 CFR 1.53(d).

An application claiming the benefit of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation-in-part" of the provisional application since an application that claims benefit of a provisional application is a nonprovisional application of a provisional application, not a continuation, division, or continuation-in-part of the provisional application.

The mere filing of a continuation-in-part does not itself create a presumption that the applicant acquiesces in any rejections which may be outstanding in the copending national nonprovisional application or applications upon which the continuation-in-part application relies for benefit.

A continuation-in-part filed by a sole applicant may also derive from an earlier joint application showing a portion only of the subject matter of the later application, subject to the conditions set forth in 35 U.S.C.

120 and 37 CFR 1.78. Subject to the same conditions, a joint continuation-in-part application may derive from an earlier sole application.

Unless the filing date of the earlier nonprovisional application is actually needed, for example, in the case of an interference or to overcome a reference, there is no need for the Office to make a determination as to whether the requirement of 35 U.S.C. 120, that the earlier nonprovisional application discloses the invention of the second application in the manner provided by the first paragraph of 35 U.S.C. 112, is met and whether a substantial portion of all of the earlier nonprovisional application is repeated in the second application in a continuation-in-part situation. Accordingly, an alleged continuation-in-part application should be permitted to claim the benefit of the filing date of an earlier nonprovisional application if the alleged continuation-in-part application complies with the following formal requirements of 35 U.S.C. 120:

(A) The first application and the alleged continuation-in-part application were filed with at least one common inventor;

(B) The alleged continuation-in-part application was "filed before the patenting or abandonment of or termination of proceedings on the first application or an application similarly entitled to the benefit of the filing date of the first application"; and

(C) The alleged continuation-in-part application "contains or is amended to contain a specific reference to the earlier filed application." (The specific reference may be in an application data sheet. See 37 CFR 1.76.)

For notation to be put on the file wrapper by the examiner in the case of a continuation-in-part application see MPEP § 202.02. See MPEP § 708 for order of examination.

Use form paragraph 2.06 to remind applicant of possible continuation-in-part status.

*¶ 2.06 Possible Status as Continuation-in-Part*

This application repeats a substantial portion of prior Application No. **[1]**, filed **[2]**, and adds and claims additional disclosure not presented in the prior application. Since this application names an inventor or inventors named in the prior application, it may constitute a continuation-in-part of the prior application. Should applicant desire to obtain the benefit of the filing date of the prior application, attention is directed to 35 U.S.C. 120 and 37 CFR 1.78.

**Examiner Note:**
1. This form paragraph should only be used when it appears that the application may qualify as a continuation-in-part, but no priority claim has been perfected.
2. An application claiming the benefits of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation-in-part" of the provisional application since an application that claims benefit of a provisional application is a nonprovisional application of a provisional application, not a continuation, division, or continuation-in-part of the provisional application.

## 201.09    Substitute Application

The use of the term "Substitute" to designate any application which is in essence the duplicate of an application by the same applicant abandoned before the filing of the later application, finds official recognition in the decision *Ex parte Komenak*, 1940 C.D. 1, 512 O.G. 739 (Comm'r Pat. 1940). Current practice does not require applicant to insert in the specification reference to the earlier application; however, attention should be called to the earlier application. The notation on the file wrapper (see MPEP § 202.02) that one application is a "Substitute" for another is printed in the heading of the patent copies. See MPEP § 202.02.

As is explained in MPEP § 201.11, a "Substitute" does not obtain the benefit of the filing date of the prior application.

Use form paragraph 2.07 to remind applicant of possible substitute status.

*¶ 2.07 Definition of a Substitute*

Applicant refers to this application as a "substitute" of Application No. **[1]**, filed **[2]**. The use of the term "substitute" to designate an application which is in essence the duplicate of an application by the same applicant abandoned before the filing of the later case finds official recognition in the decision, *Ex parte Komenak*, 1940 C.D. 1, 512 O.G. 739 (Comm'r Pat. 1940). The notation on the file wrapper (See MPEP § 202.02) that one case is a "substitute" for another is printed in the heading of the patent copies. A "substitute" does not obtain the benefit of the filing date of the prior application.

## 201.10    Refile

No official definition has been given the term "Refile," though it is sometimes used as an alternative for the term "Substitute."

If the applicant designates his or her application as "Refile" and the examiner finds that the application is in fact a duplicate of a former application by the same party which was abandoned prior to the filing of the second application, the examiner should require the