**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

LEVITON MANUFACTURING CO., INC.     )
                                              )
          (Plaintiff)           )
         v.                    )     01CV3855 AMD
                                              )
UNIVERSAL SECURITY INSTRUMENTS,   )
INC. et al                             )
          (Defendants)     )

**DEFENDANTS' OPPOSITION TO, AND MOTION TO STRIKE,
PLAINTIFF LEVITON MANUF. CO., INC.'S MOTION TO
COMPEL DISCOVERY FROM DEFENDANTS**

Defendants, Universal Security Instruments, Inc. and USI Electric, Inc.

("USI"), hereby oppose, and move to strike, Plaintiff Leviton Manufacturing

Company, Inc.'s ("Leviton") motion to compel discovery. Leviton has once again

completely disregarded this Court's Local Rules concerning discovery disputes.

As with Leviton's previous motion to compel, counsel for Leviton recklessly filed

its motion to compel with the Court in direct violation of Local Rules 104.7 and

104.8. Leviton's previous errant filing led the Court to issue an Order treating the

motion as being unopposed, despite the fact that Defendants' served their

Opposition within 7 days of receipt of the motion.

The Local Rules of this Court are quite clear as to the procedures to be

followed by counsel in resolving discovery disputes. Under the Local Rules,

when a response to a request for production of documents has been served, a

party dissatisfied with the response must serve a motion to compel on the

responding party (but not file the motion with the court) within 20 days of receipt

of the response. The responding party then has 14 days to serve the

propounding party with a memorandum in opposition, after which the propounding party has 11 days in which to file a reply. The parties are to file a Notice of Service with the Court, but not the actual briefs themselves. Under the new Electronic Filing Guidelines, the briefs are to be submitted as an attachment to the Notice of Service. However, the motion is not to be docketed as a Motion. *See* Electronic Filing Requirements and Procedures at III(C)(10)(Discovery) at c. Step 2 ("Do **not** docket the motion to compel as a motion. It is an attachment to the Notice of Service."). Notably, Leviton has improperly docketed its motion to compel as a "Motion."

Additionally, Leviton has again completely ignored the meet and confer requirement of Rule 104.7. Specifically, if the exchange of briefs fails to resolve the dispute, the parties must meet and confer with one in an honest attempt to settle the dispute extra-judicially. If after conferring, the dispute requires resort to the Court, the propounding party is to file the briefs and a certification under Rule 104.7 with the Court. Under the new Electronic Filing Guidelines, the propounding party is to file and docket as its motion "a listing of the matters from [its] original motion to compel which have not been resolved." The party then "must attach a Local Rule 104.7 certification" to the motion. Leviton has failed to follow the Local Rules in this, and its prior motion to compel, in every respect.

In view of the complete disregard of the Local Rules, Leviton's motion to compel should be denied and Defendants should be awarded their attorneys' fees and costs.

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS INC.
USI ELECTRIC, INC.


By:_____/s/_____

Maurice U. Cahn, Esq.
William E. Bradley, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777 (phone)
(202) 331-3838 (FAX)