IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC. ) | |
| ) | |
| (Plaintiff) ) | |
| v. ) | 01CV3855 AMD |
| ) | |
| UNIVERSAL SECURITY INSTRUMENTS, ) | |
| INC. et al ) | |
| (Defendants) ) | |

**DEFENDANTS' MOTION TO QUASH THE SUBPEONA OF
MAURICE U. CAHN AND MOTION FOR PROTECTIVE ORDER**

Defendants, Universal Security Instruments, Inc. and USI Electric, Inc. ("USI"), hereby move to quash the subpoena of Maurice U. Cahn and request a protective order.

Plaintiff Leviton Manufacturing Company, Inc. ("Leviton") served a subpoena *deuces tecum* and Notice of Deposition on Maurice U. Cahn on Wednesday, March 26, 2003. Defendants move to quash the subpoena and move for a protective order pursuant to Rules 26 and/or 45 of the Federal Rules of Civil Procedure. Defendants submit that good cause exists for quashing the subpoena and issuing a protective order as set forth below.

1. The subpoena is untimely. Fact discovery in this matter closed on January 31, 2003. The subpoena issued almost two months after the close of discovery and is nothing more than an obvious attempt to harass Defendants and their counsel. At no time during discovery did the Plaintiff seek to depose Michael Kovens, the recipient of the vast majority of communications and opinions now sought from Mr. Cahn. Typically, courts do not allow trial counsel to be deposed when another source of

1

the sought information exists. *See Shelton v. American Motors Co.* 805 F.2d 1323, 1328 (8th Cir. 1986)(providing a three-part test for a party seeking to depose trial counsel to meet including the need to show that "no other means exist to obtain the information than to depose opposing counsel").

2. The subpoena is overbroad and seeks disclosure of privileged and other protected matter. Maurice U. Cahn is the Defendants' lead counsel in this case. The subpoena demands, without limitation, testimony about, and production of **all** documents and communications relating to the patent-in-suit, the accused devices, Plaintiff's devices, and between Mr. Cahn and his clients concerning the same. The present litigation has been going on for over a year and a half. During this time substantial effort has been invested in gathering information and preparing Defendants' defenses. Clearly, the production of documents relating to the patents and accused devices will inexplicably require the production of privileged communications and attorney work-product that cannot be seriously argued to have had the privilege waived. Rule 26(b)(3) expressly codifies protection against the type of intrusion Plaintiff is attempting: "[T]he court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. Pro. 26(b)(3). Likewise, taking Mr. Cahn's deposition is improper given that overbreadth of document requests and the privileged nature of the documents and communications sought. *See Shelton v. American Motors Co.* 805 F.2d 1323, 1328 (8th Cir. 1986)(providing a three-part test for a party seeking to depose trial counsel to meet including the need to show that "the information sought is relevant and nonprivileged").

3. The Defendants have moved to bifurcate out the issue of willfulness. The Plaintiff contends the deposition of Mr. Cahn is necessary to explore issues relating to willfulness and has moved to extend discovery deadlines. Defendants opposed that motion (which is pending) and have already moved in the alternative to bifurcate the issue and stay any further discovery. If willfulness is removed from the liability phase of the litigation, then Mr. Cahn's deposition is clearly unnecessary. *See Shelton v. American Motors Co.*, 805 F.2d 1323, 1328 (8th Cir. 1986) (providing a three-part test for a party seeking to depose trial counsel to meet including the need to show that "the information is crucial to the preparation of its case"). In addition, bifurcation will avoid placing Defendants in the *Quantum* dilemma the Plaintiff is attempting to force on Defendants. The Federal Circuit recommends bifurcation as an appropriate solution to the *Quantum* dilemma (the situation where a defendant is left with a Hobson's choice of waiving privilege and relying upon an opinion of counsel and risking disqualification of trial counsel and withholding an opinion and being found a willful infringer).

4. The Plaintiff's subpoena also does not comply with Rule 45 of the Federal Rules of Civil Procedure. As was the case with Plaintiff's prior motions to compel, Plaintiff has failed to follow simple rules of procedure. Specifically, when serving a subpoena commanding the person's attendance, Rule 45 requires the "tendering to that person the fees for one day's attendance and the mileage allowed by law." Fed. R. Civ. Pro. 45(b). Plaintiff made no such tender.

5. Rule 26 of the Federal Rules of Civil Procedure allows a Court to deny discovery if:

> [I]t determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more

3

convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Plaintiff's subpoena is clearly a thirteenth-hour attempt to harass Defendant and Defendants' counsel. Plaintiff was dilatory in seeking discovery and has never sought to depose the recipient of the correspondence from Mr. Cahn. The burden on Defendants at this stage of the litigation is great and the discovery sought is irrelevant to any trial on liability if the issue of willfulness is bifurcated. Entry of a protective order is clearly proper.

In view of the foregoing, Defendants respectfully request that the Court quash the subpoena of Maurice U. Cahn and enter a protective order prohibiting such further discovery requests from Plaintiff.

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS INC.
USI ELECTRIC, INC.

By: _____
Maurice U. Cahn, Esq.
William E. Bradley, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777 (phone)
(202) 331-3838 (FAX)