**Appendix B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Leviton Manufacturing, Co., Inc. | * | |
| vs. | * | Case No. 01CV3855 AMD |
| Universal Security Instruments, Inc., et al. | * | |
| | ****** | |

### NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one:**

[ ]  Exhibit _____, which is an attachment to _____

_____

will be filed with the Clerk's Office in paper format so that it may be placed under seal.

[x]  Defendants' Motion to Strike Exhibits
                    (title of document)

will be filed with the Clerk's Office in paper format so that it may be placed under seal.

~~I certify that within 24 hours~~ of the filing of this Notice, I will file and serve paper copies of the document identified above.

April 15, 2003
_Date_

/s/

Maurice U. Cahn       4171
_Printed Name_        _Bar Number_

2000 P Street NW, Suite 200
_Address_

Washington, D.C. 20036
_City/State/Zip_

202 331-8777    202 331-3838
_Phone No._             _Fax No._

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC. ) | |
| ) | |
| (Plaintiff) ) | |
| v. ) | 01CV3855 AMD |
| ) | |
| UNIVERSAL SECURITY INSTRUMENTS, ) | |
| INC. et al ) | |
| (Defendants) ) | |

**DEFENDANTS' INTERIM MOTION TO FILE UNDER SEAL
DEFENDANTS' MOTION TO STRIKE EXHIBITS B AND E OF PLAINTIFF'S
OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR
PRELIMINARY INJUNCTION AND PROTECTIVE ORDER**

Defendants respectfully request that their Motion to Strike be filed under seal pursuant to the Protective Order entered by the Court in this case. Defendants submit that good cause exists for granting this motion. In particular, Defendants submit that the moving papers reflect the content of deposition testimony which has been identified as confidential and subject to protection of the Protective Order. Accordingly, Defendants' respectfully request the present motion be granted. A draft Order is submitted herewith for the convenience of the Court.

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS INC.
USI ELECTRIC, INC.

By: _____
Maurice U. Cahn, Esq.
William E. Bradley, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC. ) | |
| ) | |
| (Plaintiff) ) | |
| v. ) | 01CV3855 AMD |
| ) | |
| UNIVERSAL SECURITY INSTRUMENTS, ) | |
| INC. et al ) | |
| (Defendants) ) | |

## ORDER

Having reviewed the papers submitted herewith and finding good cause therein, Defendants' Motion to File Under Seal Defendants' Motion to Strike Exhibits is GRANTED.

SO ORDERED AND ADJUDGED this ___ day of _____ , 2003.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| LEVITON MANUFACTURING CO., INC. | ) | |
| (Plaintiff) | ) | |
| v. | ) | 01CV3855 AMD |
| UNIVERSAL SECURITY INSTRUMENTS, INC. et al. | ) | **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |
| (Defendants) | ) | |

### DEFENDANTS' MOTION TO STRIKE EXHIBITS B AND E OF PLAINTIFF OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PROTECTIVE ORDER

Defendants, Universal Security Instruments, Inc. and USI Electric, Inc. (collectively "USI") hereby move to strike Exhibits B and E submitted with Plaintiff's Opposition to Defendants' Emergency Motion for Temporary Restraining Order and Protective Order. USI submits that striking the Exhibits is proper in view of their non-production during discovery, despite the propounding of requests to which these documents are directly responsive.

## I. BACKGROUND

### A. Previously Undisclosed Exhibits

Exhibit B to Plaintiff's Opposition to Defendants' motion for preliminary relief is pages 315-318 of volume II of the deposition of Naim Perry taken by Leviton in connection with a lawsuit in California against Orbit Electric. The deposition occurred on March 8, 2002. No part of this deposition was produced by Leviton during discovery in the present litigation. Plaintiff relies upon the deposition testimony in Exhibit B to support allegations that USI imports GFCIs

from a company that uses child labor. Exhibit E to Plaintiff's Opposition is a single page from an October 23, 2002 hearing before Administrative Law Judge Sidney Harris of the ITC. No transcripts or documents from the ITC proceeding were produced by Leviton in this litigation. USI has learned that several Leviton employees and their patent counsel, Paul Sutton, were deposed in the ITC proceeding. However, none of these transcripts were produced during discovery.

### B. Discovery Requests

On October 18, 2002, Defendants served their First Request for Production of Documents. Several of the Requests specifically ask for documents from other litigations and proceedings involving the '894 patent. For example, Request for Production No. 5 asks "All documents and things that refer or relate to any other litigation or potential litigation containing an allegation of infringement of the '894 patent and/or trade dress by Leviton." Likewise, Request for Production No. 6 asks for:

> All documents and things referring or relating to any actions or proceedings (whether judicial or administrative) in which the validity and/or enforceability of any or all of the claims contained in '894 patent (or any foreign counterpart thereof) or the patentability of any invention or embodiment claimed thereby have been challenged, questioned or otherwise placed in issue (whether by way of affirmative claim, counterclaim, affirmative defense or otherwise).

### C. Discovery Responses and Failure to Produce

In response to these requests, Plaintiff indicated that responsive non-privileged, non-work product documents would be produced for inspection and copying. During the document inspection on January 16, 2003, counsel for Defendants' specifically looked for transcripts from any proceedings involving the

'894 patent. Notably, the transcripts which Plaintiff attaches to its Opposition were not made available during the inspection. Likewise, other transcripts that Defendants have learned exist were not made available during the inspection.

## II ARGUMENT

### A. Defendants Are Prejudiced by the Non-Disclosure

The transcripts attached to Leviton's opposition, based on their dates alone, were obviously in existence at the time of the inspection. Notably, Plaintiff relies on these incomplete documents for the truth of the matter asserted by the deponent.

Leviton uses testimony of Naim Perry to accuse USI of purchasing GFCIs from an entity Perry charges is using child labor.

REDACTED

### B. The Exhibits Must be Striken

Plaintiff's failure to produce these documents precludes the use of these documents. "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." *American Telephone and Telegraph Co. v. Shared Communication Services*, 1995 U.S. Dist. LEXIS 13706

---

[1] The relevant pages are attached hereto as Exhibit A.

3

*6 (E.D. Pa. 1995).[2] In addition, the court may impose sanctions. "In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under [Rule 26]." *Id.* Likewise, under Rule 37, "the court must strike information a party failed to disclose unless (1) the party had 'substantial justification,' (2) a different sanction is more appropriate, or (3) the failure is 'harmless.' *Id.* Clearly, none of these justifications are present. Accordingly, striking these and the portions of the Plaintiff's opposition relying on these exhibits is proper. *See Microbix Biosystems v. Biowhittaker*, 2000 U.S. Dist. LEXIS 20955 *6 (D. Md. 2000).[3]

## III. CONCLUSION

For the foregoing reasons, Defendants request that their motion to strike be granted.

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS
USI ELECTRIC, INC.

By: _____
Maurice U. Cahn, Esq.
William E. Bradley, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777

Attorneys for Defendants

---

[2] A copy of this case is attached as Exhibit B.
[3] A copy of this case is attached as Exhibit C.

4