LAW OFFICES OF
# CAHN & SAMUELS, LLP
INTELLECTUAL PROPERTY COUNSEL



July 17, 2003

The Honorable Andre M. Davis
United States District Judge
U.S. District Court for the
District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201-2690

      Re:    Leviton Manufacturing Co. V. Universal Security Instruments, Inc.
               Civil Action No. 01-CV-3855 AMD

Dear Judge Davis:

      We assure you that we take no pleasure in having to write this letter. It has never been the practice of our firm to correspond directly with chambers, but the Plaintiff has left us no choice. As Your Honor is well aware, dispositive motions in the above-captioned action are due on Monday, July 21, 2003. It is now Thursday, July 17, 2003, and the Plaintiff has still failed to produce certain documents we identified for copying almost a month ago. A number of these documents were intended to be used as exhibits to our motions and at trial. Needless to say, the non-production of the bulk of the requested documents may prejudice the preparation of our moving papers. While we are not writing to request an extension, as we do not want Plaintiff to be successful in delaying these proceedings yet again, we are requesting the Your Honor's help in expediting the production of these documents and deterring such conduct on the part of the Plaintiff.

      To provide Your Honor with the context which provoked this letter, a brief summation of recent events is needed. At the hearing on April 17, 2003, the Plaintiff was ordered to provide us with a list of counsel for all of the other defendants in sister litigations around the country. In the Joint Revised Scheduling Order agreed to by the parties, Defendants had until May 30, 2003 to secure releases from the other defendants for access to materials in the sister suits. Defendants were only successful in securing such releases from three defendants. These releases were provided to the Plaintiff to arrange for the documents from these cases to be made available for inspection.

MAURICE U. CAHN*
FREDERICK N. SAMUELS*
GEORGE A. METZENTHIN†
WILLIAM E. BRADLEY‡

* ADMITTED IN MD, DC AND US PATENT & TRADEMARK OFFICE
† ADMITTED IN DC, FL, OH AND US PATENT & TRADEMARK OFFICE
‡ ADMITTED IN VA, DC AND US PATENT & TRADEMARK OFFICE

HEADQUARTERS
BUILDING
2000 P STREET
NORTHWEST
SUITE 200
WASHINGTON, DC
20036-6924

202•331•8777
FAX: 202•331•3838
WWW.PATTMCOPY.COM

Honorable Andre M. Davis
July 17, 2003
Page 2 of 3

After a brief discussion on venue, (see Exh. A, June 4, 2003 facsimile letter from Joseph G. Lee to William E. Bradley) the parties agreed the inspection would take place in New York on June 12, 2003, but rescheduled to June 19, 2003 to coincide with the June 20 deposition of Plaintiff's technical expert to save on travel costs. (See Exh. B, facsimile letter of June 5, 2003 and E-mails to/from William E. Bradley and Joseph G. Lee/Roberta Daghir). During this time, we also notified Plaintiff that we learned that Leviton maintained an archive of catalogues and requested that these catalogues also be produced for inspection. (See Exh. C, June 6, 2003 letter from William E. Bradley to D. Christopher Ohly and Joseph G. Lee).

After the document inspection, on June 23, 2003, we wrote a letter to Plaintiff's counsel carefully itemizing the documents we wanted copied and their location in the production, and also reiterating our objections to the non-production of Plaintiff's catalogues during our inspection. (See Exh. D, June 23, 2003 facsimile letter from William E. Bradley to Joseph G. Lee and D. Christopher Ohly). On June 25, 2003, Plaintiff's counsel indicated that the identified documents were in the process of being copied and the catalogues had not yet been retrieved and reviewed.

In view of the representations made, we assumed the documents to be forthcoming. We were contacted on Tuesday, July 8, 2003, with respect to the last Bates number in the prior production so the copy service would know were to start. (See Exh. E, E-mails to/from William E. Bradley to Habibah Tamraz). However, we received no documents that week. Finally, on Friday, July 11, 2003, after the close of business, we voiced our objections to the delay in production in view of upcoming motions deadline and demanded immediate production of the requested documents. (See Exh. F, facsimile letter from William E. Bradley to D. Christopher Ohly and Joseph G. Lee). This letter was not responded to, but on Monday, July 14, 2003, our offices did receive one box of copies of materials from the now dismissed International Trade Commission (ITC) proceeding concerning the patent-in-suit, which was sent on Saturday, July 12, 2003. This box represented perhaps one-third of the documents we requested.

We expected the remainder of the documents to be received on Tuesday. However, no documents were received. We sent another letter to Plaintiff after the close of business on Tuesday, July 15, 2003, demanding the rest of the documents be produced immediately or we would contact the Court regarding Plaintiff's actions. (See Exh. G, facsimile letter from William E. Bradley to D. Christopher Ohly and Joseph G. Lee). This letter was also left unanswered. After the close of business on Wednesday, it was determined that we had no choice but to contact the Court in morning. This letter ensued.

unanswered. After the close of business on Wednesday, it was determined that we had no choice but to contact the Court in morning. This letter ensued.

Given that the delivery of any documents with one business day remaining before the due date for dispositive motions will be of little help at this time, Defendants ask that Your Honor compel the production of the remaining documents and catalogues at Plaintiff's expense and tax costs for Defendants' travel to New York, the time spent reviewing the documents, and the time spent pursuing their production. Defendants also ask the Court's indulgence in the event supplementation to any motions is necessary in view of any probative information contained in the documents.

Very truly yours,

Maurice U. Cahn, Esq.
Counsel for Defendants

Enclosures

cc: D. Christopher Ohly, Esq.