**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LEVITON MANUFACTURING, INC. | ) | |
| | ) | |
| (Plaintiff) | ) | |
| vs. | ) | 01CV3855 AMD |
| | ) | |
| UNIVERSAL SECURITY INSTRUMENTS, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| USI ELECTRIC, INC. | ) | |
| | ) | |
| (Defendants) | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT TWO (TRADE DRESS)

Defendants, Universal Security Instruments, Inc. and USI Electric, Inc. (hereafter collectively referred to as "USI"), through their attorneys, file this Motion for Summary Judgment under Fed. R. Civ. P. 56 to dismiss Count Two of the Amended Complaint.

This Motion is not dispositive of the entire proceeding but has been filed to narrow issues and simplify trial by reducing the number of issues required to be heard by the fact finder.

Under the facts of the instant litigation, Defendants are entitled to Summary Judgment that Plaintiff has failed as a matter of law to support Count Two of the Amended Complaint by failing to adequately identify the alleged trade dress, by failing to provide any proof of distinctiveness of its alleged Ground Fault Circuit Interrupters (GFCI's) configuration, and by failing to provide any evidence supporting the non-functionality of the alleged product configuration trade dress. As a matter of law and undisputable fact, there is no evidence that the alleged, albeit specifically undefined,

1

GFCI configuration is inherently distinctive and capable of qualifying for trade dress protection.

Defendants are entitled to Summary Judgment as to Count Two for at least five reasons: 1) Leviton has failed to specify the GFCI configuration (or a particular set of discrete features thereof) that comprise the alleged trade dress; 2) Leviton has failed to provide proof of distinctiveness or secondary meaning of its alleged GFCI trade dress; 3) Leviton has failed to produce evidence demonstrating that the alleged trade dress is non-functional; 4) Leviton's overall GFCI configuration is contained in utility patents; and 5) by its own actions, the Leviton GFCI configuration is not exclusive to Leviton.

For its motion, in addition to the pleadings on file and the Docket of this Court, Defendants rely on the following Exhibits:

Exhibit 1 – Leviton's Initial Disclosures under Fed R. Civ. P 26(a)(1)

Exhibit 2 – Leviton's Responses to Defendants' First Set of Interrogatories (1-2)

Exhibit 3 – Leviton's Responses to Defendants' Second Set of Interrogatories

Exhibit 4 – December 30, 2002 Notice of 30(b)(6) Deposition

Exhibit 5 – Excerpts From Leviton's 30(b)(6) Deposition [1]

Exhibit 6 – Declaration of Philip G. Hampton, II

Also for its motion, Defendants rely on the attached Memorandum of Points and Authorities and the pleadings and proceedings to date.

---

[1]  The entire Transcript was designated Confidential by Plaintiff (See page 3).

A proposed ORDER consistent with the relief requested, dismissal of Count Two of the Amended Complaint, is attached.

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS, INC.
USI ELECTRIC, INC.

By: _____
Maurice U. Cahn, Esq.
Frederick N. Samuels, Esq.
William E. Bradley, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW
Suite 200
Washington, D.C. 20036
(202) 331-8777
Counsel for Defendants

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LEVITON MANUFACTURING, INC.     )
    )
    (Plaintiff)     )
       vs.     )     01CV3855 AMD
    )
UNIVERSAL SECURITY INSTRUMENTS, INC.)
    )
    and     )
    )
USI ELECTRIC, INC.     )
    (Defendants)     )

### ORDER & JUDGMENT

Upon consideration of Defendants' Motion for Summary Judgment, the evidence attached thereto, Plaintiff's Opposition thereto, and the record before this Court, and finding that there are no genuine disputes concerning the material facts necessary to render judgment as a matter of law, and finding that as a matter of law that the Plaintiff has failed to identify or demonstrate entitlement to any configuration trademark/trade dress rights for, distinctiveness of, non-functionality of, or exclusive use of its Ground Fault Circuit Interrupter product line under the laws of the United States and the State of Maryland, Defendants are entitled to Summary Judgment as to Count Two of Leviton's Amended Complaint.

Therefore, on this _____ day of _____ 2003, summary judgment is GRANTED against Plaintiff and in favor of Defendants to the extent that Count Two of the Amended Complaint and that count is hereby DISMISSED, with prejudice, as a matter of law.

_____
Judge, United States District Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

LEVITON MANUFACTURING, INC.          )
                                     )
            (Plaintiff)              )
       vs.                           )          01CV3855 AMD
                                     )
UNIVERSAL SECURITY INSTRUMENTS, INC.)
                                     )
and                                  )
                                     )
USI ELECTRIC, INC.                   )
            (Defendants)             )

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT TWO (TRADE DRESS)

**Filed Under Seal**

**Pursuant to Protective Order**

# Table of Contents

STATEMENT OF THE CASE                                                                    1

 STATEMENT OF UNDISPUTED MATERIAL FACTS                                                  2

The Parties                                                                              2

The Pleadings                                                                            2

Discovery                                                                                4

Leviton Does Not Have a Federal Registration for GFCI Configuration Trade Dress         9

Leviton' Utility Patents Disclose a GFCI Configuration as Part of an Invention          9

SUMMARY OF THE ARGUMENTS                                                                10

ARGUMENT                                                                                11

I.    Standards for Granting Summary Judgment                                          11

II.   Leviton Has Not and Cannot Sustain its Burden                                    12

      Leviton Has Failed To Describe The Subject Matter Of Its Alleged Trade Dress     12

      Leviton Has Failed To Provide Evidence of Distinctiveness, Secondary Meaning or
      Non-Functionality of the Alleged Configuration Trade Dress                       13

      Leviton's GFCI Configuration is Subject to a Utility Patent                      15

      By Private Labeling for others, Leviton Cannot Support Exclusive Use of the GFCI
      Configuration                                                                    15

      Even a Former Commissioner of Trademarks, Cannot Deduce the Basis for Leviton's
      Claim of Trade Dress Protection of Leviton's GFCI Configuration                  16

CONCLUSION                                                                             16

## Cases

*Ashley Furniture Indus. v. Sangiacomo N.A.*, 187 F.3d 363 (4th Cir. 1999) ...................... 12

*Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552,  91 L.Ed2d 265 (1986)* ........................... 11

*Cray Communications v. Novatel Computer Systems, Inc.*, 33 F.3d 390, 392-3 (4th Cir.

    1994) .................................................................................................................... 11

*Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844 (1982) ................................................ 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .......................... 11

*Perini Corp. v. Perini Constr.*, 915 F.2d 121 (4th Cir. 1990) ......................................... 13, 14

*Shaw v. Stroud*, 13 F.3d 791 (4th Cir.), *cert. denied*, 513 U.S. 813 (1994)....................... 12

***TrafFix Devices, Inc. v. Marketing Displays, Inc., 532 U.S. 23 (2001)*** .................... 13, 15

*Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992) ....................................... 12, 13

U.S. Search, LLC v. U.S. Search.com, Inc., *300 F.3d 517 (4th Cir. 2002*.............. 14, 15, 16

*United States v Diebold,* 369 U.S. 654 (1962) ................................................................... 11

*Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205 (2000)............................... 12, 13

## Statutes

15 U.S.C.S. § 1125(a)(3) ..................................................................................................... 13

35 U.S.C. §1052(f)............................................................................................................... 16

## Rules

Fed. R. Civ. P. 26(a)(1).......................................................................................................... 4

Fed. R. Civ. P. 26(a)(2).......................................................................................................... 4

Fed. R. Civ. P. 26(a)(3).......................................................................................................... 4

Fed. R. Civ. P. 56(c) ............................................................................................................ 11

Fed. R. Civ. Pro. 56 ............................................................................................................... 1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

LEVITON MANUFACTURING, INC.  )
                             )
          (Plaintiff)        )
    vs.                      )      01CV3855 AMD
                             )
UNIVERSAL SECURITY INSTRUMENTS, INC.)
                             )
and                          )
                             )
USI ELECTRIC, INC.           )
          (Defendants)       )

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT TWO (TRADE DRESS)

This memorandum by Defendants, Universal Security Instruments, Inc. and USI Electric, Inc. (collectively "USI"), is filed in support of their Motion for Summary Judgment under Fed. R. Civ. Pro. 56 as to Count Two of the Amended Complaint.

### STATEMENT OF THE CASE

In Count Two, Plaintiff accuses USI of trademark infringement/unfair competition based on alleged copying of a configuration of Ground Fault Circuit Interrupt (GFCI) product line that it sells.

In the Amended Complaint, Plaintiff did not specify any particular feature or combination of features that it considers proprietary configuration trade dress. Plaintiff has only alleged that its trade dress comprised the overall configuration of its GFCI. Since then, through the close of discovery and thereafter, Plaintiff has not identified its alleged trade dress or what features comprise the trade dress. Moreover, Plaintiff has provided no evidence that its GFCI configuration is non-functional and is distinctive (e.g., has acquired secondary meaning), which is its burden in this litigation. Additionally, as best as any trade dress can be discerned, Plaintiff's GFCI configuration is depicted, described, and claimed

in utility patents issued to Plaintiff (e.g., US 4,595,894 attached to the Complaint.)

Furthermore, Plaintiff has not used the configuration exclusively in commerce.

Consequently, as a matter of law and the facts as established in this case, Plaintiff has

failed to meet its burden and Count Two is now ripe for summary dismissal.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

**The Parties**

1.    Plaintiff, Leviton Manufacturing Co., Inc., (hereinafter "Plaintiff" or "Leviton")

is a Delaware corporation with its principal place of business in Little Neck, New York.

Amended Complaint ¶4.

2.    Defendants Universal Security Instruments, Inc. and USI Electric, Inc.

(hereinafter collectively referred to as "Defendants" or "USI") are Delaware corporations

with their principal places of business in Owings Mills, Maryland.

**The Pleadings**

3.    On September 21, 2001 Leviton sued USI in this Court for patent and trade

dress infringement (Civil Action MJG-1-CV-2789). That action was voluntarily dismissed

by Leviton on November 01, 2001.

4.    On December 13, 2001, Leviton again sued USI for patent and trade dress

infringement, wherein the alleged trade dress comprised a configuration of a GFCI.

5.    Count Two of the Complaint was dismissed, without prejudice, by order of

this Court dated April 5, 2002 for failing to allege that the asserted configuration was non-

functional. The Court declined to rule, before the conduct of discovery on a prospective

Amended Complaint, that Count 2 (trade dress) was defective as a matter of law:

> The Court: I am not particularly concerned about the trademark claim,
> because I am reasonably certain that there is going to have to be some

2

discovery on that, although, of course, I will be glad to hear from the defendant.  Page 3 April 4, 2002 Hearing Transcript.

6.    On April 22, 2002, Plaintiff filed an Amended Complaint amplifying Count

Two to aver that the trade dress was not functional.

7.    In the Amended Complaint, Leviton asserted that it is the owner of:

"[T]rademark rights, including trade dress rights, in the well-known and non-functional appearance and arrangement of the elements of the face of its ground fault circuit interrupter product line."  Amended Complaint, ¶ 8.

8.    The Amended Complaint continues, alleging that:

"[T]he purchasing public has come to recognize the well known and non-functional appearance and arrangement of Leviton's ground fault circuit interrupter product line, and associate said appearance and arrangement with Leviton as the source of such products. Amended Complaint, ¶ 9.

9.    In Paragraph 10 of the Amended Complaint, Leviton alleges:

"The well known and non-functional appearance and arrangement of Leviton's ground fault circuit interrupter has acquired secondary meaning in that the purchasing public, when seeing said appearance and arrangement, believes products having said appearance and arrangement are products of Leviton's manufacture, quality standards, control standards, and have originated with Leviton."

10.    Later in the Amended Complaint, Leviton's alleged violations by USI

comprise "marketing of products utilizing the trade dress and appearance of Leviton's

ground fault circuit interrupter products" (Complaint  ¶ 18) and that USI "unlawfully utilized

the trade dress and trademark and appearance design" (Complaint  ¶ 19).

11.    In its prayer for relief, Plaintiff seeks an injunction against USI

"selling products having the trade dress, appearance and/or design of the elements exhibited by Leviton's ground fault circuit interrupters..."

3

**Discovery**

<u>INITIAL DISCLOSURES</u>

12.    July 15, 2002, Leviton served its Initial Disclosures under Fed. R. Civ. P. 26(a)(1) on USI (See Exhibit 1 attached to the motion).

13.    The initial disclosures did not provide any trade dress identity information. No specifics were contained in the disclosure under Fed. R. Civ. P. 26(a)(2) as to the types of evidence in support of Count Two other than a general reference to "Certain of Leviton's sales records", "Certain of Leviton's advertising and marketing records" and "Other documents regarding the Ground Fault Circuit Interrupter industry."

14.    Lastly, Leviton did not provide a basis for computing damages for the alleged trade dress infringement under Fed. R. Civ. P. 26(a)(3).

<u>INTERROGATORY RESPONSES</u>

15.    On September 10, 2002, USI served interrogatories on Leviton seeking specific identification of the "arrangement of elements of the face of the ground fault circuit interrupter product line" and clarification of what Leviton claimed to be its trademark/trade dress rights.

16.    Interrogatory 1 reads:

State all facts that Plaintiff believes supports its contention and describe in detail what constitutes the "well known and non-functional appearance and arrangement" that Plaintiff alleges "has acquired secondary meaning" in respect to the purchasing public referred to paragraph 10 of the Amended Complaint.

17.    Interrogatory 2 reads:

Describe in detail precisely what comprises the trade dress and trademark and appearance design referred to paragraph 19 of the Amended Complaint and, if different from that asserted in paragraph 19, the trade dress referred to in paragraph 18, upon which Leviton asserts relief can be granted.

4

18.    On October 15, 2002 Leviton served its Objection and Response to

Interrogatory 1 (See Exhibit 2 attached to the motion):

> Leviton objects to this contention interrogatory insofar as discovery in this
> case is in its preliminary stages and the defendants, Universal Security
> Instruments, Inc. and USI Electric Inc. have not provided complete samples
> of their GFCI products marketed in the United States.
> Leviton further objects to this interrogatory on the ground that it seeks
> information immune from discovery under the attorney-client privilege and/or
> work product immunity. Subject to these Objections, and the General
> Objections, Leviton states that upon information and belief, its GFCI product
> line including Catalog No. 6599, which has been marketed in the United
> States for over fifteen years now, with sales in the United States of over $1.5
> billion, has become well known by its non-functional appearance and
> arrangement, including but not limited to its size, shape,
> arrangement of visible parts, texture and graphics. The purchasing public,
> including electrical distributors, professional electricians, as well as ultimate
> consumers have come to recognize the well known and non-functional
> appearance and arrangement of Leviton's ground fault circuit
> interrupter product line and associate said appearance and arrangement with
> Leviton as the source of such products. Further, the well known and non-
> functional appearance and arrangement of Leviton's ground fault circuit
> interrupter has acquired secondary meaning, i.e., the public has come to
> recognize the trade dress as associated with Leviton's GFCI product line and
> USI's GFCI product line is likely to confuse or mislead purchasers and
> ultimate consumers, either by causing them to think that the defendants'
> products are Leviton's products or by causing the public to
> think that the two products come from the same source, or that defendants
> are licensees of Leviton who are commercializing USI's accused product line
> with the authority and/or approval of Leviton, all of which are not the case.
> Subject to the foregoing objections, Leviton will supplement its Interrogatory
> response following the completion of further discovery, specifically the
> production by defendants of samples of all of their accused infringing GFCI
> products; and pursuant to Rule 33(c), Leviton will produce for inspection, at a
> mutually convenient time for the parties and their respective counsel,
> documents including photographs, marketing materials, catalogs, and
> brochures to supplement this response.

19.    Leviton's Answer to Interrogatory 2, similarly targeted to identify the alleged

trade dress reads:

> Leviton hereby repeats and incorporates its response to Interrogatory No.1
> herein, as if herein fully set forth again.  (See Exhibit 2)

5

20.    Leviton did not provide any supplementation or updates to those interrogatory answers.

21.    In response to Interrogatory 5 contained in USI's second set of Interrogatories, reading:

> Describe in detail when and how Leviton's alleged trade dress acquired secondary meaning as the primary signifier of source to the relevant consuming public.

On November 18, 2002, Leviton stated:

> Leviton objects to this Interrogatory as duplicative of Defendants' Interrogatory No. 1 and hereby incorporates its prior response to Interrogatory No. 1, as if fully set forth herein. Subject thereto, responsive documents or materials believed to contain the requested information will also be made available for inspection at Leviton's corporate facilities where said documents are maintained in the ordinary course of business by Respondent, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. It is presently believed that one or more documents which may contain this requested information may be located on the first floor conference room at Leviton's corporate headquarters located at 59-25 Little Neck Parkway, Little Neck, NY 11362.

22.    Leviton did not provide any supplementation or updates to this interrogatory answer.

## 30(b)(6) DEPOSITION TESTIMONY

23.    USI took Leviton's 30(b)(6) deposition. The *ad testificatum* portion of that deposition notice (Exhibit 4), identified the following topics for inquiry:

> 2. Correspondence or other communication, including but not limited to, settlement agreements, between Leviton or a person acting on Leviton's behalf and any other person concerning ... any asserted trade dress rights in GFCI devices.

6

3. Catalogues, advertisements, marketing and promotional materials, brochures, flyers, publications, books, videos or other written materials that relate to any of Leviton's GFCI devices alleged to possess the trade dress asserted in the present litigation.

4. The conception, development, reduction to practice, design, construction, components, manufacture, use and sale of Leviton's GFCI products...alleged to possess the trade dress asserted in the present litigation.

...

18. Leviton's alleged trade dress configuration alleged to be infringed in the present suit.

The *duces tecum* portion of the notice (Exhibit 4) required Leviton to produce the

following documents at the Deposition:

5. All evidence Leviton relies upon and intends to submit in support of its allegations of the existence of a protectable trade dress and the infringement of the alleged trade dress by USI.

24. No objection was issued by Leviton but no documents were produced by

Leviton at the deposition.

25. In response to inquiry about the identity and/or nature of the alleged trade

dress, Leviton testified at Transcript Page 71 (See Exhibit 5 attached to the motion):

```
3      Q.   Can you tell me what Leviton's trade
4    dress in its GFCI's consists of?
```
**REDACTED**

Leviton testified at Transcript Pages 138-139:

```
16     Q.   Has Leviton ever advertised or pointed
17   out the differences in the configuration of its
18   GFCI's from its competitors based on outward
19   appearance?
20        MR. SUTTON:  Objection.  Assumes that
21   that's necessary.
22   A.   REDACTED
23   Q.   The shape of it, size of it, color of it.
24        MR. SUTTON:  The overall appearance?
```

7

25        MR. BRADLEY:  The overall appearance.
1             Campolo - Confidential        139
2     A.

**REDACTED**

5     Q.   And your competitors.
6     A.   **REDACTED**

26.    The following testimony was given at pages 77-78, in response to a question

about a Leviton product information sheet with pictures of GFCI's:

7     Q.   What is Exhibit 15?
8     A.   **REDACTED**
9     Q.   How would you describe this document?
10    A.   **REDACTED**
11    Q.   Is it an advertisement, is it fair to
12  call it an advertisement?
13    A **REDACTED**
14    Q.   On the first page there are six GFCI's,
15  correct?
16    A.   **REDACTED**.
17    Q.   Do you know if any of these GFCI's on the
18  product have a patent number marked on them?
19    A.   **REDACTED**
20    Q.   Do you know if these GFCI's have the name
21  Leviton on them anywhere?
22    A.   **REDACTED**
23    Q.   Where would that be?
24    A.   **REDACTED**
25    Q.   Which ones of these GFCI's have the trade
1             Campolo - Confidential        78
2  dress that Leviton's asserting in this lawsuit?
3        MR. SUTTON:  Objection.
4     A.   **REDACTED**

27.    **REDACTED**.

28.    Leviton has not distinguished its GFCI configuration from that of its

competitors.  **REDACTED**:

16    Q.   Has Leviton ever advertised or pointed
17  out the differences in the configuration of its
18  GFCI's from its competitors based on outward
19  appearance?

8

```
20        MR. SUTTON:  Objection.  Assumes that
21    that's necessary.
22    A.    REDACTED
23    Q.    The shape of it, size of it, color of it.
24        MR. SUTTON:  The overall appearance?
25        MR. BRADLEY:  The overall appearance.
 1          Campolo - Confidential        139
 2    A.  REDACTED

 5    Q.    And your competitors.
 6    A.    REDACTED.
```

29.    Leviton was not aware of articles in the press concerning alleged

configuration trade dress:

```
14    Q.    Okay.  Have any press articles been
15    written about Leviton's trade dress?
16        MR. SUTTON:  The witness is taking a long
17    time.  Please don't guess, sir.
18    A.    REDACTED
```

**Absence of Rule 26 (A)(2) or (B)(4) Expert Testimony**

30.    Leviton did not identify any expert witness in support of Count Two and did

not provide any expert testimony in support of that count.

**Leviton Does Not Have a Federal Registration for GFCI Configuration Trade Dress**

31.    Leviton does not have a trademark registration on the principal register of the

USPTO for the alleged configuration trade dress.

**Leviton' Utility Patents Disclose a GFCI Configuration as Part of an Invention**

32.    Leviton's US Patent 4,595,894, attached to the Amended Complaint,

includes as Figure 1, a GFCI configuration that appears to comprise the asserted

configuration:

9



FIG. I

## SUMMARY OF THE ARGUMENTS

In Count Two, Plaintiff accuses Defendants of trade dress infringement /unfair competition based on alleged copying of the configuration of its Ground Fault Circuit Interrupters (GFCI). Leviton, however, a) does not have a registration for the alleged trade dress, b) has not identified what constitutes the alleged non-functional and distinctive trade dress, c) has not provided proof of non-functionality of its alleged configuration trade dress, d) has not produced any direct or indirect evidence of secondary meaning or acquired distinctiveness, e) has not provided any advertising specific to the alleged configuration trade dress, f) has not produced any evidence of recognition by the trade, g) has not provided any survey evidence or any evidence representing consumer recognition of the alleged configuration trade dress, or for that matter to specify the class of consumers of

10

the alleged configuration trade dress, and h) has provided no expert testimony in support of acquired distinctiveness.

As part of its Amended Complaint, Leviton also produced a utility patent containing and claiming a GFCI of the alleged trade dress configuration.

Thus, Leviton cannot sustain Count Two for configuration trade dress infringement as a matter of law, and Count Two is ripe for summary judgment.

## **ARGUMENT**

### I.    **Standards for Granting Summary Judgment**

Under Rule 56 of the Federal Rules of Civil Procedure, Summary Judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Cray Communications v. Novatel Computer Systems, Inc.*, 33 F.3d 390, 392-3 (4th Cir. 1994). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case (a material fact) and upon which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

All reasonable inferences drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The court must resolve all doubts as to facts or the existence of facts against the moving party. *United States v Diebold,* 369 U.S. 654 (1962). And yet, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no `genuine issue for trial.'" *Id.* at 587.

11

The opposing party must demonstrate that a triable issue of fact exists; the party may not rest upon mere allegations or denials. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). However, a mere scintilla of evidence supporting the case is insufficient. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.), *cert. denied*, 513 U.S. 813 (1994).

## II.    Leviton Has Not and Cannot Sustain its Burden

To prove a case of trade dress infringement, a party must demonstrate that (1) its trade dress is primarily non-functional; (2) the alleged infringement creates a likelihood of confusion; and, (3) the trade dress either (a) is inherently distinctive, or (b) has acquired a secondary meaning. See *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 769, 112 S. Ct. 2753 (1992); *Ashley Furniture Indus. v. Sangiacomo N.A.*, 187 F.3d 363, 368 (4th Cir. 1999). In the case of a product configuration however, a claimant cannot rely on inherent distinctiveness and must prove that the configuration has acquired distinctiveness. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.,* 529 U.S. 205, 120 S. Ct. 1339 (2000). "[E]ven the most unusual of product designs ... is intended not to identify the source, but to render the product itself more useful or more appealing," so that product design cannot be inherently distinctive. 529 U.S. at 211-12, 213. In this case, regardless of the identity of its alleged product configuration trade dress, Leviton has not produced a shred of evidence that supports that its GFCI configuration has acquired distinctiveness.

## Leviton Has Failed To Describe The Subject Matter Of Its Alleged Trade Dress

Throughout the entirety of this case, Leviton never identified its alleged trade dress. Leviton's testimony, being confined to **REDACTED** did not serve to provide any more specific information or enlightenment as to the identity and/or nature of the alleged trade dress. **REDACTED** . Leviton's Interrogatory responses were no more helpful. (See

12

Exhibits 2 and 3, Responses to Interrogatories 1, 2, and 5) Leviton has utterly failed to delineate the metes and bounds of what it considers to be its trade dress and has failed to distinguish its alleged trade dress from other GFCI configurations.

## Leviton Has Failed To Provide Evidence of Distinctiveness, Secondary Meaning or Non-Functionality of the Alleged Configuration Trade Dress

Leviton has the burden to establish the non-functionality and distinctiveness of the unregistered alleged trade dress features. Section 43(a) of the Lanham Act requires that a party claiming trade dress protection has the burden of proving that the matter sought to be protected is not functional. *See* 15 U.S.C.S. § 1125(a)(3); *TrafFix Devices, Inc. v. Marketing Displays, Inc.,* 532 U.S. 23, 32 (2001). The alleging party must also demonstrate that the alleged trade dress is distinctive either "inherent," that is, the "intrinsic nature [of the trade dress] serves to identify a particular source," *Wal-Mart.,* 529 U.S. 205, 210 (2000) (citing *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768 (1992)), or "acquired," i.e., the trade dress has acquired a "secondary meaning" whereby the public views its "primary significance . . . as identifying the source of the product rather than the product itself," 529 U.S. at 211 (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 851 n.11 (1982)).

The quantum of evidence to support proof of secondary meaning "entails vigorous evidentiary requirements." *Perini Corp. v. Perini Constr.,* 915 F.2d 121, 125 (4th Cir. 1990). Leviton did not identify any materials that demonstrate any alleged GFCI trade dress was distinctive, or had acquired secondary meaning. Leviton produced no advertising materials directed to any particular trade dress or configuration of its GFCI products. (See Exhibit 5, Leviton Deposition Excerpts pgs. 77-78). Leviton has provided no evidence

13

relating to distinctiveness of any particular GFCI configuration and the non-functionality of such a configuration. Though no single factor is determinative, the following factors are relevant to the question of secondary meaning: 1) advertising expenditures, 2) consumer studies linking the mark to a source, 3) sales success, 4) unsolicited media coverage of the product, 5) attempts to plagiarize the mark, and 6) the length and exclusivity of the mark's use. *U.S. Search, LLC v. U.S. Search.com, Inc.,* 300 F.3d 517, 525, 63 U.S.P.Q.2d 2013 (4th Cir. 2002) *citing Perini, supra.* Leviton did not produce any consumer testimonials attesting to acquired distinctiveness (or for that matter even identify what group or groups of purchasers constitute its GFCI "consumers"). (See Exhibits 1 and 3, Leviton's Response to Interrogatories 1, 2, and 5 and Exhibit 5 pages 70-73). Leviton did not produce any survey evidence. Indeed, no evidence exists that Leviton expended any effort to have the public associate any alleged GFCI configuration with it as the GFCI source. (See Exhibit 5, Leviton Deposition Excerpts pgs. 69, 138-139).

It is true that secondary meaning (acquired distinctiveness) may also be proven through circumstantial evidence, specifically the length and manner of the use of the trade dress, the nature and extent of advertising and promotion of the trade dress, and the efforts made to promote a conscious connection by the public between the trade dress and the product's source. *See U.S. Search, LLC.* However, in this case there has been no evidence adduced by Leviton to support secondary meaning.

14

**Leviton's GFCI Configuration is Subject to a Utility Patent**

Leviton produced no evidence to combat functionality of the GFCI configuration illustrated in Figure 1 of the U.S. Patent 4,595,894. (See Exhibit 1 attached to the Amended Complaint). A utility patent is strong evidence that the features therein claimed are functional, i.e. unprotectable under trademark law. *TrafFix*, 532 U.S. 29 (2001).[1]

A utility patent owner cannot maintain a trade dress cause of action based on subject matter that is described and claimed in a utility patent.

> The Lanham Act [the Federal Trademark Law] does not exist to reward manufacturers for their innovation in creating a particular device; that is the purpose of the patent law and its period of exclusivity. The Lanham Act, furthermore, does not protect trade dress in a functional design simply because an investment has been made to encourage the public to associate a particular functional feature with a single manufacturer or seller.

*Id at 1262.*

In summary, the configuration and component placement of Leviton's GFCI is the subject matter of a utility patent. In view of any evidence to the contrary, Leviton cannot sustain a cause of action under Federal trademark law.

**By Private Labeling for others, Leviton Cannot Support Exclusive Use of the GFCI Configuration**

Leviton's evidence falls well short as to another of the "tests" of configuration trade dress protection and, indeed, is contrary to the existence of such protection. Exclusive use of a product configuration is evidence supporting trade dress protection. *U.S. Search, LLC., supra*

---

[1] For this analysis, Defendants equate Federal and Maryland trademark law. The parameters of Federal and Maryland Trademark/Unfair Competition Law are substantially the same. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, FN3, (4th Cir. 1990*); HQM, Ltd. v. Hatfield,* 71 F. Supp.2d 500, 505 (D. Md. 1999).

15

**REDACTED**

Leviton's own private labeling of GFCIs for others betrays any notion of exclusivity to the configuration.

### Even a Former Commissioner of Trademarks, Cannot Deduce the Basis for Leviton's Claim of Trade Dress Protection of Leviton's GFCI Configuration

The former Commissioner of Trademarks at the USPTO  Philip G. Hampton II,  in reviewing the materials and discovery in this case has opined that on this record, Leviton could not have any protectable rights and, indeed, could not even satisfy basic requirements under 35 U.S.C. §1052(f) for configuration trade mark registration in the USPTO. (See Exhibit 6).   In contrast to such potent expert testimony, Leviton has offered nothing.

### CONCLUSION

Here, even taking all inferences in the light most favorable to Leviton, Leviton has not produced and, indeed, cannot adduce evidence required to meet its burden.  Although unusual in the context of a trademark case involving the factually intensive issue of distinctiveness, under the evidence and facts of this particular case, or more precisely, the absence of any evidence supporting Plaintiff's configuration trade dress claim, Summary Judgment dismissing Count Two is proper.  *See  U.S. Search, LLC; Ashley Furniture Indus.*

Consistent with the foregoing, Defendants urge this Court grant the requested relief and grant Summary Judgment dismissing Count Two of the Amended Complaint in its entirety, with prejudice.  A proposed Order consistent with such relief is attached hereto.

16

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS, INC.
USI ELECTRIC, INC.

By:_____

    Maurice U. Cahn, Esq.
Frederick N. Samuels, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777

17