UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

------------------------------------------------------------------X
LEVITON MANUFACTURING CO., INC.,                )
                                                )
                    Plaintiff,                  )
                                                )   Civil Action No. 01 CV 3855 AMD
            vs.                                 )
                                                )
UNIVERSAL SECURITY                              )
INSTRUMENTS, INC., *et al.*                     )
                                                )
                    Defendants.                 )
------------------------------------------------------------------X

**PLAINTIFF LEVITON'S FIRST RESPONSES
TO DEFENDANTS' FIRST SET OF
INTERROGATORIES (NOS. 1-2) TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Leviton Manufacturing Company, Inc. ("Leviton") hereby responds to Defendants', Universal Security Instruments, Inc.'s and USI Electric Inc.'s ("USI's") First Set of Interrogatories (Nos. 1-2). Leviton reserves the right to amend and/or supplement the following responses as discovery continues in this action.

**GENERAL OBJECTIONS**

1.   Leviton objects to the Interrogatories to the extent they purport to seek information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection. In all instances, Leviton intends to preserve the claim of attorney-client privilege, work product immunity or any other applicable privilege or immunity to the fullest extent to which it is applicable. Nothing contained in these responses is intended to, or in any way shall be deemed, a waiver of any such available privilege or immunity. Leviton does not intend to produce any document in response to an Interrogatory that is subject to a claim

of attorney-client privilege, work product immunity or any other applicable privilege or immunity.

2. Leviton's responses to the Interrogatories are not to be construed as a waiver of any rights, privileges, or objections available to Leviton. Furthermore, Leviton's responses shall not be deemed as an admission of relevance, materiality, or admissibility into evidence of any information provided in responding to the Interrogatories.

3. Leviton objects to the asserted "Definitions" to the extent said "Definitions" seek to require that Leviton provide a privilege list, and any other document or information concerning privileged documents, and information concerning documents no longer in the possession, custody or control of Leviton, or otherwise beyond that required by the Federal Rules of Civil Procedure.

4. Leviton objects to the Definitions and Interrogatories to the extent they purport to impose duties on Leviton broader than those imposed by the Federal Rules of Civil Procedure. In responding to each of the Interrogatories, Leviton is providing only such information as is required and proper under the Federal Rules of Civil Procedure and the Local Rules of this Court.

5. Leviton objects to providing information or documents containing trade secrets and other confidential and proprietary information. Leviton will reconsider this objection after a suitable stipulated protective order is entered into between the parties.

6. Leviton reserves the right to supplement its responses to the Interrogatories after further investigation and/or as discovery continues in this action.

## RESPONSES AND SPECIFIC OBJECTIONS

### INTERROGATORY NO. 1

1. State all facts that Plaintiff believes supports its contention and describe in detail what constitutes the "well known and non-functional appearance and arrangement" that Plaintiff alleges "has acquired secondary meaning" in respect to the purchasing public referred to in paragraph 10 of the Amended Complaint.

### RESPONSE TO INTERROGATORY NO. 1:

Leviton objects to this contention interrogatory insofar as discovery in this case is in its preliminary stages and the defendants, Universal Security Instruments, Inc. and USI Electric Inc. have not provided complete samples of their GFCI products marketed in the United States. Leviton further objects to this interrogatory on the ground that it seeks information immune from discovery under the attorney-client privilege and/or work product immunity. Subject to these Objections, and the General Objections, Leviton states that upon information and belief, its GFCI product line including Catalog No. 6599, which has been marketed in the United States for over fifteen years now, with sales in the United States of over $1.5 billion, has become well known by its non-functional appearance and arrangement, including but not limited to its size, shape, arrangement of visible parts, texture and graphics. The purchasing public, including electrical distributors, professional electricians, as well as ultimate consumers have come to recognize the well known and non-functional appearance and arrangement of Leviton's ground fault circuit interrupter product line and associate said appearance and arrangement with Leviton as the source of such products.

Further, the well known and non-functional appearance and arrangement of Leviton's ground fault circuit interrupter has acquired secondary meaning, i.e., the public has come to

recognize the trade dress as associated with Leviton's GFCI product line and USI's GFCI product line is likely to confuse or mislead purchasers and ultimate consumers, either by causing them to think that the defendants' products are Leviton's products or by causing the public to think that the two products come from the same source, or that defendants are licensees of Leviton who are commercializing USI's accused product line with the authority and/or approval of Leviton, all of which are not the case.

Subject to the foregoing objections, Leviton will supplement its Interrogatory response following the completion of further discovery, specifically the production by defendants of samples of all of their accused infringing GFCI products; and pursuant to Rule 33(c), Leviton will produce for inspection, at a mutually convenient time for the parties and their respective counsel, documents including photographs, marketing materials, catalogs, and brochures to supplement this response.

### INTERROGATORY NO. 2

2.      Describe in detail precisely what comprises the trade dress and trademark and appearance design referred to in paragraph 19 of the Amended Complaint and, if different from that asserted in paragraph 19, the trade dress referred to in paragraph 18, upon which Leviton asserts relief can be granted.

### RESPONSE TO INTERROGATORY NO. 2:

Leviton hereby repeats and incorporates its response to Interrogatory No. 1 herein, as if herein fully set forth again.

As to the foregoing objections:

Dated: October 15, 2002

Respectfully submitted,

_/s/_

Paul J. Sutton
Barry G. Magidoff
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, New York  10022
Telephone:  (212) 848-1000
Facsimile:  (212) 688-2449

John C. Dougherty (Fed. Bar No. 10462)
Hugh J. Marbury (Fed. Bar No. 24653)
PIPER RUDNICK, LLP
6225 Smith Avenue
Baltimore, Maryland  21209-3600
Telephone:  (410) 580-3000
Facsimile:  (410) 580-3001

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via regular mail this 15th day of October 2002 to: Maurice V. Cahn, CAHN & SAMUELS, LLP, 2000 P Street, NW, Suite 200, Washington, DC 20036.

By: _____
Joseph G. Lee
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, NY 10022
Telephone: (212) 801-2100
Facsimile: (212) 688-2449