IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

-----------------------------------------------------------------X
LEVITON MANUFACTURING CO., INC.,            )
                                            )
            Plaintiff,                      )
                                            )   Civil Action No. 01 CV 3855 AMD
      vs.                                   )
                                            )
UNIVERSAL SECURITY                          )
INSTRUMENTS, INC., *et al.*                 )
                                            )
            Defendants.                     )
-----------------------------------------------------------------X

### PLAINTIFF LEVITON'S RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES (3-15) TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Leviton Manufacturing Company, Inc. ("Leviton") hereby responds to Defendants', Universal Security Instruments, Inc.'s and USI Electric Inc.'s ("collectively USI's") Second Set of Interrogatories (Nos. 3-15). Leviton reserves the right to amend and/or supplement the following responses as discovery continues in this action.

### GENERAL OBJECTIONS

1.      Leviton objects to the Interrogatories to the extent they purport to seek information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection. In all instances, Leviton intends to preserve the claim of attorney-client privilege, work product immunity or any other applicable privilege or immunity to the fullest extent to which it is applicable. Nothing contained in these responses is intended to, or in any way shall be deemed, a waiver of any such available privilege or immunity. Leviton does not intend to produce any document in response to an Interrogatory that is subject to a claim

of attorney-client privilege, work product immunity or any other applicable privilege or immunity.

2. Leviton's responses to the Interrogatories are not to be construed as a waiver of any rights, privileges, or objections available to Leviton. Furthermore, Leviton's responses shall not be deemed as an admission of relevance, materiality, or admissibility into evidence of any information provided in responding to the Interrogatories.

3. Leviton objects to the asserted "Instructions" to the extent said "Instructions" seek to require that Leviton provide a privilege list, and any other document or information concerning privileged documents, and information concerning documents no longer in the possession, custody or control of Leviton, or otherwise beyond that required by the Federal Rules of Civil Procedure.

4. Leviton objects to the Definitions and Interrogatories to the extent they purport to impose duties on Leviton broader than those imposed by the Federal Rules of Civil Procedure. In responding to each of the Interrogatories, Leviton is providing only such information as is required and proper under the Federal Rules of Civil Procedure and the Local Rules of this Court.

5. Leviton objects to providing information or documents containing trade secrets and other confidential and proprietary information, other than pursuant to the Stipulated Protective Order entered into between the parties.

6. Leviton reserves the right to supplement its responses to the Interrogatories after further investigation and/or as discovery continues in this action.

## RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 3:

Identify each GFCI model of Plaintiff embodying the configuration trade mark/trade dress rights referred to in paragraph 8 of the Amended Complaint and for each model, indicate the year of first sale and for each year thereafter the number of sales of each model.

### ANSWER AND OBJECTION TO INTERROGATORY NO. 3:

Leviton objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information immune from discovery under the attorney-client privilege and/or work product immunity. Subject to the General Objections, and the foregoing objections, Leviton responds that its GFCI product line, including but not limited to its GFCI Catalog Nos. 6598, 6599, 6898, and 6899, embody the configuration trademark/trade dress rights referred to in paragraph 8 of the Amended Complaint. Subject thereto, responsive documents or materials believed to contain the requested information will also be made available for inspection at Leviton's corporate facilities where said documents are maintained in the ordinary course of business by Respondent, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. It is presently believed that one or more documents which may contain this requested information may be located on the first floor conference room at Leviton's corporate headquarters located at 59-25 Little Neck Parkway, Little Neck, NY 11362.

### INTERROGATORY NO. 4:

Identify all GFCIs, whether manufactured by Plaintiff or others, embodying the configuration mentioned in paragraph 22 of the Amended Complaint and for each such GFCI, state the years of manufacture, the annual sales in dollar and unit volume of each, and the purchasers of each.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 4:**

Leviton hereby repeats and incorporates its response to Interrogatory No. 3 as if fully set forth herein.

**INTERROGATORY NO. 5:**

Describe in detail when and how Leviton's alleged trade dress acquired secondary meaning as the primary signifier of source to the relevant consuming public.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 5:**

Leviton objects to this Interrogatory as duplicative of Defendants' Interrogatory No. 1 and hereby incorporates its prior response to Interrogatory No. 1, as if fully set forth herein. Subject thereto, responsive documents or materials believed to contain the requested information will also be made available for inspection at Leviton's corporate facilities where said documents are maintained in the ordinary course of business by Respondent, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. It is presently believed that one or more documents which may contain this requested information may be located on the first floor conference room at Leviton's corporate headquarters located at 59-25 Little Neck Parkway, Little Neck, NY 11362.

**INTERROGATORY NO. 6:**

Identify all persons who are likely to have personal knowledge of any fact alleged in the Amended Complaint, and state the subject matter of the personal knowledge possessed by each such person.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 6:**

Leviton objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague and ambiguous insofar as it apparently requests that Leviton identify each and every person who Leviton believes may have knowledge concerning any of the facts in this lawsuit and that Leviton specify in detail the subject matter about which each person has knowledge. Defendants improperly seek to impose a burden on Leviton to identify each and

every person who may have knowledge about this lawsuit and to question them about their detailed knowledge. Leviton objects to this Interrogatory as premature as discovery in this case is in the preliminary stages. Leviton further objects to this Interrogatory to the extent it requests information that is immune from discovery under the attorney/client privilege and/or work product immunity.

Subject to these objections and the General Objections, Leviton states that upon information and belief, the following individuals have knowledge concerning the pertinent facts alleged in the Amended Complaint: (1) James N. Pearse; (2) Lester Rivera; (3) Dennis Oddson; (4) Steve Campolo, (5) Stephen Sokolow, each of whom is an employee and/or former employee of Leviton Manufacturing Co., Inc., located at 59-25 Little Neck Parkway, Little Neck, New York 11362, and (6) Officers, directors, employees, agents, and representatives of the defendants. In general, Mr. Pearse and Mr. Oddson are believed to have knowledge of the design and function of the patented products. Mr. Rivera has similar knowledge and is an inventor of the patented Ground Fault Circuit Interrupters. Messrs. Campolo and Sokolow have knowledge of Leviton's GFCI business. Subject to the foregoing objections, Leviton will supplement this Interrogatory response following the completion of further discovery and claims construction by the Court.

**INTERROGATORY NO. 7**:

Itemize and show how you calculate any damages claimed by you in this action, whether economic, non-economic, punitive, or other.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 7:**

Leviton objects to this Interrogatory on the ground that it is premature insofar as it seeks expert discovery and the contents of Leviton's expert reports which are not due until February 10, 2003, as outlined in the Case Management order dated September 9, 2002. Subject to this

objection and the General Objections, Leviton states that upon information and belief, Leviton is entitled to damages based upon well recognized damages theories including a reasonable royalty and/or lost profits, including but not limited to, damages based upon price erosion. Leviton will supplement this Interrogatory response following the completion of further discovery, including discovery of the nature and extent of defendants' sales.

**INTERROGATORY NO. 8:**

Identify the person or persons who developed the GFCI design for Plaintiff's GFCI models alleged to possess the configuration that Defendants are alleged to have infringed Leviton's configuration trademark rights in the GFCI design.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 8:**

Subject to the General Objections, Leviton states that James N. Pearse, Lester Rivera and Dennis Oddson of Leviton Manufacturing Company, Inc., 59-25 Little Neck Parkway, Little Neck, NY 11362, developed the design for Leviton's GFCI models. In general, Mr. Pearse and Mr. Oddson are believed to have knowledge of the design and configuration of the patented products. Mr. Rivera has similar knowledge and is the sole surviving inventor of the patented Ground Fault Circuit Interrupters. This Interrogatory in further objected to because of the vagueness and breadth of the phrase "developed the GFCI design," which is the reason why a more definite response cannot be given.

**INTERROGATORY 9:**

If you contend that the terminal disclaimer of US 4,518,945, incorporated by reference into the patent in suit, does not apply to the patent in suit, state, in detail, the factual and legal basis for your contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 9:**

Subject to the General Objections, Leviton states that there is no factual or legal basis for applying the terminal disclaimer attached to U. S. Patent No. 4,578,945.

**INTERROGATORY NO. 10:**

If you contend that Plaintiff is entitled to recover damages under 35 U.S.C. §271 for infringement of US Patent 4,595,894 by importation and sales of GFCIs prior to December 11, 2001, the date of the second certificate of correction, state, in detail, the factual and legal basis for your contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 10:**

Leviton objects to this Interrogatory as unduly burdensome, overly broad and not calculated to lead to the discovery of admissible evidence. The patent in suit is presumed valid under the patent laws of the United States and defendants bear the burden of pleading and proving invalidity of each claim by clear and convincing evidence. *See, e.g.*, 35 U.S.C. § 282; *Kegel Company, Inc. v. AMF Bowling, Inc.*, 127 F. 3d 1420, 1429 (Fed. Cir. 1997). Leviton objects to this Interrogatory on the ground that it is premature insofar as it seeks expert discovery and the contents of Leviton's expert reports which are not due until February 10, 2003, as outlined in the Case Management order dated September 9, 2002. Subject to these objections and the General Objections, Leviton states that upon information and belief, Leviton is entitled to damages based upon well recognized damages theories based upon a reasonable royalty and/or lost profits, including but not limited to, damages based upon price erosion, and that plaintiff is entitled from the time infringement began. Leviton will supplement this Interrogatory response following the completion of further discovery, including discovery of defendants' sales.

**INTERROGATORY NO. 11:**

For each witness you have retained or specially employed to testimony in this case, or employed by you whose duties regularly involve giving expert testimony and whom you expect to testify at trial, provide a complete statement of the opinions to be expressed and the basis and reasons therefor.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 11:**

Leviton objects to this Interrogatory on the ground that it is premature insofar as it seeks expert discovery and the contents of Leviton's expert reports which are not due until February

10, 2003, as outlined in the Case Management order dated September 9, 2002. Subject to the General Objections, and the foregoing objections, Leviton responds that no expert has been retained by Leviton at this time to testify at trial. Leviton reserves its right to supplement this Interrogatory in the event an expert is retained by Leviton to testify at trial.

**INTERROGATORY NO. 12:**

State the facts concerning the matters alleged in Paragraph 16 of your Amended Complaint.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 12:**

Subject to the General Objections, Leviton states that the Defendants were aware of the existence of the infringement of the '894 Patent substantially prior to the commencement of this suit and intentionally continued to infringe.

**INTERROGATORY NO. 13**:

Describe in detail the factual and legal basis for your contention in Paragraph 19 of the Amended Complaint that non-functional features comprising the configuration trademark exist and for each such feature identified, explain its origins/creation.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 13:**

Leviton objects to this Interrogatory as duplicative of Defendants' Interrogatory No. 1 and hereby incorporates its prior response to Interrogatory No. 1 as if fully set forth herein. Subject thereto, responsive documents or materials believed to contain the requested information will be made available for inspection at Leviton's corporate facilities where said documents are maintained in the ordinary course of business by Respondent, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. It is presently believed that one or more documents which may contain this requested information may be located on the first floor conference room at Leviton's corporate headquarters located at 59-25 Little Neck Parkway, Little Neck, NY 11362.

**INTERROGATORY NO. 14**:

For each witness identified by you in connection with the disclosures required by Fed. R. Civ. P 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and reasons therefor.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 14:**

Subject to the General Objections, Leviton objects that this interrogatory is premature as expert disclosures are not due until February 10, 2003 by the Case Management Order dated September 9, 2002. Leviton will supplement this Interrogatory at that time.

**INTERROGATORY NO. 15**:

Describe in detail all markings under 35 USC 287 and instructions for marking on each GFCI that constitutes the "well known and nonfunctional appearance and arrangement" that Plaintiff alleges "has acquired secondary meaning" in respect to the purchasing public referred to paragraph 10 of the Amended Complaint.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 15:**

Leviton objects to this Interrogatory as duplicative of Defendants' Interrogatory No. 1 and hereby incorporates its prior response to Interrogatory No. 1 as if fully set forth herein. Subject thereto, responsive documents or materials believed to contain the requested information will be made available for inspection at Leviton's corporate facilities where said documents are maintained in the ordinary course of business by Respondent, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. It is presently believed that one or more documents which may contain this requested information may be located on the first floor conference room at Leviton's corporate headquarters located at 59-25 Little Neck Parkway, Little Neck, NY 11362. As to the foregoing objections:

Dated: November 18, 2002

Respectfully submitted,

Paul J. Sutton
Barry G. Magidoff
Joseph G. Lee
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, NY 10022
Telephone:     (212) 801-2100
Facsimile:     (212) 688-2449

John C. Dougherty (Fed. Bar No. 10462)
Hugh J. Marbury (Fed. Bar No. 2465)
PIPER RUDNICK, LLP
6225 Smith Avenue
Baltimore, MD 21209-3600
Telephone:     (410) 580-3600
Facsimile:     (410) 580-3001

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing has been served via regular mail this 18th day of November 2002 to: Maurice V. Cahn, CAHN & SAMUELS, LLP, 2000 P Street, NW, Suite 200, Washington, DC 20036.

By: /s/ Joseph G. Lee
Joseph G. Lee
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, NY 10022
Telephone: (212) 801-2150
Facsimile: (212) 688-2449