## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC. ) | |
| ) | |
| (Plaintiff) ) | |
| vs. ) | 01CV3855 AMD |
| ) | |
| UNIVERSAL SECURITY INSTRUMENTS, ) | |
| INC. et al ) | |
| (Defendants) ) | |

### NOTICE OF TAKING DEPOSITION OF PLAINTIFF LEVITON MANUFACTURING CO., INC. PURSUANT TO RULE 30(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Universal Security Instruments, Inc. *et al.* ("USI") will take the deposition upon oral examination of Plaintiff Leviton Manufacturing Co., Inc. ("Leviton"), through one or more of its officers, directors, managing agents, or other persons who are knowledgeable and consent to testify on its behalf with respect to each of the subject matters listed in the attached Schedule A.[1]  Please take further notice, that pursuant to Rule 30(b)(5), USI requests that Leviton produce copies of documents listed in the attached Schedule B.

The deposition(s) will be oral examination before a Notary Public or other officer authorized by law to administer oaths.  The testimony will be recorded by stenographic means.  The deposition(s) shall be held at 10:00 a.m. on January 30 and 31 at the offices of Cahn & Samuels, 2000 P Street, NW, Washington, DC 20036, or at some other time and location as mutually agreed by counsel or by Court order.  The deposition(s) will continue day to day until completed.

---

[1] All terms previously defined in USI's interrogatory requests and document requests have the same definitions for the purposes of this notice.

You are invited to attend and cross-examine.

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS INC.
USI ELECTRIC, INC.

By: _____
Maurice U. Cahn, Esq.
Frederick N. Samuels, Esq.
William E. Bradley, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777

## **SCHEDULE A – DEPOSITION TOPICS**

1. The existence, location, custody and control of documents, including without limitation hard copy, e-mail and other electronic communications, concerning the subject matter of the '894 patent, the prosecution history of the '894 patent, litigations involving the '894 patent, and/or any U.S. Patent or patent application owned or assigned to Leviton relating to GFCI devices; and the guidelines, procedure and/or searches followed by Leviton in collecting and reviewing documents in response to the discovery previously served in this matter.

2. Correspondence or other communication, including but not limited to, settlement agreements, between Leviton or a person acting on Leviton's behalf and any other person concerning the '894 patent and/or any asserted trade dress rights in GFCI devices.

3. Catalogues, advertisements, marketing and promotional materials, brochures, flyers, publications, books, videos or other written materials that relate to any of Leviton's GFCI devices alleged to possess the trade dress asserted in the present litigation.

4. The conception, development, reduction to practice, design, construction, components, manufacture, use and sale of Leviton's GFCI products, including any such products alleged to fall within the scope of any one of the claims of the '894 patent and/or alleged to possess the trade dress asserted in the present litigation.

5. The existence and content of any documentation, including laboratory notebooks, invention disclosures, internal memoranda, reports or other documents, relating to the conception, development, reduction to practice, design, modification of design, components, modification of components, and manufacture of Leviton's GFCI products, , including any such products alleged to fall within the scope of any one of the claims of the '894 patent and/or alleged to possess the trade dress asserted in the present litigation.

6. The prosecution of the U.S. Patent Nos. 4,595,894; 4,518,945; and/or 4,386,338, including any Certificates or Correction(s) or Terminal Disclaimers.

7. The existence of any documents or communications relating to the prosecution of U.S. Patent Nos. 4,595,894; 4,518,945; and/or 4,386,338.

8. The investigation(s) or other proceedings to enforce the '894 patent or the trade dress alleged to be infringed in the present suit.

9. The nature and status of any and all prior civil actions, ITC actions, or other proceedings involving the '894 patent and/or the trade dress alleged to be infringed in the present suit.

10. Sales, by unit and dollar amount, of each type of Leviton's GFCI products alleged to fall within the scope of any claim of the '894 patent or alleged to possess the trade dress alleged to be infringed in the present suit.

11. Pricing of each GFCI product manufactured or sold by Leviton.

12. Leviton's operating statements, profit and loss statements, or similar financial information, and documents comprising cost analyses for each of Leviton's GFCI products made, used, marketed, promoted, advertised, distributed, imported, exported, offered for sale and/or sold by Leviton.

13. Leviton's expenses for each of its GFCI products alleged to fall within the scope of any claim of the '894 patent or alleged to possess the trade dress alleged to be infringed in the present suit.

14. Leviton's budgets, projections, plans, or forecasts regarding any GFCI product alleged to fall within the scope of any claim of the '894 patent or alleged to possess the trade dress alleged to be infringed in the present suit.

15. Documents describing or depicting each of Leviton's products alleged to fall within the scope of any claim of the '894 patent or alleged to possess the trade dress alleged to be infringed in the present suit.

16. Leviton's responses, and the facts underlying the responses, to the interrogatories served upon Leviton in the present suit.

17. Leviton's responses, and the facts underlying the responses, to the interrogatories served upon Leviton in any other suit or proceeding involving the '894 patent.

18. Leviton's alleged trade dress configuration alleged to be infringed in the present suit.

## **SCHEDULE B – DOCUMENT REQUEST**

No less than one business day before the deposition, to the extent that responsive documents have not been previously produced, Leviton is instructed to produce documents (including writings, drawings, graphs, charts, photographs, phone records and all data compilations from which information can be obtained, translated if necessary, though detection devices into reasonably useable form) responsive to the following category on which such production occurred and the bates range of responsive documents for each category. For purposes of this request, the words "document" or "documents" means all non-identical copies, including electronic versions of responsive materials.

1. Any documents reflecting the guidelines and or procedures followed by Leviton in collecting and reviewing documents in response to the discovery requests in the present suit.

2. Any documents that reflect how the records of Leviton are kept.

3. Any documents that may refer to or reflect any physical transfer of Leviton's documents.

4. All evidence Leviton relies upon and intends to submit in support of the allegations raised in its Complaint filed in the present suit.

5. All evidence Leviton relies upon and intends to submit in support of its allegations of the existence of a protectable trade dress and the infringement of the alleged trade dress by USI.

6. All drawings, including engineering drawings or sketches, of any GFCI device alleged to fall within the scope of any claim of the '894 patent or alleged to possess the trade dress configuration alleged to be infringed in the present suit.

7. All documents relating or referring to the Deposition Topics and matters for examination listed in Schedule A.

8. Any documents or things previously requested by USI in this action, more than 30 days prior to the deposition date and not previously produced.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of:

**NOTICE OF TAKING DEPOSITION OF PLAINTIFF LEVITON MANUFACTURING CO., INC. PURSUANT TO RULE 30(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

was served on Plaintiff's attorney by e-mail, facsimile, and first class mail, postage prepaid, this 31st day of December 2002 to the following:

D. Christopher Ohly, Esq.
BLANK ROME COMISKY & McCAULEY, LLP
250 West Pratt Street
Suite 1100
Baltimore, MD 21201

FAX (410) 659-1414

By: _____
Maurice U. Cahn