species claimed are considered clearly unpatentable over each other.

In making a requirement for restriction in an application claiming plural species, the examiner should group together species considered clearly unpatentable over each other, with the statement that restriction as between those species is not required.

Where generic claims are allowed in a national application, applicant may claim in the *same application* additional species as provided by 37 CFR 1.141.

Where, however, an applicant optionally files another national application with claims to a different species, or for a species disclosed but not claimed in a parent case as filed and first acted upon by the examiner, there should be close investigation to determine the presence or absence of patentable difference. See MPEP § 804.01 and § 804.02.

### 806.04(i)  Generic Claims Presented for First Time After Issue of Species

The Office no longer follows the practice of prohibiting the allowance of generic claims that are presented for the first time after the issuance of a copending application claiming plural species. Instead, the Office may reject the generic claims on the grounds of obviousness-type double patenting. Applicant may overcome such a rejection by filing a terminal disclaimer. See *In re Braithwaite*, 379 F.2d 594, 154 USPQ 29 (CCPA 1967).

### 806.05  Related Inventions

Where two or more related inventions are being claimed, the principal question to be determined in connection with a requirement to restrict or a rejection on the ground of double patenting is whether or not the inventions as claimed are distinct. If they are distinct, restriction may be proper. If they are not distinct, restriction is never proper. If nondistinct inventions are claimed in separate applications or patents, double patenting must be held, except where the additional applications were filed consonant with a requirement to restrict in a national application.

The various pairs of related inventions are noted in the following sections.

### 806.05(a)  Combination and Subcombination or Element

A combination is an organization of which a subcombination or element is a part.

Relative to questions of restriction where a combination is alleged, the claim thereto must be assumed to be allowable (novel and unobvious) as pointed out in MPEP § 806.02, in the absence of a holding by the examiner to the contrary. When a claim is found in a patent, it has already been found by the Office to be allowable and must be treated on that basis.

### 806.05(b)  Old Combination — Novel Subcombination

Restriction is ordinarily not proper between a combination (AB) that the examiner holds to be old and unpatentable and the subcombination (B) in which the examiner holds the novelty, if any, to reside. *Ex parte Donnell*, 1923 C.D. 54, 315 O.G. 398 (Comm'r Pat.1923). See MPEP § 820.01.*

### 806.05(c)  Criteria of Distinctness for Combination, Subcombination, or Element of a Combination

In order to establish that combination and subcombination inventions are distinct, two-way distinctness must be demonstrated.

To support a requirement for restriction, both two-way distinctness and reasons for insisting on restriction are necessary, i.e., separate classification, status, or field of search. See MPEP § 808.02.

The inventions are distinct if it can be shown that a combination as claimed:

(A) does not require the particulars of the subcombination as claimed for patentability (to show novelty and unobviousness), and