ROBERT G. CAMPBELL (STATE BAR NO. 104274)
COX, CASTLE & NICHOLSON LLP
2049 Century Park East
Twenty Eighth Floor
Los Angeles, California 90067-3284
Telephone (310) 277-4222
Facsimile (310) 277-7889

Attorneys for Plaintiff
LEVITON MANUFACTURING CO., INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC. | Case No. CV 99-05861 DDP (RZX) |
| Plaintiff, | |
| vs. | DECLARATION BY CLAUDE NARCISSE, ESQ. IN OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT |
| YATAI USA, LLC, ORBIT ELECTRIC & LIGHTING, INC. (formerly known as Regent Electric Corp.), VAN-SHEEN ELECTRIC APPLIANCE CO., LTD. and VAN-SHEEN ELECTRIC APPLIANCE CO., LTD. D/B/A YATAI SWITCH FACTORY, | Complaint Filed: June 7, 1999<br>Judge Dean Pregerson<br>Date: Nov. 5, 2001<br>Time: 10:00 a.m.<br>Courtroom: 3<br>Trial Date: 3-12-02 |
| Defendants. | |

CLAUDE NARCISSE declares as follows:

BACKGROUND AND QUALIFICATIONS

1.  I have been asked to make this Declaration in opposition to a motion for summary judgment brought by the defendant in the above-captioned action, because of my technical and legal background, qualifications and experience.

2.  I am an attorney at law and currently practice with Greenberg Traurig, LLP, 885 Third Avenue, New York, NY 10022. Other attorneys with the firm of Greenberg Traurig LLP represent the plaintiff in this action. I have a Juris Doctor degree from Rutgers University, School of Law-

-1-

ENTERED ON ICMS
OCT 24 2001

158

Newark and Bachelors and Masters degrees in Electrical Engineering from Columbia University in 1980 and 1981 respectively.

3. I was employed as an Electrical Engineer from 1981-1988, and I am experienced in designing analog and digital circuitry.

4. Since 1991, I have been engaged in the private practice of patent law. I specialize generally in Intellectual Property and specifically in Patent law. I am admitted to practice as an attorney in the states of New Jersey and Connecticut. I am also registered to practice before the United States Patent and Trademark Office. My experience includes patent application prosecution, and I have analyzed many patents related to electrical, electronic and electro-mechanical arts. In the course of these engagements, I have had considerable experience in the prosecution of patent applications before the PTO and counseling clients on matters relating to patents, including the patentability of inventions and on questions of infringement, validity and enforceability of patents.

5. A copy of my curriculum vitae is attached hereto as Exhibit A.

6. I have been asked to provide my opinion as to whether the scope of independent claim 1 of U.S. Patent No. 4595894 (the "'894 Patent"), the patent-in-suit in the above captioned litigation, can be understood when read in conjunction with the rest of the specification, including the Certificate of Correction, and specifically whether it fairly apprises competitors of what is considered to infringe. An accurate copy of the '894 Patent, as provided from the internet website of the PTO, is attached as Exhibit B, hereto.

The other facts as presented to me are as follows.

7. The '894 Patent issued on June 17, 1986. Shortly after the '894 Patent issued, a Certificate was issued as of 12 July 1988, to correct the omission of certain words from a claim. The missing words were incorrectly added by the Certificate of Correction, into Claim 2. It is clear to me

that no additional language needed to be added to Claim 2, and specifically, the added language did not fit into Claim 2.

8. From my review of the claims of the '894 patent, I believe it is clear that the missing words were omitted from claim 1, not from claim 2. In particular, the word "and" appears several times in claim 1, once in claim 2 and not in any of the remaining claims (i.e., claims 3 and 4) of the '894 patent. For claim 2, the word "and" appears on line 2, not on line 3. As admitted by defendants (cite from their motion), even if the missing words are inserted after the word "and" in line 3 of claim 2, the entire claim becomes nonsensical. Because claim 1 is the only other claim in which the word "and" appears, a careful parsing of the language of claim 1, immediately reveals that there is a lack of antecedent basis for the term " the first position to the second position" appearing on line 7 of claim 1. At this point in the analysis, it is clear that there is either incorrect or missing language somewhere in lines 1 to 7 of claim 1. From line 1 to line 7 of claim1, the word "and" only appears twice, viz., on line 2 and line 5. Inserting the missing words after the word "and" on line 2 does not resolve the lack of antecedent basis problem, and more importantly, again yields a claim that does not make sense. However, when the missing language is inserted after the word "and" on line 5 of claim 1, the antecedent basis problem is resolved and the entire claim makes sense.

9. From my reading of the patent statute and the case law, including the cases cited by the defendant in this action in its papers supporting its motion for summary judgment, it is my understanding that the primary purpose of a claim in a patent is to give fair warning to competitors and others regarding what will constitute infringement. I also note that a claim can only be understood in the context of the specification of that patent. In the present case, the specification includes the verbal text beginning at line 1, col. 1 of the '894 Patent, and the drawings. Moreover, I note that in its opening text, the '894 Patent includes a statement expressly incorporating by reference "the entire contents and subject matter" of an earlier copending patent, as follows:

-3-

> --The present application is a continuation-in-part of applicants' both pending United States patent applications Ser. Nos. 431,982 now U.S. Pat. No. 4,518,945, filed Sept. 30, 1982 and entitled "REMOTE CONTROL SYSTEM" and Ser. No. 558,262 filed Dec. 5, 1983 and entitled "SHOCK HAZARD PRTECTION SYSTEM", and <u>incorporates by reference as if fully set forth herein the entire contents and subject matter thereof</u> and of any and all of their respective "parent" patent applications to which they are co-pending.-- (*sic.*) (Col. 1, lines. 6-16) (Emphasis added.)

10. I have reviewed both of the '894 Patent and the earlier patent referred to above, <u>U.S. Pat. No. 4,518,945</u>, filed Sept. 30, 1982, (the "'945 Patent") (Exhibit C, hereto), I note that although they are directed to slightly different purposes, they both include, at least in part, the same basic electromechanical elements. The '894 Patent describes a shock hazard protection device, that shuts off current flow, i.e., by "interrupting an electrical connection"; the '945 Patent describes a "switching apparatus for turning current flow on and off, i.e., by "selectively completing or interrupting an electrical connection", as is set forth in the preamble of Claim 1 of each of the patents. The common basic electromechanical elements are defined by the first four limitations in each of the claims

11. The verbal text of the '894 Patent at Col. 3, lines 12- 33, describes the structure and operation of the "circuit interrupting or switching system or apparatus" of the claimed invention that is relevant to Claim 1. From this description, it is clear that "an armature or plunger ... responds to the energizing of [a] coil assembly 346 by being drawn toward the center of the coil assembly in the manner of plunger 94." I note that there is no "plunger 94" in the drawings or other description of the '894 Patent, but it is present in the specification and drawings of the '945 Patent (col. 6, lines 32-45, and Fig. 4), which was expressly incorporated by reference into the '894 Patent, as pointed out above. Moreover, when Claim 1 of the '945 Patent is considered, I find that the identical words added by the Certificate of Correction in the '894 Patent are present at the precise location of Claim 1 of the '945 Patent where words are missing from Claim 1 of the '894 Patent.

12. From my review of the specification and drawings in the '894 Patent and in the '945 Patent, and a comparison of the invention described in each, and the invention as defined in Claim 1 of the '945 Patent, it is clear that the first four limitations recited in Claim 1 of the '945 Patent are equally effective in defining the same elements in the invention of the '894 Patent. Specifically, I am referring to the following language of Claim 1 of the '945 Patent, set forth in outline format:

> --Switching apparatus for selectively completing or interrupting an electrical connection between input and output conductors, or the like, comprising, in combination:
> a housing;
> a magnetizable armature disposed within a portion of said housing and being movable between first and <u>second positions;</u>
> <u>electromagnet coil means disposed within</u> said housing for moving said armature when energized from the first position to the second position;
> an input contact electrically connected to said input conductor;
> an output contact electrically connected to said output conduct;--(emphasis added).

The underlined portions above are identical to the words in the Certificate of Correction of the '894 Patent. Claim 1 as printed in the '894 Patent, in the same outline format, reads as follows:

> 1. Switching apparatus for selectively interrupting an electrical connection between input and output conductors, or the like, comprising, in combination:
> a housing;
> magnetizable plunger means disposed within a portion of said housing for movement between first and _____ [*second positions; electromagnet coil means disposed within*] said housing for moving said plunger means when energized from the first position to the second position;
> an input contact electrically connected to said input conductor;
> an output contact electrically connected to said output conductor; [the underlined space representing the location of omitted words, and the italicized bracketed words are from the Certificate of Correction.]

13. The above comparison of Claim 1 of the '945 Patent and Claim 1 of the '894 Patent shows that at least the first four limitations of the claims are identical in substance, and substantially identical in the words used to express the substance, when the words set forth in the Certificate of Correction of the '945 Patent are in place. One difference in terminology used to express a limitation

-5-

is the use of the term "a magnetizable armature" in the '945 Patent, and "magnetizable plunger means" in the '894 Patent., in line 4 of each. I note that on line 22, Col. 3 of the '894 Patent, the specification expressly equates "an armature or plunger 348".

14. It is clear from the above facts known to me that one reading claim 1 and 2 of the '894 Patent, and the Certificate of Correction, would clearly understand that Claim 2 of the original patent is not lacking any language. On the other hand, it is equally clear from a reading of claim 1 that words are omitted from the fifth line thereof (Col. 6, l. 53). It is further clear from a review of the Specification, which incorporates by reference the entire contents of the '945 Patent, that the first four limitations of claim 1 of both patents are substantially identical, so that when the identical language is found in the Certificate of Correction as is found in Claim 1 of the '945 Patent, it becomes very clear that such language should be located in the equivalent part of Claim 1 of the '894 Patent, i.e., the end of the second limitation and the beginning of the third limitation.

I declare under penalty of perjury under the laws of the United States and of the State of New York that the foregoing is true and correct.

This declaration was executed on October 19, 2001 at New York, New York.

*[signature: Claude Narcisse]*
CLAUDE NARCISSE

-6-

ROBERT G. CAMPBELL (STATE BAR NO. 104274)
COX, CASTLE & NICHOLSON LLP
2049 Century Park East
Twenty Eighth Floor
Los Angeles, California 90067-3284
Telephone (310) 277-4222
Facsimile (310) 277-7889

Attorneys for Plaintiff
LEVITON MANUFACTURING CO., INC.

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

Attorneys for Plaintiff

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC.,<br><br>Plaintiff,<br><br>vs.<br><br>YATAI USA, LLC, ORBIT ELECTRIC & LIGHTING, INC. (formerly known as Regent Electric Corp.), VAN-SHEEN ELECTRIC APPLIANCE CO., LTD. and VAN-SHEEN ELECTRIC APPLIANCE CO., LTD. D/B/A YATAI SWITCH FACTORY,<br><br>Defendants. | Case No. CV 99-05861 DDP (RZX)<br><br>DECLARATION BY EUGENE C. RZUCIDLO, ESQ. IN OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT<br><br>Complaint Filed: June 7, 1999<br>Judge Dean Pregerson<br>Date: Nov. 5, 2001<br>Time: 10:00 A.M.<br>Courtroom: 3<br>Trial Date: 3-12-02 |

FILED 2001 OCT 22 PM 5:50

EUGENE C. RZUCIDLO, ESQ. declares as follows:

### BACKGROUND AND QUALIFICATIONS

1. I believe that my background, qualifications and experience are particularly relevant to the issues in this case.

2. I am an attorney at law and currently practice with Greenberg Traurig, LLP, 885 Third Avenue, New York, NY 10022. Other attorneys with the firm of Greenberg Traurig LLP represent

-1-

ENTERED ON ICMS
OCT 24 2001

59

1. the plaintiff in this action. I have a Juris Doctor degree from Catholic University and a Bachelor of Science degree from the Stevens Institute of Technology.

3. From 1970 to 1985, I was employed by the United States Patent And Trademark Office ("PTO") in various capacities. From 1970 to 1972 and 1973 to 1978, I was a Patent Examiner. I served as a Primary Examiner from 1973 to 1978. From 1978 to 1983, I was an Acting Examiner-In-Chief (Administrative Patent Judge) on the Board Of Patent Appeals And Interferences ("Board"). From 1983 to 1985, I was an Examiner-In-Chief (Administrative Patent Judge) on the Board.

4. Since 1985, I have been engaged in the private practice of patent law. In the course of these engagements, I have had considerable experience in the prosecution of patent applications before the PTO and counseling clients on matters relating to patents, including the patentability of inventions and infringement, validity and enforceability of patents.

5. A copy of my curriculum vitae is attached hereto as Exhibit A.

6. I have been asked to provide my opinion as to whether independent claim 1 of U.S. Patent No. 4595894 (the "'894 Patent"), the patent-in-suit in the above captioned litigation, when read in conjunction with the rest of the specification, particularly points out and distinctly claims the invention described in the specification of that patent. An accurate copy of the '894 Patent, as provided from the internet website of the PTO, is attached as Exhibit B, hereto, including a Certificate of Correction, as dated June 17, 1986.

The facts as presented to me are as follows.

7. The '894 Patent issued on June 17, 1986. Apparently, shortly after it issued, the patentee, Leviton Manufacturing Company, Inc. ("Leviton"), became aware of an error in the claims of the Patent, in that some few words had been omitted. A request for a Certificate of Correction was apparently submitted to the PTO requesting correction by the insertion of the missing words; and a

-2-

1  Certificate, that contained those words, was issued as of 12 July 1988. However, the Certificate of

2  Correction was also incorrect, as the Certificate required that the words be inserted into Claim 2.

3      8.    My review of the claims makes it clear that the words were omitted from Claim 1, not

4  from Claim 2. Furthermore, the word "and", after which the words in the Certificate were to be

5  inserted into a claim, does not exist on line 3 of Claim 2, but does exist at the exact location where

6  language was clearly omitted from claim 1, i.e., line 5 of Claim 1 (col.6, line 53), as printed in the

7  formal patent document, as follows:

> 1. Switching apparatus for selectively completing or interrupting an electrical connection between input and output conductors, or the like, comprising, in combination: a housing; a magnetizable armature disposed within a portion of said housing and being movable between first and second positions; electromagnet coil means disposed within said housing for moving said armature when energized from the first position to the second position; an input contact electrically connected to said input conductor; an output contact electrically connected to said output conduct; strap means for mounting the switching apparatus upon a selected surface, said strap means including portions thereof which define a path of the magnetic field generated by said coil means to influence the position of said armature, and movable cam means responsive to movement of said armature for influencing a separation of said input and output contacts, thereby interrupting electrical connection between them, said apparatus further including movable actuating means having portions thereof in contact with said armature means for influencing the position of said cam means, said movable actuating means including kicking means for contacting and causing alternating rotary and counter-direction rotary movements of said cam means in response to movement of said armature, said rotary and counter-direction rotary movements causing electrical paths to open and close, said movable cam means being formed with an opening therethrough, thereby providing a recess into which a conducting pin of an electrical plug is able to be positioned, during use, without interfering with the operation of both the cam means and parts with which is cooperatively engages

    9.    It is my understanding that a claim in a patent is to be understood in the context of the specification of that patent. In the present case, the specification includes the verbal text beginning at

-3-

line 1, col. 1 of the '894 Patent, and the drawings. Significantly, the '894 Patent includes a statement expressly incorporating by reference "the entire contents and subject matter" of an earlier copending patent, as follows:

> --The present application is a continuation-in-part of applicants' both pending United States patent applications Ser. Nos. 431,982 now U.S. Pat. No. 4,518,945, filed Sept. 30, 1982 and entitled "REMOTE CONTROL SYSTEM" and Ser. No. 558,262 filed Dec. 5, 1983 and entitled "SHOCK HAZARD PRTECTION SYSTEM", and incorporates by reference as if fully set forth herein the entire contents and subject matter thereof and of any and all of their respective "parent" patent applications to which they are co-pending.-- (Col. 1, ll. 6-16) (*sic.*) (Emphasis added.)

10. I have read the Declaration by Claude Narcisse, Esq., particularly those portions in which Mr. Narcisse, an experienced electrical engineer and patent attorney, analyzed the disclosure of the '894 Patent from the point of view of one skilled in the art. Although the language of the claim is not in accordance with the best practice of the PTO, I believe that the claim as presented in the '894 Patent in the condition it is in at the present time (after the issuance of the Certificate of Correction), when taken in view of the specification and drawings, does meet the requirements of the second paragraph of 35 U.S.C. Sec. 112.

11. Accepting the analysis of Mr. Narcisse with respect to the technical aspects of the specification and drawings of the '894 Patent, it is clear to me that the invention intended to be claimed by the applicant for the patent is indeed definitely and precisely defined by Claim 1 of the '894 Patent. It is also clear to me that a competent patent practitioner, i.e., one who would be competent to provide a proper exculpatory opinion of noninfringement to a party accused of infringement, should be able to read Claim 1 of the '894 Patent and determine whether there is infringement. There is no statutory requirement that a claim meet any special form. Any requirements made by the PTO with respect to claim language are for the purpose of insuring that

-4-

only the highest levels of legal draftsmanship may be allowed in a patent claim forming part of a patent issued by the PTO. However, a high quality claim is not required by the statute. A claim is sufficient if it gives fair warning to competitors and others regarding what will constitute infringement. It is clear to me that present claim 1 of the '894 Patent accomplishes that task when properly considered by one experienced in the field and in light of the specification and drawings, as was done by Mr. Narcisse. I also agree with Mr. Narcisse that it is clear from a reading of claim 1, that words are omitted from the fifth line thereof (Col. 6, l. 53), after the words "between first and", and that when the entire specification and drawings are considered, it is also clear that is where the words in the Certificate of Correction should be inserted.

12. I am informed that repeated efforts had been made to obtain the prosecution history ("File Wrapper") of the '894 Patent from the PTO. The File Wrapper is apparently not available, and is "reported lost". In addition, I am informed by counsel to the patentee that the counsel's file is also lost as a result of a fire in a storage room in an earlier office building in which they had offices. I am thus unable to determine the course of prosecution or how the claims were amended during prosecution.

14. From my experience at the PTO, I believe that the file wrapper would confirm that the missing language was present in the claims as allowed by the Examiner. I believe it to be highly unlikely that an experienced Examiner would have allowed a claim that did not have the required affirmative recitation for all of the limitations in the claim. In the '894 Patent, I note that there was an "Assistant Examiner" who did the immediate examination and a "Primary Examiner" who reviewed and checked the Examination by the Assistant Examiner. Accordingly, even though I do not have a copy of the prosecution history, it is my opinion that the omission is most likely a mere printer's error, and does not reflect an error on the part of the Applicant or of the Examiners.

15. Most significantly, I believe that the Claim 1 of the '894 Patent, as of the date of the Certificate of Correction now in the Patent, is sufficiently clear and definite so as to particularly point out and distinctly "claim the subject matter which the applicant regarded as his invention", as described in the Specification of the '894 Patent, for the reasons set out above.

I declare under penalty of perjury under the laws of the United States and of the State of Virginia that the foregoing is true and correct

This declaration was executed on October 19, 2001 at Arlington, Virginia.

*[signature]*
EUGENE C. RZUCIDLO

-6-

```
1  ROBERT G. CAMPBELL (STATE BAR NO. 104274)
   COX, CASTLE & NICHOLSON LLP
2  2049 Century Park East
   Twenty Eighth Floor
3  Los Angeles, California 90067-3284
   Telephone (310) 277-4222
4  Facsimile (310) 277-7889

5  PAUL J. SUTTON (STATE BAR NO. PS-8630)
   GREENBERG TRAURIG, LLP
6  885 Third Avenue
   New York, N.Y. 10022
7  Telephone (212) 848-1000
   Facsimile (212) 688-2449
8
   Attorneys for Plaintiff
9  LEVITON MANUFACTURING CO., INC.
```

[FILED STAMP: CLERK U.S. DISTRICT COURT, OCT 22 2001, CENTRAL DISTRICT OF CALIFORNIA, DEPUTY]

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC.<br><br>Plaintiff,<br><br>vs.<br><br>YATAI USA, LLC, ORBIT ELECTRIC & LIGHTING, INC. (formerly known as Regent Electric Corp.), VAN-SHEEN ELECTRIC APPLIANCE CO., LTD. and VAN-SHEEN ELECTRIC APPLIANCE CO., LTD. D/B/A YATAI SWITCH FACTORY,<br><br>Defendants. | Case No. CV 99-05861 DDP (RZX)<br><br>DECLARATION BY<br>PAUL J. SUTTON, ESQ.<br>IN OPPOSITION TO MOTION<br>FOR SUMMARY JUDGMENT<br><br>Complaint Filed: June 7, 1999<br>Judge Dean Pregerson<br>Date: Nov, 5, 2001<br>Time: 10:00 A.M.<br>Courtroom: 3<br>Trial Date: 3-12-02 |

PAUL J. SUTTON declares, upon personal knowledge, best available information and belief, as follows:

1.  I am an Attorney-at-Law and currently practice as Chairman of the Patent Practice at the national law firm of Greenberg Traurig, LLP, 885 Third Ave., New York, New York, 10022. I earned a Juris Doctorate Degree from the Brooklyn School of Law and a Bachelor of Mechanical (minor in Electrical) Engineering Degree from the College of Engineering of New York University.

[ENTERED ON ICMS]
[OCT 24 2001]

1

DECLARATION BY PAUL J. SUTTON, ESQ. IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

1. I was admitted to practice after examination as an attorney before the Courts of the District of Columbia and the State of New York in 1968.

2. I am a member of the Bars of several United States District Courts and United States Courts of Appeals, including the United States District Courts for the District of Columbia, the Southern District of New York, the Eastern District of New York, the Eastern District of Michigan, the Northern District of California, the United States Court of Appeals for the Federal Circuit, the Second Circuit, and the District of Columbia.

3. I have engaged in the private practice of law since 1968 and headed up a patent and trademark law boutique until a 1995 merger of the boutique into a national law firm whose intellectual property practice I chaired.

4. I am the attorney of record who prosecuted the application which resulted in U.S. Patent Number 4,595,894 (the "'894 Patent"), granted on June 17, 1986.

5. I have repeatedly attempted to obtain a copy of the prosecution history of the '894 Patent from the United States Patent and Trademark Office ("PTO"), but have been unsuccessful. I have been informed by defendants' counsel that they have likewise been unable to obtain this prosecution history. The PTO has informed me that they are unable to locate the file and that it is considered "lost".

6. I have also sought, unsuccessfully, to locate the file kept by my office during the prosecution of the '894 Patent. I believe that this file was destroyed as a result of a fire in a floor above that occupied by my offices and our files at 40 West 57th Street, New York, New York in the late 1990s. The fire and firemen who responded thereto set off and used water to combat the fire, and there was difficulty in turning off the water after the fire was extinguished, thereby destroying a great many of our records, including the said prosecution history of the '894 Patent.

7. I have no detailed recollection of the prosecution of this application or with respect to

2
DECLARATION BY PAUL J. SUTTON, ESQ. IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

the filing of a request for a Certificate of Correction after the Patent issued. I am thus presently unable to accurately determine the course of prosecution or how the claims were amended during prosecution, or what transpired when the Certificate of Correction which issued in 1988 was filed.

8. I have read the Declarations of Eugene C. Rzucidlo and of Claude Narcisse. It is my opinion, confirming those of Eugene C. Rzucidlo and Claude Narcisse, that when the claims as published in the '894 Patent are read in light of the specification and drawings, that Claim 1 meets the statutory injunction to "particularly point out and distinctly claim the subject matter which the applicant regards as his invention" (35 U.S.C. §112).

9. It is my opinion that it is obvious to any minimally competent patent attorney reviewing the '894 Patent, together with the publicly available 1988 Certificate of Correction, that the language within this Certificate of Correction clearly belongs within claim 1, as opposed to its incorrect insertion within claim 2 by the PTO, and that such proper language insertion fully clarifies and constitutes a properly worded claim 1.

10. I declare under penalty of perjury under the laws of the United States and of the State of New York that the foregoing is true and correct.

This declaration was executed on October 19, 2001 at New York, New York.



_____
Paul J. Sutton

3
DECLARATION BY PAUL J. SUTTON, ESQ. IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

PROOF OF SERVICE AND CERTIFICATION

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, 28th Floor, Los Angeles, California 90067-3284.

☐ (For messenger) my business address is 130 S. Beaudry Avenue, Unit A, Los Angeles, CA 90012.

On October 22, 2001, I served the foregoing document(s) described as DECLARATION BY PAUL J. SUTTON, ESQ. IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT on ALL INTERESTED PARTIES in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

| Jonathan Hangartner, Esq. | David Liu, Esq. | Stephen Duke, Esq. |
| Liu & Liu, LLP | Liu & Liu, LLP | 8664 Wilshire Blvd., Suite 210 |
| 905 Van Nuys Street | 811 West Seventh Street, Suite 1100 | Beverly Hills, California 90211 |
| San Diego, California 92109 | Los Angeles, California 90017 | |

On the above date:

☐ (BY ☐ U.S. MAIL/BY ☐ EXPRESS MAIL) The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration. I am readily familiar with Cox, Castle & Nicholson LLP's practice for collection and processing of documents for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

☒ (BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

☐ (BY FACSIMILE TRANSMISSION) On October 22, 2001, at _____ a.m./p.m. at Los Angeles, California, I served the above-referenced document on the above-stated addressee by facsimile transmission pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (___) ___-____, and the telephone number of the receiving facsimile number was (___) ___-____. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error. Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

☐ (BY PERSONAL DELIVERY) By causing a true copy of the within document(s) to be personally hand-delivered to the office(s) of the addressee(s) set forth above, on the date set forth above.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I hereby certify that the above document was printed on recycled paper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22, 2001, at Los Angeles, California.

_____
Darlene L. Beckles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 99-05861 DDP (RZx)                                      Dated: November 19, 2001

Title:   LEVITON MANUFACTURING CO., INC. -v- ORBIT ELECTRIC & LIGHTING, INC.
         (formerly known as Regent Electric Corp.); VAN-SHEEN ELECTRIC APPLIANCE
         CO., TD.; VAN-SHEEN ELECTRIC APPLIANCE CO., LTD. dba YATAI SWITCH
         FACTORY
====================================================================

PRESENT:   HONORABLE DEAN D. PREGERSON, JUDGE

           John A. Chambers                          Beth Esther Zaccaro
           Courtroom Deputy                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:

           Robert G. Campbell                        Jonathan Hangartner
           Paul J. Sutton                            R. Stephen Duke
           Barry G. Magidorr

PROCEEDINGS:   MOTION BY DEFENDANT ORBIT ELECTRIC & LIGHTING, INC., FOR
               SUMMARY JUDGMENT (FILED ON 9-14-01)
               JOINDER OF DEFENDANTS VAN-SHEEN ELECTRIC APPLIANCE CO.,
               TD.; VAN-SHEEN ELECTRIC APPLIANCE CO., LTD. dba YATAI SWITCH
               FACTORY AND YATAI USA LLLC IN MOTION BY DEFENDANT ORBIT
               ELECTRIC & LIGHTING, INC., FOR SUMMARY JUDGMENT
               (FILED ON 9-28-01)

Court hears oral argument and takes the matters under submission.

ENTERED ON ICMS
NOV 2 0 2001
CV

MINUTES FORM 11                                              Initials of Deputy Clerk
CIVIL -- GEN

63