Appendix B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LEVITON MANUFACTURING, INC.
      (Plaintiff)                    *

            vs.                      *        Case No. 01CV3855 AMD

UNIVERSAL SECURITY INSTRUMENTS, INC.
AND USI ELECTRIC, INC.               *
      (Defendants)                   *******

## NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one:**

[  ]   Exhibit _____, which is an attachment to _____

_____

will be filed with the Clerk's Office in paper format so that it may be placed under seal.

[X]    Defendants' Motion for Summary Judgment of Invalidity
       under 35 U.S.C 112, second paragraph, for Indefiniteness
       _____
                        (title of document)

will be filed with the Clerk's Office in paper format so that it may be placed under seal.

I certify that within 24 hours of the filing of this Notice, I will file and serve paper copies

of the document identified above.


     July 21, 2003                              /s/
_____          _____
Date

                                 Maurice U. Cahn         4171
                                 _____
                                 Printed Name           Bar Number

                                 2000 P Street, NW Suite 200
                                 _____
                                 Address

                                 Washington, D.C. 20036
                                 _____
                                 City/State/Zip

                                 202 331-8777      202 331-3838
                                 _____
                                 Phone No.                Fax No.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LEVITON MANUFACTURING, INC.  )
         )
   (Plaintiff)   )
  vs.      )   01CV3855 AMD
         )
UNIVERSAL SECURITY INSTRUMENTS, INC.)
         )
  and     )
         )
USI ELECTRIC, INC.    )
         )
   (Defendants)  )

## DEFENDANTS' MOTION FOR
## SUMMARY JUDGMENT OF INVALIDITY UNDER
## 35 U.S.C. §112, SECOND PARAGRAPH, FOR INDEFINITESS

Defendants, Universal Security Instruments, Inc. and USI Electric, Inc. (hereafter collectively referred to as "USI"), through their attorneys, file this Motion for Summary Judgment under Fed. R. Civ. P. 56 to dismiss Count One of the Amended Complaint based on invalidity of US Patent No. 4,595,894 ("the '894 patent").

This Motion is not dispositive of the entire proceeding but has been filed to narrow issues and simplify trial by reducing the number of issues required to be heard by the fact finder.

Under the facts of the instant litigation, Defendants are entitled to Summary Judgment that, as originally printed as issued and as "corrected" in 1988 by the first Certificate of Correction, the '894 patent was invalid under 35 U.S.C. §112 ¶2. Under the undisputed facts, the further Certificate of Correction having been improvidently issued on December 11, 2001 by the USPTO without the patent's file history, could not

1

correct the then existing defective patent claim. Therefore, Defendants are entitled to Summary Judgment as to Count One.

For its motion, in addition to the pleadings on file and the Docket of this Court, Defendants rely on the following Exhibits:

Exhibit 1 –  U.S. Patent 4,595,894

Exhibit 2 – Certificate of Correction dated July 12, 1988

Exhibit 3 – Certificate of Correction dated December 11, 2001

Exhibit 4 – Copy of Manual of Patenting Procedure (MPEP §1485)

Exhibit 5 – Pair/PALM Printout for US Patent 4,595,894

Exhibit 6 – Pair Printout for US Patent 4,518,945

Exhibit 7– Excerpts from Deposition of Jerome Massie.

Exhibit 8 – Excerpts from Deposition of Paul Sutton

Exhibit 9 – July  2001 Request for Certificate of Correction to July 1988 Certificate of Correction

Exhibit 10 – Letter form Paul Sutton To Cecilia Newman dated October 18, 2001

Exhibit 11 – February 24, 2003 Expert Report of the Honorable Lawrence J. Goffney, Jr.

Exhibit 12– Excerpts from Deposition of the Honorable Lawrence J. Goffney, Jr.

Exhibit 13– Declaration of Jerome Massie.

Also for its motion, Defendants rely on the attached Memorandum of Points and Authorities and the pleadings and proceedings to date.

A proposed ORDER consistent with the relief requested, dismissal of Count Two of the Amended Complaint, is attached.

2

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS, INC.
USI ELECTRIC, INC.

By: _____
Maurice U. Cahn, Esq.
Frederick N. Samuels, Esq.
William E. Bradley, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW
Suite 200
Washington, D.C.  20036
(202) 331-8777
Counsel for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEVITON MANUFACTURING, INC. | ) | |
| | ) | |
| (Plaintiff) | ) | |
| vs. | ) | 01CV3855 AMD |
| | ) | |
| UNIVERSAL SECURITY INSTRUMENTS, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| USI ELECTRIC, INC. | ) | |
| (Defendants) | ) | |

### ORDER & JUDGMENT

Upon consideration of Defendants' Motion for Summary Judgment, the evidence attached thereto, Plaintiff's Opposition thereto, and the record before this Court, and finding that there are no genuine disputes concerning the material facts necessary to render judgment as a matter of law, and finding that as a matter of law that US Patent 4,595,894 as originally issued, as modified by the 1988 Certificate of Correction, and subsequently modified again by a further Certificate of Correction dated December 11, 2001, issued improvidently by the USPTO, demonstrate that Defendants are entitled to Summary Judgment as to invalidity of US Patent No. 4,595,894 under 35 U.S.C. §112.

Therefore, on this _____ day of _____ 2003, summary judgment is GRANTED against Plaintiff and in favor of Defendants to the extent that US 4,595,894 is invalid and Count One of the Amended Complaint is hereby DISMISSED, with prejudice, as a matter of law.

_____
Judge, United States District Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | | |
|---|---|---|
| LEVITON MANUFACTURING, INC. | ) | |
| | ) | |
| (Plaintiff) | ) | |
| vs. | ) | 01CV3855 AMD |
| | ) | |
| UNIVERSAL SECURITY INSTRUMENTS, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| USI ELECTRIC, INC. | ) | |
| | ) | |
| (Defendants) | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR
## SUMMARY JUDGMENT OF INVALIDITY UNDER
## 35 U.S.C. §112, SECOND PARAGRAPH, FOR INDEFINITESS

Maurice U. Cahn, Esq.
Frederick N. Samuels, Esq.
William E. Bradley, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW
Suite 200
Washington, D.C.  20036
(202) 331-8777


Counsel for Defendants
UNIVERSAL SECURITY INSTRUMENTS, INC.
USI ELECTRIC, INC.

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND............................................................................................ 3

ARGUMENT ................................................................................................................... 5

   I.   LEGAL CONSIDERATIONS ................................................................................ 5

      A.   Standard for Summary Judgment .................................................................. 5

      B.   Presumption of Validity.................................................................................. 6

   II.   THE DECEMBER 11, 2001 CERTIFICATE OF CORRECTION WAS
IMPROPERLY ISSUED ...................................................................................... 7

      A.   Requirements for Issuing Certificates of Correction ......................................... 7

      B.   The `894 Patent's File History was Not Reviewed............................................ 8

          1.   The PTO's Copy of the File History is Missing.............................................. 8

          2.   Reconstruction Is Unavailable Because Leviton Does Not Have a Copy of
the File History ................................................................................................... 8

          3.   The PTO Did Not Have a Copy of the File History to Review ........................ 9

      C.   Both Parties' Experts Agree a Certificate of Correction Cannot Validly Issue
Without Reviewing the File History ...................................................................... 10

          1.   The Honorable Lawrence J. Goffney, Jr. ..................................................... 10

          2.   Mr. Jerome W. Massie - Plaintiff's Expert ................................................... 11

      D.   The Uncorrected Patent is Invalid Under 35 U.S.C. §112, Second Paragraph,
for Indefiniteness ................................................................................................ 12

          1.   Mr. Massie Concedes Invalidity ................................................................ 12

          2.   The Patent as "Corrected" by the 1988 Certificate of Correction Remained
Invalid Under 35 U.S.C. 112 .......................................................................... 13

          3.   Leviton's own Actions Demonstrate Invalidity of the Patent Claims............. 14

CONCLUSION............................................................................................................... 15

# Table of Authorities

## Cases

*American Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d 1350 (Fed. Cir. 1984).....7

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)................................................5, 6

*Apple Computer v. Articulate Systems, Inc.,* 234 F.3d 14 (Fed. Cir. 2000).....................6

*Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc.,* 98 F.3d

    1563, 1569 (Fed. Cir. 1996) .......................................................................................6

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)................................................................5

*Continental Can. Co. USA v. Monsanto Co.,* 948 F.2d 1264 (Fed. Cir. 1991)................5

*Interconnect Planning Corp. v. Feil,* 774 F.2d 1132 (Fed. Cir. 1985)..............................6

*Matsushita Electric Indus. v. Zenith Radio or.,* 475 U.S. 574 (1986) ...........................5, 6

*Southwest Software v. Harlequin,* 226 F.3d 1280 (Fed. Cir. 2000)............................9, 12

## Statutes

35 U.S.C. § 112 ..............................................................................................................1

35 U.S.C. § 254 ..............................................................................................................7

35 U.S.C. § 255 ..............................................................................................................7

35 U.S.C. § 282 ..............................................................................................................6

## Other Authorities

MPEP § 1485 ..................................................................................................................7

## Rules

37 C.F.R.  §1.251 ...........................................................................................................8

37 C.F.R. § 1.322 and 1.323 ..........................................................................................7

Fed. R. Civ. P. 56(c).......................................................................................................5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

LEVITON MANUFACTURING, INC.                )
                                           )
              (Plaintiff)                  )
                                           )        01CV3855 AMD
        vs.                                )
                                           )
UNIVERSAL SECURITY INSTRUMENTS, INC.)
                                           )
        and                                )
                                           )
USI ELECTRIC, INC.                         )
                                           )
              (Defendants)                 )

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR**
**SUMMARY JUDGMENT OF INVALIDITY UNDER**
**35 U.S.C. §112, SECOND PARAGRAPH, FOR INDEFINITESS**

Defendants, Universal Security Instruments, Inc. and USI Electric, Inc. (hereafter

collectively referred to as "USI"), through their attorneys, submit this opening

memorandum in support of their motion for summary judgment of that U.S. Patent

4,595,894 is invalid under 35 U.S.C. § 112, second paragraph, for indefiniteness. USI

submits that the no genuine issue of material fact exists, and the present motion is ripe

for adjudication.

## INTRODUCTION

A patent owner has a duty to read and, where necessary, to correct its patents.

This duty is particularly acute when errors appear in the patent's claims.  In the present

case, an error in the claims went unnoticed for some thirteen years.

Claims play a pivotal role in ascribing the scope of monopoly protection a patent

affords its owner.  It is the patent's claims which define for the public the boundary lines

1

of the patent's protection. If the bounds of a patent are unintelligible, the claims have failed in their public notice function, and the patent is statutorily invalid for indefiniteness.

A claim missing words is *per se* indefinite, and, as such, unpatentable. Claims must stand alone to define the metes and bounds of the protected invention. A claim missing words, by definition, fails in its statutory mandate of particularly pointing out and distinctly claiming the invention. If a claim is missing words and therefore requires the public to guess what the patentee meant to claim, the entire purpose of the claim is defeated. Until corrected by the remedial measures set forth in the patent statute, the patent remains invalid and unenforceable.

In certain circumstances, a Certificate of Correction may be solicited to cure errors in a patent. However, by statute, a Certificate of Correction is only obtainable if the error is clear from the official records of the United States Patent and Trademark Office (PTO). In carrying out this statutory mandate, the PTO's rules and guidelines require that the file history for the patent in question be fully reviewed to ascertain if the error sought to be corrected is of a minor or clerical nature, the source of the error, and the propriety of its correction via a Certificate of Correction. In the present case, this duty was improperly abrogated, thereby rendering the Certificate of Correction a nullity.

The parties do not dispute that neither the PTO nor the Plaintiff had a copy of the file history for the `894 patent when the Certificate of Correction was solicited and approved. The parties do not dispute that a Certificate of Correction cannot properly issue if the file history has not been reviewed. Finally, the parties do not dispute that the claims of the `894 in their uncorrected form would not be allowed to issue as a valid

patent. Accordingly, there is no genuine issue of fact as to the improper issuance of the Certificate of Correction, its voidance, and the resulting indefiniteness and invalidity of the `894 patent.

## FACTUAL BACKGROUND

Plaintiff, Leviton Manufacturing Company, Inc. ("Leviton"), was the owner of now expired United States Patent No. 4,595,894 (the "'894 patent")(Exhibit 1). The `894 patent issued on June 17, 1986 with an error in claim 1, the only independent claim in the patent, which rendered the claim unintelligible. Specifically, claim 1 as issued was missing the bolded text below:

> Switching apparatus for selectively interrupting an electrical connection between input and output conductors, or the like,
> comprising, in combination: a housing;
> magnetizable plunger means disposed within a portion of said housing for movement between first and **second positions; electromagnetic coils means disposed within** said housing for moving said plunger means when energized from the first position to the second position;
> an input contact electrically connected to said input conductor; an output contact electrically connected to said output conductor;
> strap means for mounting the switching apparatus upon a selected surface, said strap means including portions thereof which define a path of the magnetic field generated by said coil means to influence the position of said plunger means, and
> movable means responsive to movement of said plunger means for influencing a separation of said input and output contacts, thereby interrupting electrical connection between them, said movable means including first and second movable members, movement of said second member being caused by movement of said first member.

After discovering the error sometime in 1988, Plaintiff solicited and procured on July 12, 1988, a Certificate of Correction to the `894 patent (Exhibit 2). The Certificate of Correction failed to correct the errors in claim 1 in as much as it proposed to correct claim 2 instead of claim 1:

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

**Column 7, line 3, Claim 2, after "and" should read --second positions; electromagnet coil means disposed within--**

The error in the July 12, 1988 Certificate of Correction is not simply a "2" being printed where a "1" should have been printed.   In conformance with the 1988 Certificate of Correction, claim 2, as corrected, reads as follows:

> 2. Switching apparatus according to claim 1, wherein said first member is movable with and **second positions; electromagnet coil means disposed within** operatively connected to said plunger means.

To correct claim 1 to read as now asserted by Leviton, the Certificate of Correction should have read:

> Column 6, line 53, Claim 1 after "and" should read --second positions; electromagnet coil means disposed within--.

The effect of this Certificate of Correction was to render the '894 patent claims non-sensical, or even more so, as they were when originally printed.

Although the claim was left uncorrected, sometime in the late 1990s and early 2000-2001 time period, Plaintiff initiated a series of lawsuits alleging infringement of the '894 patent.   One of the suits filed was Civil Action No. 01-cv-2789 (D. Md. 2001), filed on September 20, 2001, against USI.   Counsel for USI informed Plaintiff's counsel that uncorrected claims cannot be enforced against competitors under Federal Circuit precedent.   Plaintiff's counsel then contacted the PTO to inquire about a second Certificate of Correction filed for on July 17, 2001.   The PTO informed counsel that the paperwork was lost and the file history of the '894 patent was as well.   The PTO requested a copy of the file history from Plaintiff's counsel.   On October 18, 2001,

4

Plaintiff forwarded a copy of its July 17, 2001 request and informed the PTO that Plaintiff's only copy of the file history was destroyed in a fire/flood.

Despite not having the file history to review as required by its rules, the PTO approved the second Certificate of Correction on October 22, 2001. The suit pending against USI was dismissed days later, as were all but one of the sister suits around the country. The second Certificate of Correction issued on December 11, 2001 (Exhibit 3). The present action was filed two days later.

## ARGUMENT

### I. LEGAL CONSIDERATIONS

#### A. Standard for Summary Judgment

"Summary judgment is available in patent cases as in other areas of litigation." *Continental Can. Co. USA v. Monsanto Co.*, 948 F.2d 1264, 1265 (Fed. Cir. 1991). Rule 56(c) of the Federal Rules of Civil Procedure provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court's 1986 "trilogy" of *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986), *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), and *Matsushita Electric Indus. v. Zenith Radio*, 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact. Once the moving party has made this showing, the nonmoving party must "designate 'specific facts showing that there is a **genuine** issue for trial." *Celotex,* 477 U.S. at 324 (*quoting* Fed. R. Civ. P. 56(c))(emphasis added).

"When the moving party has carried its burden under Rule 56(c ), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586. When determining whether there is a genuine issue for trial, "inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita,* 475 U.S. at 587 (citation omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50 (citations omitted). "For a dispute of a material fact to be 'genuine' the *evidence* must be 'such that a reasonable jury could return a verdict for the non-moving party.'" *Apple Computer v. Articulate Systems, Inc.,* 234 F.3d 14, 20 (Fed. Cir. 2000)(citing *Liberty Lobby,* 477 U.S. at 248)(emphasis added).

## B. Presumption of Validity

Patents are presumed valid by statute. 35 U.S.C. § 282. The presumption of validity can be overcome if a party produces clear and convincing evidence of invalidity. *Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc.,* 98 F.3d 1563, 1569 (Fed. Cir. 1996). "The presumption of validity is based on the presumption of the administrative correctness of action of the agency charged with examination of patentability." *Id.* "The Examiner's decision, on an original or reissue application, is never binding on the court. It is, however, evidence the court must consider in determining whether the party asserting invalidity has met its statutory burden by clear and convincing evidence." *Interconnect Planning Corp. v. Feil,* 774 F.2d 1132, 1139 (Fed. Cir. 1985).

The presumption of validity is just that – a presumption. The presumption and burden of proof remains with the party asserting invalidity, but may be overcome with a

proper showing of invalidity. *American Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d 1350, 1359-60 (Fed. Cir. 1984)("[N]ew prior art not before the PTO may so clearly invalidate a patent that the burden is fully sustained merely by proving its existence and applying the proper law . . . ."). The production of invalidating evidence may "eliminate, or at least reduce, the element of deference due the PTO, thereby partially, if not wholly, *discharging* the attacker's burden." *Id.* at 1560. "When new evidence touching validity of the patent not considered by the PTO is relied on" the evidence may "carry more weight and go further toward sustaining the attacker's unchanging burden." *Id.*

## II. THE DECEMBER 11, 2001 CERTIFICATE OF CORRECTION WAS IMPROPERLY ISSUED

### A. Requirements for Issuing Certificates of Correction

Pursuant to 35 U.S.C. § 254, "[w]henever a mistake in a patent, incurred through the fault of the Patent and Trademark Office, is clearly disclosed by the records of the Office, the Director may issue a certificate of correction." 35 U.S.C. § 254. Pursuant to 35 U.S.C. § 255, certificates of correction are also available for clerical, typographical or minor mistakes on the part of the applicant, upon the payment of the prescribed fee. 35 U.S.C. § 255. These statutes and their counterpart rules in the Code of Federal Regulations, 37 C.F.R. § 1.322 and 1.323, respectively, are carried out by Examiner's pursuant to guidelines set forth in the Manuel of Patent Examining Procedure ("MPEP"). The MPEP requires Examiner's to review the file history to determine "whether an error has been made, the responsibility for the error, if any, and whether the error is of such a nature as to justify the issuance of a Certificate of Correction." See MPEP § 1485. (Exhibit 4).

7

### B. The `894 Patent's File History was Not Reviewed

#### 1. The PTO's Copy of the File History is Missing

The parties do not dispute that the PTO did not have a copy of the file history of

the '894 patent to review in deciding the propriety of the Certificate of Correction. From

the Patent Application Information Retrieval ("PAIR") printout for the '894 patent, the file

has been missing since 1989, and the subject of numerous "Official Searches" for the

file history. *See* PAIR and PALM Printouts for U.S. Patent 4,595,894 (Exhibit 5). The

PTO will conduct an official search for 3 to 4 weeks before terminating the official

search (which shows up on the PAIR report as "TMOS"). *See* Deposition of Jerome

Massie at 51:17 to 53:19 (Exhibit 7). The PAIR printout is consistent with the searches

for the '894 file history being terminated without the file being found. *Id.* If the official

search is successful, a "Case Found" indication should be present on the PAIR printout.

*See* PAIR printout for U.S. 4,518,945 (Exhibit 6); Massie depo. at 53:11-19 (Exhibit 7).

No such "Case Found" indication appears on the '894 patent's reports.

#### 2. Reconstruction Is Unavailable Because Leviton Does Not Have a Copy of the File History

**REDACTED** (Exhibit 8). USI, and presumably the other defendants in sister

litigations, have made similar attempts to procure a copy of the file history from the

PTO, but are consistently informed that the file history is lost. When file histories are

lost by the PTO, the Office allows them to be "reconstructed" by the applicant or

patentee. 37 C.F.R. §1.251. In so doing, the PTO contacts the applicant or patentee

and requests their copy of the file history. *Id.* If an applicant is unable to reconstruct the

file, the application goes abandoned. *Id.* No such reconstruction occurred in this case

because the patentee could not produce its copy of the file history.

8

### 3.  The PTO Did Not Have a Copy of the File History to Review

On July 17, 2001, despite knowing that neither Leviton nor the PTO had a copy

of the file history, Plaintiff' litigation counsel, Paul Sutton, submitted a Request for a

second Certificate of Correction.  *See* Request for Certificate of Correction dated July

17, 2001 (Exhibit 9).The PTO took no action on the Request.  During its pendency, on

September 21, 2001, Leviton sued USI for infringement of the '894 patent.

In October of 2001, USI's counsel apprised Plaintiff's counsel of the Federal

Circuit's opinion in *Southwest Software v. Harlequin,* 226 F.3d 1280 (Fed. Cir. 2000),

which held that a certificate of correction issuing after the commencement of a lawsuit is

not to be given effect.  On November 1, 2001, Plaintiff dismissed its suit, without

prejudice.


**REDACTED**


On October 18, 2001, Mr. Sutton sent the PTO via facsimile a copy of the July

17, 2001 request along with a transmittal letter confirming the destruction and

unavailability of his only copy of the file history.  *See* Facsimile from Paul J. Sutton of

Greenberg, Traurig LLP to Ms. Cecilia Newman of USPTO at 5.  (Exhibit 10).  There is

no indication in the PAIR printout that the PTO somehow located the missing file history

over the weekend between the Thursday, October 18 facsimile communication and the

allowance of the Certificate of Correction on Tuesday, October 22, 2001 (*See* Exhibit

6)[1]. All available evidence demonstrates that the PTO did not review the file history of the '894 patent before authorizing the issuance of the second Certificate of Correction.

### C. Both Parties' Experts Agree a Certificate of Correction Cannot Validly Issue Without Reviewing the File History

#### 1. The Honorable Lawrence J. Goffney, Jr.

The Honorable Lawrence J. Goffney, Jr., the former Commissioner for Patents, sets forth in his expert report that there is no basis for the issuance of the December 11, 2001 Certificate of Correction. See Expert Report of Lawrence J. Goffney, Jr., 01-CV-3855, February 24, 2003 at ¶¶ 113-116 (Exhibit 11). According to Commissioner Goffney, "no PTO personnel could have found that the mistake was clearly disclosed in the records" due to the fact that the '894 patent's file history was missing, and thus, "the Certificate of Correction could not have been issued following the requirements or with the authorization of the M.P.E.P." Id. at ¶113. Further, Commissioner Goffney notes that "there is no indication that the Commissioner, himself, authorized suspension of the rules" and thus, the party approving the certificate of correction "was without authority to do so." Id. ¶ 114. Finally, Commissioner Goffney noted that the microfiche and PAIR records for the '894 patent are not a suitable source surrogate for the file history because they do not reflect the content of communications (potential amendments or estoppel creating comments), possible reasons for allowance or Examiner's amendments, or simply may be incomplete. Id. at ¶¶115-116.

During his deposition, Commissioner Goffney elaborated on why the official file history of a patent must be used as the sole source of intrinsic information relating to decisions such as issuing a certificate of correction. See Deposition of Lawrence J.

---

[1] Indeed, there is no indication in PAIR of any official action being taken at all in connection with US

Goffney, 01-CV-3855, June 3, 2003 at 62:2 to 84:13 (Exhibit 12). In Commissioner

Goffney's opinion, guessing what the contents of a file history may be is impermissible,

the public is only protected if there is an official file history consulted for all purposes.

Commissioner Goffney opines that reissue is "particularly suited for this case, because

during the prosecution of the reissue application, a new prosecution history would be

developed." Goffney Decl. at ¶ 118. In his opinion, reissue "would be the only

alternative that would protect the public." Id.

### 2. Mr. Jerome W. Massie - Plaintiff's Expert

The Plaintiff's expert shares the opinion that the file history of a patent must be

reviewed before a Certificate of Correction can be approved. In the present case,

during his deposition and in reference to the December 11, 2001 Certificate of

Correction, Mr. Massie testified:

> Q. From Exhibit I, where you see what you have identified as Mr. Chaudhuri's initials, can you tell whether or not he looked at the file history of the '894 Patent before allowing this Certificate of Correction to be published?
>
> ...
>
> Mr. Chaudhuri would have had to look at the file to determine if in fact an error had taken place, and whose responsibility was it.
>
> ...
>
> Q. If he didn't look at the file, would he have been wrong to allow the Certificate of Correction to issue not knowing the source of the error?
>
> A. It would not have been – it would have approached irresponsible, to be honest with you. It would not have been professionally correct thing to do.
>
> ...
>
> A. I would say that yes, it does not, for example, proper procedure to approve a Certificate of Correction without file wrapper.
>
> Q. In your years of approving Certificate of Corrections did you ever approve a Certificate of Correction without the file wrapper?

---

4,595,894 during the month of October 2001.

> A. No. In my personal experience I don't know anyone who ever
> did.

Massie Depo. at 157:8 to 160:12. (Exhibit 7).

Given that both parties' experts agree that the issuance of a Certificate of Correction is improper and not in accordance with PTO procedure if the file history is not reviewed, and given the clear and convincing evidence that the PTO neither had access to nor reviewed a copy of the file history, the December 11, 2001 Certificate of Correction should not be relied upon in determining the validity of the claims of the '894 patent.

The duty of a patentee to read and correct its patents is uncompromising. *See Southwest Software*, 226 F.3d at 1296. ("Moreover, it does not seem to us to be asking too much to expect a patentee to check a patent when it is issued in order to determine whether it contains any errors that require a certificate of correction."). Accordingly, there is no issue of material fact as to the invalidity of claim 1 of the '894 patent as issued.

### D. The Uncorrected Patent is Invalid Under 35 U.S.C. §112, Second Paragraph, for Indefiniteness

#### 1. *Mr. Massie Concedes Invalidity*

Mr. Massie, Plaintiff's own patent expert, even admits that claim 1 of the '894 patent would have been rejected by the U.S. Patent and Trademark Office (USPTO) if the missing language had not been in the claim:

> In my experience at the USPTO, I had not seen a situation where a Primary Examiner would have allowed on first action a claim that was so obviously missing a line of text. It is standard practice, as set out in the MPEP Chapter 904.01(a), that the Examiner analyze, or diagram, each feature of the claim in order to understand the scope of the invention, so that a comprehensive search of the prior art could be properly accomplished. In performing that process, *the Examiner would have necessarily noticed missing text, and would have required*

*amendment of the text of Claim 1,* either by Examiner's Amendment or by an applicant's amendment following an office action.

*See* Declaration of Jerome Massie (Civ. Action 01 CV 3855 (AMD)) at para. 10, filed as Exhibit to Plaintiff's Opposition to Defendants' Motion to Disqualify, (emphasis added) (Exhibit 13). Plaintiff's expert reiterated this statement in his expert report and confirmed the invalidity of the claim during his deposition. *See* Deposition of Jerome Massie, at 68:6 to 73:1 and 170:5 to 171:7 (Exhibit 7). Plaintiff's expert is correct, the claim would not have been allowed with the missing text. The inevitable, and only reasonable conclusion, is that because the claim was missing text that would not have been allowed by the PTO, it is facially invalid. Coupling, Plaintiff's expert's testimony with the facts of record, claim 1 in the form it originally issued would have been rejected by the USPTO. Consequently, there is no issue of material fact as to the invalidity of claim 1 of the '894 patent as originally issued.

### 2. The Patent as "Corrected" by the 1988 Certificate of Correction Remained Invalid Under 35 U.S.C. 112

Sometime in 1988, Plaintiff or its attorneys realized that claim 1 of the patent was missing text. Plaintiff sought a Certificate of Correction to correct the error. The paperwork submitted by Plaintiff's attorneys to solicit the Certificate of Correction remains missing with the lost file wrapper. In any event, the Certificate of Correction issued on July 12, 1988 reads:

> Column 7, line 3, Claim 2, after 'and' should read --second positions; electromagnet coil means disposed within--.

Facially, the 1988 Certificate of Correction very specifically addressed correction of claim 2, not claim 1. Consequently, claim 1 was not corrected and Plaintiff's filing served only to further muddle the patent. Remarkably, the deficiencies in this Certificate

13

of Correction went unnoticed for some 13 years until after Plaintiff initiated its initial round of lawsuits.

Moreover, in view of the absence of the file history, including the filings associated with the 1988 Certificate of Correction, whether the injected further ambiguity into claim 2 originated with or was the fault with Plaintiff or of the USPTO, is indeterminate. However, there is agreement that the 1988 Certificate of Correction did not correct the error in the patent as originally printed. Regardless of the source of the error, the fact remains that claim 1 was still missing text after the issuance of the 1988 Certificate of Correction.

### 3.  Leviton's own Actions Demonstrate Invalidity of the Patent Claims

By its own actions, Plaintiff engaged in seeking two successive Certificates of Correction, in 1988 and 2001. On this, there is no dispute. In filing for the first Certificate, it cannot be reasonably disputed that Plaintiff and its counsel recognized that something was amiss with the patent as originally issued. Nearly thirteen years later, Plaintiff's pursuit of the further Certificate of Correction confirms its own belief that the first Certificate of Correction was flawed and required subsequent correction. Even Plaintiff's own patent expert concedes that the claim was invalid, as issued, and was not corrected by the 1988 Certificate of Correction. There is simply no issue of material fact that obviates the invalidity of claim 1 of the `894 patent after the issuance of the first Certificate of Correction. Consequently, until issuance of the improperly obtained December 11, 2001 Certificate of Correction, the claims were facially indefinite.

14

**CONCLUSION**

In view of the foregoing, Defendants' respectfully request that their motion for summary judgment for invalidity of U.S. Patent 4,595,894 for indefiniteness under 35 U.S.C. 112, second paragraph, be granted.

Respectfully submitted,

By: _____
William E. Bradley, Esq.
Maurice U. Cahn, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777 (Phone)
(202) 331-3838 (FAX)

15