to accept an unintentionally delayed submission of an amendment under this section *during the pendency of the application*. (emphasis added)

35 U.S.C. 119(e)(1), as amended by the AIPA, clearly prohibits the addition or correction of priority claims under 35 U.S.C. 119(e) when the application is not pending, e.g., an issued patent. Therefore, a Certificate of Correction is no longer a valid mechanism for adding or correcting a priority claim under 35 U.S.C. 119(e) after a patent has been granted on an application filed on or after November 29, 2000.

Under certain conditions as specified below, however, a Certificate of Correction can still be used, with respect to 35 U.S.C. 120 priority, to correct:

(A) the failure to make reference to a prior copending application pursuant to 37 CFR 1.78(a)(2); or

(B) an incorrect reference to a prior copending application pursuant to 37 CFR 1.78(a)(2).

Where priority is based upon 35 U.S.C. 120 to a **national application**, the following conditions must be satisfied:

(A) all requirements set forth in 37 CFR 1.78(a)(1) must have been met in the application which became the patent to be corrected;

(B) the prior copending application to be added via the Certificate of Correction must be identified elsewhere (other than the first sentence of the specification following the title or in an application data sheet) in the application papers;

(C) it must be clear from the record of the patent and the parent application(s) that priority is appropriate; and

(D) a grantable petition to accept an unintentionally delayed claim for the benefit of a prior application must be filed, including a surcharge as set forth in 37 CFR 1.17(t), as required by 37 CFR 1.78(a)(3).

Where 35 U.S.C. 120 and 365(c) priority based on an **international application** is to be asserted or corrected in a patent via a Certificate of Correction, the following conditions must be satisfied:

(A) all requirements set forth in 37 CFR 1.78(a)(1) must have been met in the application which became the patent to be corrected;

(B) the prior copending application to be added via the Certificate of Correction must be identified in the application papers other than in the first sentence of the specification following the title or in an application data sheet and other than in a claim under 35 U.S.C. 119(a)-(d);

(C) it must be clear from the record of the patent and the parent application(s) that priority is appropriate;

(D) the patentee must submit with the request for the certificate copies of documentation showing designation of states and any other information needed to make it clear from the record that the 35 U.S.C. 120 priority is appropriate (see MPEP § 201.13(b) as to the requirements for 35 U.S.C. 120 priority based on an international application;

(E) the first sentence of the specification must be amended to indicate whether the international application was published under PCT Article 21(2) in English as required by 37 CFR 1.78(a)(2); and

(F) a grantable petition to accept an unintentionally delayed claim for the benefit of a prior application must be filed, including a surcharge as set forth in 37 CFR 1.17(t), as required by 37 CFR 1.78(a)(3).

If all the above-stated conditions are satisfied, a Certificate of Correction can be used to amend the patent to make reference to a prior copending application, or to correct an incorrect reference to the prior copending application, for benefit claims under 35 U.S.C. 120 and 365(c).

If any of the above-stated conditions is not satisfied, the filing of a reissue application (see MPEP § 1401 - § 1460) may be appropriate to pursue the desired correction of the patent for benefit claims under 35 U.S.C. 120 and 365(c).

## 1485 Handling of Request for Certificates of Correction

A request for a Certificate of Correction should be addressed to the attention of the Certificate of Correction Branch, Commissioner for Patents, Washington, DC 20231. Requests for Certificates of Correction will be forwarded to the Certificate of Correction Branch of the Office of Patent Publication, where they will be listed in a permanent record book.

If the patent is involved in an interference, a Certificate of Correction under 37 CFR 1.324 will not be issued unless a corresponding motion under 37 CFR 1.634 has been granted by the administrative patent judge. Otherwise, determination as to whether an error has been made, the responsibility for the error, if any, and whether the error is of such a nature as to justify the issuance of a Certificate of Correction will be made by the Certificate of Correction Branch. If a report is necessary in making such determination, the case will be forwarded to the appropriate group with a request that the report be furnished. If no certificate is to issue, the party making the request is so notified and the request, report, if any, and copy of the communication to the person making the request are placed in the file and entered thereon under "Contents" by the Certificate of Correction Branch. The case is then returned to the patented files. If a certificate is to issue, it will be prepared and forwarded to the person making the request by the Office of Patent Publication. In that case, the request, the report, if any, and a copy of the letter transmitting the Certificate of Correction to the person making the request will be placed in the file and entered thereon under "Contents".

Applicants, or their attorneys or agents, are urged to submit the text of the correction on a special Certificate of Correction form, PTO/SB/44 (also referred to as Form PTO-1050), which can serve as the camera copy for use in direct offset printing of the Certificate of Correction.

Where only a part of a request can be approved, or where the Office discovers and includes additional corrections, the appropriate alterations are made on the form PTO/SB/44 by the Office. The patentee is notified of the changes on the Notification of Approval-in-part form PTOL-404. The certificate is issued approximately 6 weeks thereafter.

Form PTO/SB/44 should be used exclusively regardless of the length or complexity of the subject matter. Intricate chemical formulas or page of specification or drawings may be reproduced and mounted on a blank copy of PTO/SB/44. Failure to use the form has frequently delayed issuance since the text must be retyped by the Office onto a PTO/SB/44.

The exact page and line number where the errors occur in the application file should be identified on the request. However, on form PTO/SB/44, only the column and line number in the printed patent should be used.

The patent grant should be retained by the patentee. The Office does not attach the Certificate of Correction to patentee's copy of the patent. The patent grant will be returned to the patentee if submitted.

Below is a sample form illustrating a variety of corrections and the suggested manner of setting out the format. Particular attention is directed to:

(A) Identification of the exact point of error by reference to column and line number of the printed patent or to claim number and line where a claim is involved.

(B) Conservation of space on the form by typing single space, beginning two lines down from the printed message.

(C) Starting the correction to each separate column as a sentence, and using semicolons to separate corrections within said column, where possible.

(D) Two-inch space left blank at bottom of the last sheet for signature of attesting officer.

(E) Use of quotation marks to enclose the exact subject matter to be deleted or corrected; use of double hyphens (-- --) to enclose subject matter to be added, except for formulas.

(F) Where a formula is involved, setting out only that portion thereof which is to be corrected or, if necessary, pasting a photocopy onto form PTO/SB/44.

UNITED STATES PATENT AND TRADEMARK OFFICE CERTIFICATE OF CORRECTION

Patent No. -- -- -- -- --

Dated April 1, 1969

James W. Worth

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

In the drawings, Sheet 3, Fig. 3, the reference numeral 225 should be applied to the plate element attached to the support member 207. Column 7, lines 45 to 49, the left hand formula should appear as follows:

Column 10, formula XXXV, that portion of the formula reading

$$\begin{array}{cc} CH & CN \\ | & | \\ -C- & -C- \end{array}$$ should read $$\begin{array}{cc} CH & CN \\ | & | \\ -C- & -C- \end{array}$$

Formula XXXVII, that portion of the formula reading "-CH2CH-" should read — -CHCH- —.

Column 2, line 68 and column 3, lines 3, 8 and 13, for the claim reference numeral "2", each occurrence, should read —1—.

Column 10, line 16, cancel beginning with "12. A sensor device" to and including "tive strips." in column 11, line 8, and insert the following claim:

12. A control circuit of the character set forth in claim 1 and for an automobile having a convertible top, and including; means for moving said top between raised and lowered retracted position; and control means responsive to said sensor relay for energizing the top moving means for moving said top from retracted position to raised position.

## ELECTRONIC PUBLICATION OF CERTIFICATES OF CORRECTION WITH LATER LISTING IN THE *OFFICIAL GAZETTE*

Beginning in August of 2001, the U.S. Patent and Trademark Office (USPTO) will begin to publish on the USPTO web site at http://www.uspto.gov/web/patents/certofcorrect a listing by patent number of the patents for which certificates of correction are being issued.

The USPTO is now automating the publication process for certificates of correction. This new process will result in certificates of correction being published quicker electronically on the USPTO's web site as compared to their paper publication and the listing of the certificates of correction in the *Official Gazette*. Under the newly automated process, each issue of certificates of correction will be electronically published on the USPTO web site at http://www.uspto.gov/web/patents/certofcorrect, and will also subsequently be listed in the *Official Gazette* (and in the *Official Gazette Notices* posted at http://www.uspto.gov/web/offices/com/sol/og) approximately three weeks thereafter. The listing of certificates of correction in the *Official Gazette* will include the certificate's date of issuance.

On the date on which the listing of certificates of correction is electronically published on the USPTO web site: (A) the certificate of correction will be entered into the file wrapper of the patent and will be available to the public; (B) a printed copy of the certificate of correction will be mailed to the patentee or the patent's assignee; and (C) an image of the printed certificate of correction will be added to the image of the patent on the patent database at http://www.uspto.gov.patft. Dissemination of all other paper copies of the certificate of correction will occur shortly thereafter.

The date on which the USPTO makes the certificate of correction available to the public (e.g., by adding the certificate of correction to the file wrapper) will be regarded as the date of issuance of the certificate of correction, not the date of the certificate of correction appearing in the *Official Gazette*. Certificates of correction published in the above-described manner will provide the public with prompt notice and access and is consistent with the legislative intent behind the American Inventors Protection Act of 1999. See 35 U.S.C. 10(a) (authorizing the USPTO to publish in electronic form).

The listing of certificates of correction can be electronically accessed on the day of issuance at http://www.uspto.gov/web/patents/certofcorrect. The electronic image of the printed certificate of correction can be accessed on the patent database at http://www.uspto.gov/patft and the listing of the certificates of correction, as published in the *Official Gazette* three weeks later, will be electronically accessible at http://www.uspto.gov/web/offices/com/sol/og.

PTO/SB/44 (02-01)
Approved for use through 01/31/2004. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.
(Also Form PTO-1050)

# UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE OF CORRECTION

PATENT NO    :

DATED        :

INVENTOR(S)  :

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

MAILING ADDRESS OF SENDER:                                      PATENT NO. _____

No. of additional copies



Burden Hour Statement: This form is estimated to take 1.0 hour to complete. Time will vary depending upon the needs of the individual case. Any comment on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.