## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

LEVITON MANUFACTURING CO., INC.,

      Plaintiff,

                              : Civil Action No. 01 CV 3855 AMD

v.

UNNERSAL SECURITY
INSTRUMENTS, INC., et al,

      Defendants.

## DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES 1-16

Pursuant to Fed. R. Civ. Pro. 33, Defendants Universal Security Instruments, Inc. and USI Electric, Inc. hereby serve their supplemental responses to Interrogatory Nos. 6,7,8 and 9; and their second supplemental responses to Interrogatory Nos. 1 and 3 of Plaintiff Leviton Manufacturing Company, Inc.'s First Set of Interrogatories (1-16). The General Objections previously served in response to these interrogatories are hereby incorporated by reference.

## SPECIFIC SUPPLEMENTAL RESPONSES

INTERROGATORY NO.1
      Identify by model number or other unique designation for each model of ground fault circuit interrupter ("GFCI") manufactured, used, offered for sale or sold by the defendants in the United States, and for each identified model, including, but not limited to, USI Model Nos. 8155 and 8205, identify the manufacturer thereof, state the unit and dollar sales thereof and the profit earned therefrom, by year, to date, resulting from the sales thereof.

## OBJECTIONS:

**CONFIDENTIAL**
OUTSIDE COUNSEL ONLY

the rumor on July 21, 2000 (produced as USI 4973). Bao Minghu a/k/a Barkley

of the Chinese manufacturer responded to Mr. Kovens' letter confirming the

rumor on June 23, 2000 (produced as USI 4972). Mr. Kovens wrote another

letter asking for additional information, including the patent number(s) of the

patent(s)-in-suit (produced as USI 4955). Barkley sent a response on June 23,

2000 wherein he identified the '894 patent as the patent-in-suit (produced as USI

4954).

INTERROGATORY NO.6

    If the defendants contend that any of the defendants' GFCIs do not meet
all of the limitations (either literally or by equivalents) of each of the claims of the
Leviton Patent, then, using the claims chart depicted below, identify which
limitations of the claims are not met by an element of each of the defendants'
GFCIs, and forth in detail why each such element does not meet each such
limitation.

| CLAIM LIMITATION | ELEMENTS NOT FOUND IN DEFENDANTS' PRODUCT (If found, state "YES") |
|---|---|
| 1. Switching apparatus for selectively interrupting an electrical connection between input and output conductors, or the like, comprising, in combination | |
| a housing; | |
| magnetizable plunger means disposed within a portion of said housing for movement between first and second positions; | |
| electromagnet coil means disposed within said housing for moving said plunger means when energized from the first position to the second position; | |
| an input contact electrically connected to said input conductor; | |

| | |
|---|---|
| an output contact electrically connected to said output conductor, | |
| strap means for mounting the switching apparatus upon a selected surface, | No, Defendants' GFCI models do not have the structural features (or equivalents) of the structure of the strap means disclosed in the specification. |
| said strap means including portions thereof which define a path of the magnetic field generated by said coil means to influence the position of said plunger means, | No, Defendants' GFCI models do not include this feature as understood from the specification and the claims of the Leviton patent. Defendants GFCI models do not have a strap means with portions which define a path of the magnetic field. Furthermore, Defendants do not understand the meaning of the word "influence" as used herein because no guidance is provided in the Leviton patent or its history. Defendants GFCI models do not have a strap means with portions that influence the position of said plunger means |
| and movable means responsive to movement of said plunger means for influencing a separation of said input and output contacts, thereby interrupting electrical connection between the, | No, Defendants' GFCI models do not include this feature as Defendants do not understand the meaning of the word "influencing" as used herein even after careful review of the Leviton patent. |
| Said movable means including first and second movable members, movement of said second member being caused by movement of said first member. | |
| 2. Switching apparatus according to claim 1, wherein said first member is movable with and operatively connected to said plunger means. | |
| 3. Switching apparatus according to claim 1, wherein said plunger means comprises a plunger member formed with a relatively elongated portion which extends into portions of said | |

**CONFIDENTIAL**
OUTSIDE COUNSEL ONLY

7

| electromagnetic coil means. | |
|---|---|
| 4. Switching apparatus according to claim 1, further including spring means for returning said plunger means to said first position after energization of said coil means. | No, Defendants' GFCI models do not include this feature as Defendants do not understand this claim feature as the patent does not teach or describe a spring means for returning the plunger means to said first position after engerization of said coil means." |

## OBJECTIONS:

Defendants object to this interrogatory on the grounds that Plaintiff carries

the burden of proving infringement at trial.  Defendants also object to this

interrogatory as premature in that the scope and meaning of the language of the

claims has not been established.  Defendants also object to this interrogatory as

premature in that one or more experts may be required in providing the

requested information.

## RESPONSE:

Subject to, and without waiving the foregoing objections, Defendants

submit the claim chart filled in above.

## SUPPLEMENTAL RESPONSE:

Subject to, and without waiving the foregoing objections, Defendants

submit the claim chart filled in above.  Defendants reserve the right to change or

supplement their theory of non-infringement after the claims have been properly

construed as a matter of law by the Court.

INTERROGATORY NO.7
    If the defendants contend that any claim of the Leviton Patent' anticipated
by the prior art, identify each document or other evidence upon which the
defendants base their contention as to each such claim of the Leviton Patent, by
using the claims chart as depicted below.

**CONFIDENTIAL**
OUTSIDE COUNSEL ONLY