IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC. ) | |
| ) | |
| (Plaintiff) ) | |
| vs. ) | 01CV3855 AMD |
| ) | |
| UNIVERSAL SECURITY INSTRUMENTS, ) | |
| INC. et al ) | |
| (Defendants) ) | |

## DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND SUPPORTING MEMORANDA

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendants' Universal Security Systems, Inc. and USI Electric, Inc. (hereinafter collectively "USI"), respectfully submit this motion to compel and its supporting memorandum for consideration by the Court. USI seeks an order compelling the Plaintiff to produce catalogs and other advertising materials featuring its ground fault circuit interrupting devices (GFCIs) dating back to 1983. These materials were the subject of at least two of USI's requests for production pursuant to Fed. R. Civ. P. 34 and the target of two different document inspection trips to New York. USI also asks the Court to award USI its costs and fees associated with pursuing the production of these materials and such other relief the Court deems proper.

## INTRODUCTION

Throughout discovery, Plaintiff has attempted to conceal the fact that it maintains an archive of its catalogs dating back to at least the time it began selling GFCIs. Plaintiff's continuing refusal to produce its catalogs leads to the logical conclusion that these catalogs contain material very damaging to Plaintiff's case. In particular, Defendants

believe the catalogs will conclusively establish that Plaintiff's GFCI Model No. 6599 was on sale more than one year before the filing date of U.S. Patent No. 4,595,894 ("the '894 patent"), thereby rending the patent invalid under 35 U.S.C. § 102(b), and also confirming that Plaintiff has never used its products' appearance as an indication of source, thereby rebutting its claim of product configuration trade dress.

## ARGUMENT

On October 15, 2003, USI sent Defendants' First Request for Production of Documents (1-27) (Exhibit 1). Document Request No. 19 sought, *inter alia*, "price lists, product catalogues, publications," related to the "promotion, marketing, packaging or advertising" of Plaintiff's GFCIs. Document Request No. 22 sought, *inter alia*, all documents "relating to offers for sale, or solicitation of orders" for Plaintiff's GFCIs. On November 18, 2002, in response to both requests, Plaintiff stated it would "make available for inspection and copying, responsive non-privileged, non-work product documents, relevant to the claims of the patent in suit to the extent such documents exist, and can be located after a reasonable search." Plaintiff Leviton's Responses to Defendants' First Request for Production of Documents (1-27) (Exhibit 2).

On January 16, 2003, USI's counsel traveled to Leviton's New York headquarters to review documents produced pursuant to the document requests. One of the categories of documents of particular interest to USI were Plaintiff's catalogs and promotional materials due to the importance of such materials, for example, in defending against accusations of product configuration trade dress infringement. In view of the fact that only a handful of

Plaintiff's recent catalogs and brochures were produced, USI's counsel inquired as to whether Plaintiff kept a library of its old catalogs as is customary in most companies. Plaintiff's counsel informed USI that <u>all</u> responsive documents were produced.[1]

On January 22, 2003, USI followed up its document inspection with a letter outlining some of the deficiencies in the production.[2] (Exhibit 3). At the conclusion of the letter, USI asked that Plaintiff confirm the non-existence or the reason for non-production of certain types of documents typically in the possession of a patentee in a patent infringement action. Among the types of documents listed were "[d]ocuments relating to the promotion, marketing, packaging or advertising of Leviton's GFCIs" and "[c]atalouges from the past 15 years (other than the recent ones provided for inspection)." In a January 29, 2003 letter, Plaintiff voiced its "disagree[ment] with Defendants' contention that 'many of the types of documents usually possessed by a plaintiff in a patent action were not produced for inspection'" and confirmed Leviton "has produced the responsive, non-privileged documents, subject to Leviton's proper objections, in Leviton's possession, custody, or control." (Exhibit 4). USI relied on this representation.

Recently, USI learned that Leviton does keep an archive of its old catalogs. In a June 6, 2003 letter, USI informed Plaintiff that it learned of the archive of catalogs and requested that they be produced during USI's scheduled document review in New York.

---

[1] USI's counsel also inquired about the non-production of inventors' laboratory notebooks, conception documents, and sales information.

[2] Many of the deficiencies relate to Plaintiff's reliance on Rule 33(d) to respond to interrogatories through the production of documents. In particular, USI noted that "the year of fist [sic] sale" and other sales information for Plaintiff's GFCIs was not produced.

(Exhibit 5). On June 19, 2003, USI conducted its document review, but was informed that the catalogs were not being produced at that time. On June 23, 2003, USI wrote to Plaintiff to follow-up on the document inspection and inquire about the availability of the catalogs. (Exhibit 6). On June 24, 2003, Plaintiff apprised USI that the catalogs were being searched for and would be forthcoming.

A letter uncovered during USI's June 19, 2003 inspection of documents from the proceedings before the International Trade Commission (ITC) in connection with the '894 patent shows that in February 2003 the Respondents also sought production of Leviton's catalogs. (Exhibit 7). Respondents' counsel confronted similar stonewalling even after pointing out that Leviton's Vice President of Engineering, Steve Campolo, confirmed the availability of the catalogs:

> With respect to the Fourth Set of Document Requests, Leviton replies with respect to Request No. 71 that it "is searching for earlier version of its catalog." This request seeks copies of Leviton's catalogs for each year from 1978 to and including 1988. **Mr. Campolo testified that catalogs exist going back at least to 1984-1985; in fact, he testified that he reviewed these catalogs.** (Campolo Dep. Tr. 57-58). Therefore, there is no reason for Leviton's delay in responding to this request. (emphasis added).

The ITC Complaint was dismissed by Leviton before a motion to compel the production of the catalogs was filed.[3] However, the ITC Commission remanded the case to Judge

---

[3] Leviton asserts that the Complaint was dismissed because of the impending expiration of the '894 patent. However, the documents recently reviewed by USI indicates that Leviton had been served with a Motion for Sanctions based on the ITC's equivalent of Rule 11 for making false and misleading statements in the Complaint. (Exhibit 8). Leviton withdrew its Complaint on the final day of the seven day "safe-harbor" period. (Exhibit 9). The Motion for Sanctions also contains numerous instances of discovery misconduct by Leviton's counsel.

Harris to consider monetary sanctions for the repeated misconduct of Leviton's counsel during discovery. (Exhibit 10).

On July 11, 2003, USI informed Plaintiff that a motion to compel would be forthcoming absent immediate assurances that the catalogs would be produced. (Exhibit 11). On July 23, 2003, two days after the due date for dispositive motions, Plaintiff informed USI that there was an on-going search for the catalogs. In view of Leviton's track record as outlined above, its representation is specious. Clearly, the catalogs are not going to be produced voluntarily and this motion is warranted, as is the drawing of all negative inferences from such intentional non-production and attempts to conceal the existence of the catalogs.

## CONCLUSION

For the foregoing reasons, USI respectfully requests that its motion be granted and the Court award the relief it deems proper and just. A proposed Order is attached hereto for the convenience of the Court.

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS, INC.
USI ELECTRIC, INC.

By: _W.E. Bradley_
Maurice U. Cahn, Esq.
Frederick N. Samuels, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEVITON MANUFACTURING, INC. | ) | |
| (Plaintiff) | ) | |
| vs. | ) | 01CV3855 AMD |
| UNIVERSAL SECURITY INSTRUMENTS, INC. | ) | |
| and | ) | |
| USI ELECTRIC, INC. | ) | |
| (Defendants) | ) | |

## ORDER

Upon consideration of Defendants' Motion to Compel the Production of Documents, and good cause being shown, it is hereby ORDERED on this _____ day of _____, 2003 that Defendants' Motion is GRANTED.

_____
Judge, United States District Court