IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEVITON MANUFACTURING CO., INC.   )
                                  )
           (Plaintiff)             )
     vs.                           )    01CV3855 AMD
                                  )
UNIVERSAL SECURITY INSTRUMENTS,    )
INC. et al                         )
           (Defendants)            )

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION (1-27)

To:   John C. Dougherty, Esq., Piper Marbury Rudnick & Wolf, LLP, counsel for Plaintiff Leviton Manufacturing Co., Inc.

Pursuant to Fed. R. Civ. P. 34, and L.R. 104, Defedants, USI, by their undersigned attorneys, request that Plaintiff Leviton Manufacturing Co. Inc. respond to this Request within the time prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection and copying on the 18th day of November, 2002, at 9 o'clock, a.m., and continuing from day to day thereafter, until completed, at the offices of Piper Marbury, or at such time and place as may be agreed upon by counsel.

## INSTRUCTIONS

1. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

   A. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

   B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶2.A above, please state the reason for withholding the document.

3. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the

privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

5. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1. *Communication:* The term "communication" means the transmittal of information by any means, including but not limited to oral, written, or electronic means.

2. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document". The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

4. *GFCI:* The terms "GFCI" and "Ground Fault Circuit Interrupter" mean all products made by, manufactured for, sold by, and/or used by Plaintiff Leviton that meet the current Underwriters Laboratories Standard UL 943 for Ground Fault Circuit Interrupters or the new standard going into effect on January 1, 2003.

5. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

6. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where

applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

7. *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

8. *US 4,595,894:* The terms "US 4,595,894" and "'894 patent" include United States Letters Patent 4,595,894 as issued in 1986, as amended by the July 12, 1988 Certificate of Correction, as amended by the December 11, 2001 Certificate of Correction, and any and all parents, grandparents, continuations, continuations-in-part, divisionals, reissues, or reexaminations thereof.

9. *You/Your:* The terms "you" or "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives, and attorneys.

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

11. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

**REQUEST FOR PRODUCTION NO. 1:**

All documents and things consulted, relied upon, or used in preparing your Answers to Interrogatories.

**REQUESTS FOR PRODUCTION NO. 2:**

All documents and things concerning infringement or claims of infringement of the '894 patent and/or trade dress asserted by Leviton for GFCI products.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and things concerning or memorializing communications between Leviton and others regarding (i) the validity, enforceability or infringement of the '894 patent and/or (ii) the enforceability or infringement of Leviton's alleged trade dress for GFCI products.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things received from or provided to any other party to any action asserting infringement of the '894 patent and/or trade dress by Leviton, whether provided informally or in response to a formal request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and things that refer or relate to any other litigation or potential litigation containing an allegation of infringement of the '894 patent and/or trade dress by Leviton.

6

**REQUEST FOR PRODUCTION NO. 6:**

All documents and things referring or relating to any actions or proceedings (whether judicial or administrative) in which the validity and/or enforceability of any or all of the claims contained in '894 patent (or any foreign counterpart thereof) or the patentability of any invention or embodiment claimed thereby have been challenged, questioned or otherwise placed in issue (whether by way of affirmative claim, counterclaim, affirmative defense or otherwise).

**REQUEST FOR PRODUCTION NO. 7:**

All documents and things that comment upon, note, memorialize, detail or express any opinion about, or which relate or refer to:

(a) the validity or invalidity of any of the claims of the '894 patent;

(b) the patentability or unpatentability of any of the inventions or embodiments described and claimed in any of the applications leading up to the '894 patent;

(c) the infringement or non-infringement of the '894 patent by USI or by any other third party; and/or

(d) allegations that the '894 patent is invalid or unenforceable.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and things that comment upon, note, memorialize, detail, describe or depict any opinion about, or which refer or relate to, the existence, scope, enforceability and/or non-functionality of Leviton's alleged trade dress for GFCI products.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and things, including but not limited to patents, publications, specifications, product analyses, and test reports, from which information was derived in connection with the conception, research, design, development, engineering, construction, reduction to practice, or manufacture of each and every type and model of GFCI sold by Leviton.

**REQUEST FOR PRODUCTION NO. 10:**

All documents (including, but not limited to, correspondence, notes, memoranda, journal entries, and statements, as that term is used in Fed. R. Civ. P. 26(b)(3)) which were previously made by Defendants and any of its present or former directors, officers, or employees, concerning this lawsuit or its subject matter.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things that refer or relate to any studies, investigations and reports that relate or refer to the art or arts to which the '894 patent pertains.

## REQUEST FOR PRODUCTION NO. 12:

All prior art, patents or printed publications, that relate to the subject matter of the '894 patent or GFCIs in general, whether or not such prior art, patents or printed publications were submitted to the United States Patent and Trademark Office and whether or not the prior art, patents or printed publications have an effective date or publication date prior to the filing date of the '894 patent or have any publication date thereon.

## REQUEST FOR PRODUCTION NO. 13:

All documents and things that relate or refer to (in words, substance or context) the '894 patent or the applications therefore (or any related foreign patents or foreign patent applications), including without limitation, issued patents, applications, file histories, publications, search reports, opinions, memoranda, correspondence, official action and documents relating to reexaminations, resissues, certificates of correction, protest and public use proceedings.

## REQUEST FOR PRODUCTION NO. 14:

All documents and that refer or relate to the decision to file, and the filing of, any terminal disclaimer or certificate of correction in the '894 patent.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things that refer or relate to any studies, marketing studies, surveys, or other indicia prepared or procured by Leviton to support its assertion of the existence of a protectable trade dress in GFCI products.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and things referring or relating to any harm or damages claimed by Leviton or the methods used to calculate such alleged damages that Plaintiff contends resulted from any allegedly infringing conduct of USI, including without limitation any money damages, erosion of Leviton's market, reputation or customer goodwill.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and things that refer or relate to the pricing, manufacturing volume, sales volume (in units and dollars), gross and net profit, and profit margin for each type and model of GFCI sold by Leviton.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and things, including but not limited to, technical and marketing studies and minutes of meetings, that relate or refer to any decision to commence developing, designing, modifying, testing, manufacturing or selling each and every type and model of GFCI sold by Leviton.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things referring or relating to the promotion, marketing, packaging or advertising of each type and model of GFCI made, used, advertised, offered for sale or sold by or on behalf of Leviton, including without limitation price lists, product catalogues, publications, advertisements, marketing materials, brochures, press releases, instruction manuals, packaging materials, product inserts and booklets.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things which constitute, evidence, describe, pertain to, relate or refer to, any discussion, meeting or correspondence between Leviton and any customer, potential customer, competitor, or other person concerning the '894 patent, the instant lawsuit against USI, or any other lawsuit or administrative proceeding anywhere in the world involving the '894 patent.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things concerning licensing or royalty agreements, and attempts to enter into licensing or royalty agreements, concerning the '894 patent or products manufactured or sold thereunder or any products accused of infringing the '894 patent, including any settlement/licensing agreement between Leviton and any party accused of, or sued for, infringement of the '894 patent and/or trade dress infringement.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things referring or relating to offers for sale, or solicitation of orders, for each type and model of GFCI used, advertised, offered for sale or sold by or on behalf of Leviton, including without limitation price lists, product catalogues, product proposals, letters, communications, quotes, orders or offers for sale.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and things concerning all companies that make, use, advertise, offer for sale or sell GFCIs which Leviton believes or suspects may infringe any claim of the '894 patent or any trade dress asserted by Leviton, including without limitation documents concerning the companies' products of such type, the market share for the products of such type, and any analysis or description of the structure and operation of such products.

**REQUEST FOR PRODUCTION NO. 24:**

A sample as presented in the ordinary course of business of every model and type of GFCI product manufactured, distributed, or sold by or on behalf of Leviton since 1985, including any invoices, promotional materials, instruction manuals, packaging materials, inserts or booklets routinely included therewith.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and things referring or relating to Leviton and its GFCI products, including but without limitation media articles, letters, memoranda, opinions and reports.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and things upon which Leviton will rely upon to prove liability for infringement of the '894 patent in this lawsuit.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and things upon which Leviton will rely upon to prove liability for trade dress infringement in this lawsuit.

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS INC.
USI ELECTRIC, INC.

By:_____
Maurice U. Cahn, Esq.
Frederick N. Samuels, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of:

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION (1-27)**

was served on Plaintiff's attorney by first class mail, postage prepaid, this 15th day of October 2002 to the following address:

John C. Dougherty, Esq.
Piper Marbury Rudnick & Wolf, LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600

By:_____
Maurice U. Cahn