LAW OFFICES OF

# CAHN & SAMUELS, LLP

INTELLECTUAL PROPERTY COUNSEL

January 22, 2003



PATENTS
COPYRIGHTS
TRADEMARKS

**FACSIMILE AND CONFIRM MAIL**

D. Christopher Ohly, Esq.
BLANK ROME COMISKY & McCAULEY, LLP
250 West Pratt Street
Suite 1100
Baltimore, MD 21201

Re:    Leviton v. Universal Security Instruments et al
       Civil Action No. AMD-01-CV-3855
       <u>Our Ref: 295.0009</u>

Dear Chris:

     We are writing to follow-up on our document inspection at Leviton last week. First, given the paucity of documents provided for our review, we request that Leviton's Privilege Log be produced immediately so we may determine the propriety of Leviton's privilege claims. Specifically, we note that no communications, settlement agreements, licenses, or other documents between Leviton and any third-parties (aside from communications in the 1980s with a materials supplier and submissions to Underwriter's Laboratories) were produced. We also note that no patent file histories or sales information were provided to us. Given Mr. Lee's repeated representation that all responsive documents have been produced, we have to assume that these documents are being withheld under a claim of privilege.

     With respect to our outstanding discovery requests, we ask that Leviton consider supplementing their responses to avoid the inevitable order from the Court compelling supplementation. For example, in response to USI's Interrogatories nos. 3, 4, 5, 13, and 15, Leviton cited Rule 33(d) to avoid providing an explicit response. However, no documents were produced which related to those interrogatories. There were no documents identifying each model of GFCI sold by Leviton, the year of fist sale of each model, or the number of sales; nor were there any documents identifying the annual sales in dollar and unit volume of Leviton's GFCIs or the purchasers of such GFCIs. USI is entitled to an explicit answer to these interrogatories. Likewise, there were also no documents that mention or relate to Leviton's alleged trade dress or its patent marking practices. USI is entitled to an explicit answer to these interrogatories.

     Finally, with respect to the document requests, we note that many of the types of documents usually possessed by a plaintiff in a patent infringement action were not produced for inspection. We ask that Leviton affirm that the following documents do not exist or state the reason for non-production:

MAURICE U. CAHN*
FREDERICK N. SAMUELS*
GEORGE A. METZENTHIN†
WILLIAM E. BRADLEY‡

\* ADMITTED IN MD, DC AND
US PATENT & TRADEMARK OFFICE
† ADMITTED IN DC, FL, OH AND
US PATENT & TRADEMARK OFFICE
‡ ADMITTED IN VA, DC AND
US PATENT & TRADEMARK OFFICE

HEADQUARTERS
BUILDING
2000 P STREET
NORTHWEST
SUITE 200
WASHINGTON, DC
20036-6924

202·331·8777
FAX: 202·331·3838
WWW.PATTMCOPY.COM

D. Christopher Ohly, Esq.
January 22, 2003
Page 2 of 2

1.  Documents relating to conception and reduction to practice of the claimed invention, including any lab books, invention disclosure forms, prototypes, memoranda or meeting minutes.

2.  Documents relating to the pricing of each type and model of GFCI sold by Leviton.

3.  Technical studies, marketing studies or meetings minutes that relate to the decision to commence developing, designing, modifying, testing, manufacturing or selling of Leviton's GFCIs.

4.  Documents relating to the promotion, marketing, packaging or advertising of Leviton's GFCIs.

5.  Catalogues from the past 15 years (other than the recent ones provided for inspection).

6.  Patent prosecution documents from the '338, '945 and '894 patents, and any continuation, divisionals, or reissues thereof.

Sincerely yours,

*Original signed*

William E. Bradley, Esq.

WEB/stl