# GREENBERG TRAURIG
ATTORNEYS AT LAW

Barry G. Magidoff
(212) 801-2130
magidoffb@gtlaw.com

January 29, 2003

**VIA FEDERAL EXPRESS**

William E. Bradley, Esq.
Cahn & Samuels, LLP
Headquarters Building
2000 P Street, N.W.
Suite 200
Washington, DC 20036

Re: *Leviton Manufacturing Co., Inc. v. Universal Security Instruments, Inc., et al.*, Docket No. AMD-01-CV-3855

Dear Bill:

This letter is in response to your correspondence dated, January 22, 2003 which discusses the document inspection at Leviton on Thursday, January 16, 2003, and other related discovery issues in the above-referenced matter.

Initially, Leviton takes issue with your mischaracterization of said document inspection as including only a "paucity of documents." Leviton took great efforts to facilitate the document inspection despite your cumulative, overly broad and irrelevant document requests and provided approximately fifteen responsive boxes of material to which your office requested a copy of less than one box, which included public pleadings and other public documents already readily available to your office.[1] It is worth noting that given sales of several million dollars of infringing GFCIs, your client produced only one box of materials to Leviton and now at the "eleventh hour" of this litigation, for the first time, you informed us that your client has lost and/or destroyed relevant documents, in part caused by a fire and office relocation. (*See e.g.* Opposition Brief at 15). Leviton demands that the Defendants specifically identify these documents which have been lost and/or destroyed in response to Leviton's First Request for Production of Documents dated, September 12, 2002, and describe in detail the efforts to recover the same.

Second, as you are aware, and as was discussed at the document inspection, documents subject to confidentiality agreements with third parties cannot be produced absent consent and/or approval of those third parties. As you are cognizant of all pending and settled litigation relating to the '894 Patent, we once again advise you to contact the respective third parties to arrange for appropriate releases. Leviton will not engage in such effort as it is the obligation of the Defendants. With regard to a privilege log, Leviton will submit a privilege log by facsimile by the close of business on Friday, January 31, 2003.

---

[1] We have this date shipped by Federal Express to your office a copy of the documents and an invoice is attached as Exhibit 1.

GREENBERG TRAURIG, LLP
885 THIRD AVENUE
NEW YORK, NEW YORK 10022-4834
212-848-1000   FAX 212-688-2449   www.gtlaw.com
NEW YORK   MIAMI   WASHINGTON, D.C.   ATLANTA   PHILADELPHIA   TYSONS CORNER   CHICAGO   BOSTON   PHOENIX   WILMINGTON   LOS ANGELES   DENVER
SÃO PAULO   FORT LAUDERDALE   BOCA RATON   WEST PALM BEACH   ORLANDO   TALLAHASSEE

Cahn & Samuels, LLP
January 29, 2003
Page 2

Furthermore, no licensing agreements have been entered into with regard to the '894 Patent and therefore no documents exist. Leviton has already provided all correspondence with Underwriter's Laboratories and therefore production is complete.

Leviton has also reconsidered its responses to Interrogatory Nos. 3, 4, 5, 13 and 15 as you have requested, but concludes that such responses are legally sufficient and therefore Leviton will not supplement. With regard to your representation that you will seek to compel supplementary responses, such a motion would be untimely and spurious. Leviton has produced responsive documents as required under Rule 33(d) of the Rules of Civil Procedure, contrary to your assertions.

For example, Interrogatory Nos. 3 & 4, in essence requested Leviton or its manufacturers to identify "each GFCI model of Plaintiff embodying the configuration trade mark/trade dress rights referred to ... [in] the Amended Complaint...." In response, Leviton identified GFCI Catalog Nos. 6598, 6599, 6898, and 6899 and produced for inspection samples in its possession, custody and control. Leviton also produced for inspection in response to Defendants' request for a copy of a computer sales record from September 1996, which showed Item Numbers 6599 and 6899 and Quantities of Sales in the United States through April 2001. (*See* LMC-USI 00190-00658). Leviton's response was proper. Leviton also hereby provides at Exhibit 2 attached hereto a profile on GFCI sales since 1986.

Furthermore, Interrogatory Nos. 5, 13 and 14 are duplicative of Interrogatory No. 1 in that they seek details on "how Leviton's ... trade dress acquired secondary meaning as the primary signifier of source to the relevant consuming product, "or has acquired secondary meaning ... in respect to the purchasing public." In response, Leviton incorporated its prior response to Interrogatory No. 1 which detailed how over the last fifteen years, with sales in the United States of over $1.5 billion, Leviton's GFCI product line has become well known by its non-functional appearance and arrangement including its size, shape, arrangement of visible parts, texture and graphics. Further, Leviton produced documents that depict the well-recognized appearance (*See e.g.* LMC-USI 00864-00911). Leviton's response is proper and complete.

Also, Leviton disagrees with Defendants' contention that "many of the types of documents usually possessed by a plaintiff in a patent infringement action were not produced for inspection." Leviton submits that it has produced the responsive, non-privileged documents, subject to Leviton's proper objections, in Leviton's possession, custody, or control.

Finally, Leviton notes that the following Bates ranges are missing from the documents produced by Defendants: USI 2267-2329, 2669-2675, 2773-2776, 2870-2871 and 3018-3020. Please confirm that when your office labeled the documents that mis-numbering occurred, or some of the documents are privileged, produce copies of the respective ranges missing which are non-privileged.

Very truly yours,

Barry G. Magidoff

GREENBERG TRAURIG, LLP
GREENBERG TRAURIG, LLP