# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

```
-----------------------------------------------------------------X
LEVITON MANUFACTURING CO., INC.,             )
                                             )
                    Plaintiff,               )
                                             )          Civil Action No. 01 CV 3855 AMD
         vs.                                 )
                                             )
UNIVERSAL SECURITY                           )
INSTRUMENTS, INC., et al.                    )
                                             )
                    Defendants.              )
-----------------------------------------------------------------X
```

## PLAINTIFF LEVITON'S RESPONSES
## TO DEFENDANTS' THIRD SET OF
## INTERROGATORIES (16-20) TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Leviton Manufacturing Company, Inc. ("Leviton") hereby responds to Defendants' Universal Security Instruments, Inc.'s and USI Electric Inc.'s ("collectively USI's") Third Set of Interrogatories (Nos. 16-20). Leviton reserves the right to amend and/or supplement the following responses as discovery continues in this action.

### GENERAL OBJECTIONS

1.      Leviton objects to the Interrogatories to the extent they purport to seek information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection. In all instances, Leviton intends to preserve the claim of attorney-client privilege, work product immunity or any other applicable privilege or immunity to the fullest extent to which it is applicable. Nothing contained in these responses is intended to, or in any way shall be deemed, a waiver of any such available privilege or immunity. Leviton does not intend to produce any document in response to an Interrogatory that is subject to a claim

of attorney-client privilege, work product immunity or any other applicable privilege or immunity.

2.      Leviton's responses to the Interrogatories are not to be construed as a waiver of any rights, privileges, or objections available to Leviton. Furthermore, Leviton's responses shall not be deemed as an admission of relevance, materiality, or admissibility into evidence of any information provided in responding to the Interrogatories.

3.      Leviton objects to the asserted "Instructions" to the extent said "Instructions" seek to require that Leviton provide a privilege list, and any other document or information concerning privileged documents, and information concerning documents no longer in the possession, custody or control of Leviton, or otherwise beyond that required by the Federal Rules of Civil Procedure.

4.      Leviton objects to the Definitions and Interrogatories to the extent they purport to impose duties on Leviton broader than those imposed by the Federal Rules of Civil Procedure. In responding to each of the Interrogatories, Leviton is providing only such information as is required and proper under the Federal Rules of Civil Procedure and the Local Rules of this Court.

5.      Leviton objects to providing information or documents containing trade secrets and other confidential and proprietary information, other than pursuant to the Stipulated Protective Order entered into between the parties.

6.      Leviton objects to the Interrogatories propounded by the Defendants on the grounds that they are untimely under the Scheduling Order entered by the Court in this case. The Defendants' Third Set of Interrogatories was sent to Leviton by facsimile on December 31, 2002, but was not served on Leviton by first class mail until days thereafter. Under the Federal Rules

2

of Civil Procedure, Leviton was not required to answer or otherwise respond to the Defendants'
Third Set of Interrogatories until 33 days following service of that pleading (including three days
for mailing). The date on which Leviton's response to the Defendants' Third Set of
Interrogatories was due, therefore, no earlier than February 3, 2003, after the date for completion
of fact discovery established by the existing Scheduling Order.

      7.    Leviton reserves the right to supplement its responses to the Interrogatories after
further investigation and/or as discovery continues in this action.

3

## RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 16:

State all facts known to LEVITON which support its allegations in paragraph 20 of the Amended Complaint that USI defendants are deliberately attempting to trade upon the good will previously acquired by Leviton as a result of Leviton's diligent efforts and, answering separately for each such fact, identify all persons having knowledge of each such fact and identify all documents referring or relating to each such fact.

### ANSWER AND OBJECTION TO INTERROGATORY NO. 16:

Leviton objects to this Interrogatory on the ground that it is overly broad, in that it seeks the identification of all persons among the public with knowledge of how Defendants are trading upon the good will of Leviton, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information immune from discovery under the attorney-client privilege and/or work product immunity. Subject to the General Objections, and the foregoing objections, Leviton responds that its GFCI product line, including but not limited to its GFCI Catalog Nos. 6598, 6599, 6898, and 6899, embody the configuration trademark/trade dress rights of Leviton which have been marketed in the United States for over fifteen years now, with sales in the United States of over $1.5 billion, which have become well known by its non-functional appearance and arrangement, including but not limited to size, shape, arrangement of visible parts, texture and graphics. The purchasing public, including electrical distributors, professional electricians, as well as ultimate consumers have come to recognize the good will acquired by Leviton.

Further, the well known and non-functional appearance and arrangement of Leviton's ground fault circuit interrupter has acquired secondary meaning, i.e., the public has come to recognize the trade dress as associated with Leviton's GFCI product line and USI's GFCI product line is likely to confuse or mislead purchasers and ultimate consumers, either by causing them to think that the Defendants' products are Leviton's products or by causing the public to

4

think that the two products come from the same source, or that Defendants are licensees of Leviton who are commercializing USI's accused product line with the authority and/or approval of Leviton, all of which are not the case.

Despite the good will Leviton has acquired in the marketplace, Defendants are deliberately attempting to trade upon Leviton's good will by marketing copies of Leviton's products. Indeed, by Defendants' own admissions, since the summer of 2000 the Defendants have been aware of the '894 Patent and the infringement by Van-Sheen Electric, Defendants' supplier and manufacturer, which has attempted in the past to design around Leviton's patent. Leviton states that upon information and belief, the following individuals have knowledge concerning the pertinent facts alleged in the Amended Complaint: (1) James N. Pearse; (2) Lester Rivera; (3) Dennis Oddson; (4) Steve Campolo; (5) Stephen Sokolow, each of whom is an employee and/or former employee of Leviton Manufacturing Co., Inc., located at 59-25 Little Neck Parkway, Little Neck, New York 11362, and (6) Officers, directors, employees, agents, and representatives of the defendants.

**INTERROGATORY NO. 17**:

State all facts known to Leviton which support its allegations in paragraph 21 of the Amended Complaint that the USI defendants' ground fault circuit interrupters have been and continue to be offered for sale in direct competition with Leviton's ground fault circuit interrupters and, answering separately for each such fact, identify all persons having knowledge of each such fact and identify all documents referring or relating to each such fact.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 17**:

Leviton objects to this Interrogatory as duplicative of Defendants' Interrogatory No. 16 and hereby incorporates its prior response to Interrogatory No. 16 as if fully set forth herein.

**INTERROGATORY NO. 18**:

Identify all documents which evidence actual confusion with respect to any affiliation between Plaintiff and Defendants' GFCI products or confusion with respect to source of Plaintiff

and Defendants' GFCI products, including, but not limited to, misdirected mail, electronic mail and any other inquiries as to affiliation or source of GFCI products.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 18:**

Leviton objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general objections, Leviton will produce responsive, non-privileged, and non-immune documents located after a reasonable search. Any privileged and/or immune documents will be identified in an amended privilege log.

**INTERROGATORY NO. 19:**

Identify each person whom Plaintiff expects to call on to give evidence as a witness, expert or otherwise, in this proceeding; and, for each such person, state:

a.    the subject matter on which the witness is expected to testify;

b.    the substance of the facts and, for expert witnesses, opinions to which the witness is expected to testify; and

c.    the grounds for each such opinion of any expert.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 19:**

Leviton objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information immune from discovery under the attorney-client privilege and/or work product immunity. Leviton further object to this Interrogatory on the ground that it is premature insofar as it seeks expert discovery and the contents of Leviton's expert reports which are not due until February 10, 2003, as outlined in the Case Management order dated September 9, 2002. Subject to the General Objections, and the foregoing objections, Leviton responds upon information and belief, the following individuals have knowledge concerning the pertinent facts alleged in the Amended Complaint and will be relied upon by Plaintiff: (1) James N. Pearse; (2) Lester Rivera;

6

(3) Dennis Oddson; (4) Steve Campolo; and (5) Stephen Sokolow, each of whom is an employee

and/or former employee of Leviton Manufacturing Co., Inc., located at 59-25 Little Neck

Parkway, Little Neck, New York 11362. In general, Mr. Pearse and Mr. Oddson will testify

regarding the design and function of the patented products. Mr. Rivera has similar knowledge

and is an inventor of the patented ground fault circuit interrupters. Messrs. Campolo and

Sokolow will testify concerning Leviton's GFCI business. Subject to the foregoing objections,

Leviton will supplement this Interrogatory response following the completion of further

discovery and claims construction by the Court.

**INTERROGATORY NO. 20:**

For the claim chart presented below, identify Plaintiff's contention as to the proper construction, interpretation, meaning, scope and/or definition of each of the limitations, and for each limitation which Plaintiff contends is presented in means-plus-function format pursuant to 35 U.S.C. 112, paragraph 6, identify by reference to the specification and drawings the precise structure which performs the recited means:

| CLAIM LIMITATION | CLAIM INTERPRETATION |
|---|---|
| 1. Switching apparatus for selectively interrupting an electrical connection between input and output conductors, or the like, comprising, in combination: | |
| a housing; | |
| magnetizable plunger means disposed within a portion of said housing for movement between first and second positions; | |
| electromagnet coil means disposed within said housing for moving said plunger means when energized from the first position to the second position; | |
| an input contact electrically connected to said input conductor; | |
| an output contact electrically connected to said output conductor; | |
| strap means for mounting the switching apparatus upon a selected surface; | |
| said strap means including portions thereof which define a path of the magnetic field generated by said coil means to influence the | |

7

| | |
|---|---|
| position of said plunger means; and movable means responsive to movement of said plunger means for influencing a separation of said input and output contacts, thereby interrupting electrical connection between them | |
| 2. Switching apparatus according to claim 1, wherein said first member is movable with and operatively connected to said plunger means. | |
| 3. Switching apparatus according to claim 1, wherein said plunger means comprises a plunger member formed with a relatively elongated portion which extends into portions of said electromagnetic coil means. | |
| 4. Switching apparatus according to claim 1, further including spring means for returning said plunger means to said first position after energization of said coil means. | |

## ANSWER AND OBJECTION TO INTERROGATORY NO. 20:

Leviton objects to this interrogatory as premature insofar as discovery in this case is still in its preliminary stages and USI has not provided Leviton with complete discovery regarding defendants' products, devices, services, and/or processes. Furthermore, the claims of the patent-in-suit have yet to be definitively construed by the Court. Subject to these objections, and the General Objections, however, upon information and belief, Leviton contends that USI's product infringes at least Claim 1 of the patent-in-suit. That product meets each of the limitations of Claim 1 of the patent-in-suit, either literally or under the doctrine of equivalents. Leviton will supplement this interrogatory response following the completion of further discovery and/or the Court issuing its claim construction opinion.

8

Subject to the foregoing objections, to the extent that this Interrogatory seeks the identification of each limitation in Claim 1 met by an element in USI's GFCI products, Leviton provides the following claim chart against USI's GFCI product line.

## '894 Patent Claim Chart

| Claim 1 of the '894 Patent | USI's Ground Fault Circuit Interrupter |
|---|---|
| Switching apparatus for selectively interrupting an electrical connection between input and output conductors, or the like, comprising, in combination: | Input (line) and output (load) conductors |
| a housing; | Housing of the accused device |
| magnetizable plunger means disposed within a portion of said housing for movement between first and second positions; | Magnetizable plunger |
| electromagnet coil means disposed within said housing for moving said plunger means when energized from the first position to the second position- | Electromagnet coil |
| an input contact electrically connected to said input conductor; | First (movable) contact |
| an output contact electrically connected to said output conductor;- | Second (fixed) contact |
| strap means for mounting the switching apparatus upon a selected surface, | Strap |
| said strap means including portions thereof which define a path of the magnetic field generated by said coil means to influence the position of said plunger means, | Central portion of accused strap |
| and movable means responsive to movement of said plunger means for influencing a separation of said input and output contacts, thereby interrupting electrical connection between them, | "Banger" |
| said movable means including first and second movable members, movement of said second member being caused by movement of said first member. | Banger dog and latch |

9

As to the foregoing objections:

Dated: February 3, 2003

Respectfully submitted,

Paul J. Sutton
Joseph M. Manak
Brad S. Needleman
Barry G. Magidoff
Joseph G. Lee
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, NY 10022
Telephone:  (212) 801-2100
Facsimile:  (212) 688-2449

D. Christopher Ohly, Esq.
BLANK ROME COMISKY & McCAULEY, LLP
250 West Pratt Street
Suite 1100
Baltimore, MD 21201
Telephone:  (410) 659-3960
Facsimile:  (410) 659-1414

117728.00601/50225603v1

I HEREBY CERTIFY that I am the _____ of Leviton

Manufacturing Co, and that the answers to these Interrogatories are true and correct.

### Leviton Manufacturing Co., Inc.


By: _____
Print Name:   _____
Title:    _____


STATE OF _____          )
                                  :   ss:
COUNTY OF _____             )

BEFORE ME, the undersigned authority, personally appeared _____,

who, being first duly sworn, acknowledges that he/she is authorized to execute these

interrogatories on behalf of Leviton Manufacturing Co., Inc. and has read the foregoing

interrogatories and that the responses are each true and correct.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2002.


_____
NOTARY PUBLIC, STATE OF

_____
NAME OF NOTARY PUBLIC (PRINT,
STAMP OR TYPE AS COMMISSIONED)
_____PERSONALLY KNOWN TO ME,
OR
_____PRODUCED IDENTIFICATION
Type of Identification Produced:


_____
_____ DID TAKE AN OATH
_____ DID NOT TAKE AN OATH

My Commission Expires:

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing has been served via facsimile and regular mail this 3rd day of February 2003 to: Maurice V. Cahn, CAHN & SAMUELS, LLP, 2000 P Street, NW, Suite 200, Washington, DC 20036.

By: _____

Joseph G. Lee
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, NY 10022
Telephone: (212) 801-2150
Facsimile: (212) 688-2449

2

117728.00601/50225603v1