substitution of the word "substitute" for "refile", since the former term has official recognition.

Use form paragraph 2.08 to remind applicant of possible refile status.

¶ 2.08 Definition of a Refile

It is noted that applicant refers to this application as a "refile." No official definition has been given the term "refile," though it is sometimes used as an alternative for the term "substitute." Since this application appears to be in fact a duplicate of a former application which was abandoned prior to the filing of the second case, the substitution of the word "substitute" for "refile" is required since the term "substitute" has official recognition. Applicant is required to make appropriate corrections.

## 201.11 Continuity Between Applications: When Entitled to Filing Date

Under certain circumstances an application for patent is entitled to the benefit of the filing date of a prior nonprovisional application or provisional application which has at least one common inventor. The conditions are specified in 35 U.S.C. 120 and 35 U.S.C. 119(e).

*35 U.S.C. 120. Benefit of earlier filing date in the United States.*

An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States, or as provided by section 363 of this title, which is filed by an inventor or inventors named in the previously filed application shall have the same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application. No application shall be entitled to the benefit of an earlier filed application under this section unless an amendment containing the specific reference to the earlier filed application is submitted at such time during the pendency of the application as required by the Director. The Director may consider the failure to submit such an amendment within that time period as a waiver of any benefit under this section. The Director may establish procedures, including the payment of a surcharge, to accept an unintentionally delayed submission of an amendment under this section.

*35 U.S.C. 119. Benefit of earlier filing date; right of priority.*

\*\*\*\*\*

(e)(1) An application for patent filed under section 111(a) or section 363 of this title for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in a provisional application filed under section 111(b) of this title, by an inventor or inventors named in the provisional application, shall have the same effect, as to such invention, as though filed on the date of the provisional application filed under section 111(b) of this title, if the application for patent filed under section 111(a) or section 363 of this title is filed not later than 12 months after the date on which the provisional application was filed and if it contains or is amended to contain a specific reference to the provisional application. No application shall be entitled to the benefit of an earlier filed provisional application under this subsection unless an amendment containing the specific reference to the earlier filed provisional application is submitted at such time during the pendency of the application as required by the Director. The Director may consider the failure to submit such an amendment within that time period as a waiver of any benefit under this subsection. The Director may establish procedures, including the payment of a surcharge, to accept an unintentionally delayed submission of an amendment under this subsection during the pendency of the application.

(2) A provisional application filed under section 111(b) of this title may not be relied upon in any proceeding in the Patent and Trademark Office unless the fee set forth in subparagraph (A) or (C) of section 41(a)(1) of this title has been paid.

(3) If the day that is 12 months after the filing date of a provisional application falls on a Saturday, Sunday, or Federal holiday within the District of Columbia, the period of pendency of the provisional application shall be extended to the next succeeding secular or business day.

There are six conditions for receiving the benefit of an earlier filing date under 35 U.S.C. 120 or under 35 U.S.C. 119(e).

(A) The second application must be an application for a patent for an invention which is also disclosed in the first application (the parent or original nonprovisional application or provisional application); the disclosure of the invention in the first application and in the second application must be sufficient to comply with the requirements of the first paragraph of 35 U.S.C. 112. See *Transco Prods., Inc. v. Performance Contracting, Inc.,* 38 F.3d 551, 32 USPQ2d 1077 (Fed. Cir. 1994).

Form paragraphs 2.09 and 2.10 should be used where the disclosure of the second application is not for an invention disclosed in the first application.

Case 1:01-cv-03855-AMD    Document 87-3    Filed 08/07/2003    Page 2 of 9

¶ 2.09 Heading for Conditions for Domestic Priority Under 35 U.S.C. 119(e) or 120

Applicant has not complied with one or more conditions for receiving the benefit of an earlier filing date under 35 U.S.C. **[1]** as follows:

**Examiner Note:**
1. In bracket 1, insert either or both --119(e)-- or --120--.
2. One or more of the following form paragraphs 2.10 to 2.12 must follow depending upon the circumstances.

¶ 2.10 Disclosure Must Be the Same

The second application must be an application for a patent for an invention which is also disclosed in the first application (the parent or provisional application); the disclosure of the invention in the parent application and in the second application must be sufficient to comply with the requirements of the first paragraph of 35 U.S.C. 112. See *Transco Products, Inc. v. Performance Contracting, Inc.*, 38 F.3d 551, 32 USPQ2d 1077 (Fed. Cir. 1994).

**Examiner Note:**
1. This form paragraph must be preceded by heading form paragraph 2.09.
2. Form paragraph 2.29 should be used where the claim(s) of the nonprovisional application lack(s) support in the disclosure of the provisional application.

¶ 2.29 Domestic Priority Not Granted

Applicant's claim for domestic priority under 35 U.S.C. 119(e) is acknowledged. However, the provisional application upon which priority is claimed fails to provide adequate support under 35 U.S.C. 112 for claim **[1]** of this application. **[2]**

**Examiner Note:**
1. This form paragraph may be used when there is lack of support in the provisional application for the pending claims in the nonprovisional application.
2. In bracket 2, provide an explanation of lack of support.

(B) With respect to claiming benefit under 35 U.S.C. 120, 121, or 365(c), the second application must be copending with the first application or with an application similarly entitled to the benefit of the filing date of the first application. With respect to claiming benefit under 35 U.S.C. 119(e) to provisional applications, effective November 29, 1999, Public Law 106-113 amended 35 U.S.C119(e)(2) to eliminate the copendency requirement for a nonprovisional application claiming benefit of a provisional application. However, pursuant to 35 U.S.C. 119(e)(1), the nonprovisional application must be filed not later than 12 months after the date on which the provisional application was filed. If the day that is 12 months after the filing date of a provisional application falls on a Saturday, Sunday, or Federal holiday within the District of Columbia, the period of pendency of the provisional application is extended to the next succeeding business day and the nonprovisional application may be filed on that next succeeding business day. See 35 U.S.C. 119(e)(3), 37 CFR 1.7(b), and MPEP § 201.04(b) and § 505.

(C) The second application must contain a specific reference to the prior application(s) in the specification or in an application data sheet. In addition, if a nonprovisional application (including reissue) that is filed on or after November 29, 2000 claims benefit of an international application, the first sentence of the specification must be amended to indicate whether the international application was published under PCT Article 21(2) in English.

A request for a continued prosecution application (CPA) filed under 37 CFR 1.53(d) is itself the specific reference required by 35 U.S.C. 120 and 37 CFR 1.78(a)(2) to every application assigned the same application number identified in the request. (Note: The CPA is assigned the same application number as the prior application.) In a CPA, a specific reference in the first sentence of the specification following the title, or in an application data sheet, to a prior application assigned the same application number is not required and should not be made. No amendment in a CPA may delete the specific reference to the prior application assigned the same application number. A specific reference to an application not assigned the same application number, but relied on for benefit under 35 U.S.C. 120 and 37 CFR 1.78(a)(2) is required. In addition, if a CPA that is filed on or after November 29, 2000 claims benefit of an international application, the first sentence of the specification must be amended to indicate whether the international application was published under PCT Article 21(2) in English. Cross references to other related applications not assigned the same application as the CPA may be made when appropriate.

Form paragraphs 2.09 and 2.12 should be used to indicate reference to the prior application. Form paragraphs 2.09 and 2.37 should be used to inform applicant that the indication of whether the international application was published under PCT Article 21(2) in English is required.

¶ 2.12 Application Must Contain a Reference to Parent

An application in which the benefits of an earlier application are desired must contain a specific reference to the prior application(s) in the first sentence of the specification or in an application data sheet (37 CFR 1.78(a)(2) and (a)(5)).

**Examiner Note:**
1. This form paragraph must be preceded by heading form paragraph 2.09.
2. This form paragraph should not be used for a continued prosecution application (CPA). In a continued prosecution application (CPA) filed under 37 CFR 1.53(d), a specific reference in the first sentence of the specification or in an application data sheet to the prior application is <u>not</u> required and should <u>not</u> be made. The specific reference requirement of 35 U.S.C. 120 is met by the transmittal request for the CPA which is considered to be part of the CPA application (37 CFR 1.53(d)(2)(iv) and (d)(7)).

¶ *2.37 Reference to an International Application*

This application claims benefit to international application No. [1] filed on [2]. Applications that are filed on or after November 29, 2000, and that claim benefit to an earlier-filed international application must include in the first sentence of the specification an indication of whether the international application was published in English under PCT Article 21(2) (regardless of whether the benefit for such application is claimed in an application data sheet). See 37 CFR 1.78(a)(2). The indication, as required by 37 CFR 1.78(a)(2), is missing. Applicant must supply the missing indication as an amendment to the specification in the reply to this Office actions.

**Examiner Note:**
1. Use this form paragraph to inform the applicant that an amendment to the first sentence of the specification indicating that the international application was published in English under PCT Article 21(2) is required.
2. Use only for applications (including CPAs) filed on or after November 29, 2000.
3. In bracket 1, insert the application number of the prior international application.
4. In bracket 2, insert the filing date of the prior international application.

(D) The second application must be filed by an inventor or inventors named in the previously filed application.

(E) For utility or plant applications (including reissues) filed on or after November 29, 2000, benefit claims under 35 U.S.C. 119(e), 120, 121 and 365(c) must be made during the pendency of the application and within the later of four months from the actual filing date of the application or sixteen months from the filing date of the prior application. See 37 CFR 1.78 (a)(2) and (a)(5). This time period is not extendable and a failure to submit the reference required by 35 U.S.C. 119(e) and/or 120, where applicable, within this time period is considered a waiver of any benefit of such prior application under 35 U.S.C. 119(e), 120, 121 and 365(c). For a more detailed explanation, see "TIME PERIOD FOR MAKING A CLAIM FOR BENEFIT (37 CFR 1.78(a)(2) and (a)(5)" below.

(F) For utility or plant applications that are filed on or after November 29, 2000, and which claim benefit of a provisional application which was filed in a language other than English, an English language translation of the non-English language provisional application and a statement that the translation is accurate must be filed with the benefit claim and within the required time period under 37 CFR 1.78(a)(5).

Form paragraph 2.38 may be used to notify applicant that an English translation of the non-English language provisional application is required.

¶ *2.38 Reference to a Non-English Language Provisional Application*

This application claims benefit to a provisional application No. [1], filed on [2], in a language other than English. Applications that are filed on or after November 29, 2000, and that claim benefit of a provisional application filed in a non-English language, must include an English translation of the non-English language provisional application and a statement that the translation is accurate. See 37 CFR 1.78(a)(5). The [3] as required by 37 CFR 1.78(a)(5) is missing. Applicant must supply the missing [4] in the reply to this Office action prior to the expiration of the time period set in 37 CFR 1.78(a)(5). If the time period set in 37 CFR 1.78(a)(5) has expired, applicant must also file a petition for unintentional delayed benefit claim during the pendency of the nonprovisional application (37 CFR 1.78(a)(6)).

**Examiner Note:**
1. Use this form paragraph to notify applicant that an English translation of the non-English language provisional application and/or a statement that the translation is accurate is required.
2. Use only for utility or plant nonprovisional applications (including CPAs) filed on or after November 29, 2000.
3. In bracket 1, insert the application number of the non-English language provisional application.
4. In bracket 2, insert the filing date of the prior provisional application.
5. In brackets 3 and 4, insert --English translation and a statement that the translation is accurate-- or --statement that the translation is accurate--, where appropriate.

## COPENDENCY

Copendency is defined in the clause which requires that the second application must be filed before (1) the patenting, or (2) the abandonment of, or (3) the termination of proceedings in the first application. With respect to provisional applications, Public Law 106-113 amended 35 U.S.C. 119(e)(2) to eliminate the copendency requirement for a nonprovisional application claiming benefit of a provisional application. 35 U.S.C. 119(e)(2) as amended by Public Law

106-113 is effective as of November 29, 1999 and applies to any provisional applications filed on or after June 8, 1995 but has no effect on any patent which is the subject of litigation in an action commenced before November 29, 1999.

Use form paragraphs 2.09 and 2.11 to indicate copendency is required.

¶ 2.11 Application Must Be Copending With Parent

This application is claiming the benefit of a prior filed nonprovisional application under 35 U.S.C. 120, 121, or 365(c). Copendency between the current application and the prior application is required.

**Examiner Note:**
1. This form paragraph must be preceded by heading form paragraph 2.09.
2. Do not use this form paragraph for priority claims under 35 U.S.C. 119(e) to provisional applications.

If the first application issues as a patent, it is sufficient for the second application to be copending with it if the second application is filed on the same date, or before the date that the patent issues on the first application. Thus, the second application may be filed under 37 CFR 1.53(b) while the first is still pending before the examiner, or is in issue, or even between the time the issue fee is paid and the patent issues. In view of the new patent publication process, it is anticipated that utility patents will be published within four weeks of payment of the issue fee. Applicants are encouraged to file any continuing applications no later than the date the issue fee is paid, to avoid issuance of the first application before the continuing application is filed.

If the first application is abandoned, the second application must be filed before the abandonment in order for it to be copending with the first. The term "abandoned," refers to abandonment for failure to prosecute (MPEP § 711.02), express abandonment (MPEP § 711.01), and abandonment for failure to pay the issue fee (37 CFR 1.316).

The expression "termination of proceedings" includes the situations when an application is abandoned or when a patent has been issued, and hence this expression is the broadest of the three.

After a decision by the Court of Appeals for the Federal Circuit in which the rejection of all claims is affirmed, proceedings are terminated on the date of receipt of the Court's certified copy of the decision by the U.S. Patent and Trademark Office. *Continental Can Company, Inc. v. Schuyler*, 168 USPQ 625 (D.D.C. 1970). There are several other situations in which proceedings are terminated as is explained in MPEP § 711.02(c).

When proceedings in an application are terminated, the application is treated in the same manner as an abandoned application, and the term "abandoned application" may be used broadly to include such applications.

The term "continuity" is used to express the relationship of copendency of the same subject matter in two different applications of the same inventor. The second application may be referred to as a continuing application when the first application is not a provisional application. Continuing applications include those applications which are called divisions, continuations, and continuations-in-part. As far as the right under the statute is concerned the name used is immaterial, the names being merely expressions developed for convenience. The statute is so worded that the first application may contain more than the second, or the second application may contain more than the first, and in either case the second application is entitled to the benefit of the filing date of the first as to the common subject matter.

**REFERENCE TO FIRST APPLICATION**

The third requirement of the statute is that the second (or subsequent) application must contain a specific reference to the first application. This should appear as the first sentence of the specification following the title preferably as a separate paragraph (37 CFR 1.78(a)) and/or in an application data sheet (37 CFR 1.76). If the specific reference is only contained in the application data sheet, then the priority information will be included on the front page of any patent or patent application publication, but will not be included in the first sentence of the specification.

A request for a continued prosecution application (CPA) filed under 37 CFR 1.53(d) is itself the specific reference required by 35 U.S.C. 120 and 37 CFR 1.78(a)(2) to every application assigned the same application number identified in the request. (Note: The CPA is assigned the same application number as the prior application.) In a CPA, a specific reference in the first sentence of the specification following the title, or in an application data sheet, to a prior application assigned the same application number is not

Case 1:01-cv-03855-AMD   Document 87-3   Filed 08/07/2003   Page 5 of 9

required and may not be made. Any such reference will be deleted. No amendment in a CPA may delete the specific reference to the prior application assigned the same application number. A specific reference to an application not assigned the same application number, but relied on for benefit under 35 U.S.C. 120 and 37 CFR 1.78(a)(2) is required. Cross references to other related applications not assigned the same application as the CPA may be made when appropriate.

When a nonprovisional application (other than a CPA) is entitled under 35 U.S.C. 120 to an earlier U.S. effective filing date, a statement such as "This is a division (continuation, continuation-in-part) of Application No. ---, filed ---" should appear as the first sentence of the description or in an application data sheet, except in the case of design applications where it should appear as set forth in MPEP § 1504.20. In the case of an application filed under 37 CFR 1.53(b) as a division, continuation or continuation-in-part of a CPA, there should be only one reference to the series of applications assigned the same application number, with the filing date cited being that of the original noncontinued application. Where a nonprovisional application is claiming the benefit under 35 U.S.C. 120 of a prior national stage application filed under 35 U.S.C. 371, a suitable reference would read "This application is a continuation of U.S. Application No. 08/---, filed ---, which was the National Stage of International Application No. PCT/DE95/---, filed ---." In addition, if a nonprovisional application (including reissue) that is filed on or after November 29, 2000 claims benefit of an international application, the first sentence of the specification must be amended to indicate whether the international application was published in English under PCT Article 21(2). When the nonprovisional application is entitled to an earlier U.S. effective filing date of one or more provisional applications under 35 U.S.C. 119(e), a statement such as "This application claims the benefit of U.S. Provisional Application No. 60/---, filed ---, and U.S. Provisional Application No. 60/---, filed ---." should appear as the first sentence of the description or in an application data sheet. In addition, for an application which is claiming the benefit under 35 U.S.C. 120 of a prior application, which in turn claims the benefit of a provisional application under 35 U.S.C. 119(e), a suitable reference would read, "This application is a continuation of U.S. Application No. 08/---, filed ---, now abandoned, which claims the benefit of U.S. Provisional Application No. 60/---, filed ---." Status of nonprovisional parent applications (whether it is patented or abandoned) should also be included. If a parent application has become a patent, the expression, "Patent No. _ _" should follow the filing date of the parent application. If a parent application has become abandoned, the expression "abandoned" should follow the filing date of the parent application. In the case of design applications, it should appear as set forth in MPEP § 1504.20. In view of this requirement, the right to rely on a prior application may be waived or refused by an applicant by refraining from inserting a reference to the prior application in the specification of the later one. If the examiner is aware of the fact that an application is a continuing application of a prior one, he or she should merely call attention to this in an Office action by using the wording of form paragraphs 2.15 or 2.16.

¶ 2.15 *Reference to Parent Application, 35 U.S.C. 119(e) or 120 Benefit*

If applicant desires priority under 35 U.S.C. [1] based upon a previously filed copending application, specific reference to the earlier filed application must be made in the instant application. This should appear as the first sentence of the specification following the title, preferably as a separate paragraph. The status of nonprovisional parent application(s) (whether patented or abandoned) should also be included. If a parent application has become a patent, the expression "now Patent No. _____" should follow the filing date of the parent application. If a parent application has become abandoned, the expression "now abandoned" should follow the filing date of the parent application.

If the application is a utility or plant application filed on or after November 29, 2000, any claim for priority must be made during the pendency of the application and within the later of four months from the actual filing date of the application or sixteen months from the filing date of the prior application. See 37 CFR 1.78(a)(2) and (a)(5). This time period is not extendable and a failure to submit the reference required by 35 U.S.C. 119(e) and/or 120, where applicable, within this time period is considered a waiver of any benefit of such prior application(s) under 35 U.S.C. 119(e), 120, 121 and 365(c). A priority claim filed after the required time period may be accepted if it is accompanied by a grantable petition to accept an unintentionally delayed claim for priority under 35 U.S.C. 119(e), 120, 121 and 365(c). The petition must be accompanied by (1) a surcharge under 37 CFR 1.17(t), and (2) a statement that the entire delay between the date the claim was due under 37 CFR 1.78(a)(2) or (a)(5) and the date the claim was filed was unintentional. The Commissioner may require additional information where there is a question whether the delay was unintentional. The petition should be directed to the Office of

Petitions, Box DAC, Assistant Commissioner for Patents, Washington, DC 20231.

**Examiner Note:**
1. In bracket 1, insert --119(e)-- or --120--.
2. In a continued prosecution application (CPA) filed under 37 CFR 1.53(d), a specific reference in the first sentence of the specification, or in an application data sheet, to the prior application is not required and may not be made. The specific reference requirement of 35 U.S.C. 120 is met by the transmittal request for the CPA which is considered to be part of the CPA application. 37 CFR 1.53(d)(2)(iv) and (d)(7).

¶ *2.16 Reference to Copending Application*

It is noted that this application appears to claim subject matter disclosed in prior copending Application No. [1], filed [2]. A reference to the prior application must be inserted as the first sentence of the specification of this application or in an application data sheet (37 CFR 1.76), if applicant intends to rely on the filing date of the prior application under 35 U.S.C. 119(e) or 120. See 37 CFR 1.78(a). Also, the current status of all nonprovisional parent applications referenced should be included.

If the application is a utility or plant application filed on or after November 29, 2000, any claim for priority must be made during the pendency of the application and within the later of four months from the actual filing date of the application or sixteen months from the filing date of the prior application. See 37 CFR 1.78(a)(2) and (a)(5). This time period is not extendable and a failure to submit the reference required by 35 U.S.C. 119(e) and/or 120, where applicable, within this time period is considered a waiver of any benefit of such prior application(s) under 35 U.S.C. 119(e), 120, 121 and 365(c). A priority claim filed after the required time period may be accepted if it is accompanied by a grantable petition to accept an unintentionally delayed claim for priority under 35 U.S.C. 119(e), 120, 121 and 365(c). The petition must be accompanied by (1) a surcharge under 37 CFR 1.17(t), and (2) a statement that the entire delay between the date the claim was due under 37 CFR 1.78(a)(2) or (a)(5) and the date the claim was filed was unintentional. The Commissioner may require additional information where there is a question whether the delay was unintentional. The petition should be directed to the Office of Petitions, Box DAC, Assistant Commissioner for Patents, Washington, DC 20231.

**Examiner Note:**

In a continued prosecution application (CPA) filed under 37 CFR 1.53(d), a specific reference in the first sentence of the specification, or in an application data sheet, to the prior application is not required and may not be made. The specific reference requirement of 35 U.S.C. 120 is met by the transmittal request for the CPA which is considered to be part of the CPA application. 37 CFR 1.53(d)(2)(iv) and (d)(7).

If the examiner is aware of a prior application he or she should note it in an Office action, as indicated above, but should not require the applicant to call attention to the prior application.

In an application filed under former 37 CFR 1.60 applicant, in the amendment canceling the nonelected claims, should include directions to enter "This is a division (continuation) of application No. .........., filed ...................." as the first sentence. Where the applicant has inadvertently failed to do this the wording of form paragraph 2.17 should be used. Where the application filed under former 37 CFR 1.60 is otherwise ready for allowance, the examiner should insert the quoted sentence by examiner's amendment.

Applications are sometimes filed with a division, continuation, or continuation-in-part oath or declaration, in which the oath or declaration refers back to a prior application. If there is no reference in the specification of an application filed under former 37 CFR 1.60, in such cases, the examiner should merely call attention to this fact in his or her Office action, utilizing the wording of form paragraph 2.17.

¶ *2.17 Reference in Continuation/Divisional Applications Under Former 37 CFR 1.60*

This application filed under former 37 CFR 1.60 lacks the necessary reference to the prior application. A statement reading "This is a [1] of Application No. [2], filed [3]." should be entered following the title of the invention or as the first sentence of the specification. Also, the current status of all nonprovisional parent applications referenced should be included.

**Examiner Note:**
1. In bracket 1, insert either --division-- or --continuation--.
2. Use only in former 37 CFR 1.60 applications. For File Wrapper Continuing applications under former 37 CFR 1.62, use form paragraph 2.28.
3. Do not use if the prior application is a provisional application.
4. Do not use if the application is a continued prosecution application (CPA) filed under 37 CFR 1.53(d).

Where the applicant has inadvertently failed to make a reference to the parent application in an application filed under former 37 CFR 1.60 or 1.62 which is otherwise ready for issue, the examiner should insert the required reference by a formal examiner's amendment.

Sometimes a pending application is one of a series of applications wherein the pending application is not copending with the first filed application but is copending with an intermediate application entitled to the benefit of the filing date of the first application. If applicant desires that the pending application have the benefit of the filing date of the first filed application he or she must, besides making reference to the

intermediate application, also make reference to the first application. See *Hovlid v. Asari*, 305 F. 2d 747, 134 USPQ 162 (9th Cir. 1962); and *Sticker Indus. Supply Corp. v. Blaw-Knox Co.*, 405 F.2d 90, 160 USPQ 177 (7th Cir. 1968).

There is no limit to the number of prior applications through which a chain of copendency may be traced to obtain the benefit of the filing date of the earliest of a chain of prior copending applications. See *In re Henriksen*, 399 F.2d 253, 158 USPQ 224 (CCPA 1968).

A second application which is not copending with the first application, which includes those called substitutes in MPEP § 201.09, is not entitled to the benefit of the filing date of the prior application and the bars to the grant of a patent are computed from the filing date of the second application. An applicant is not required to refer to such applications in an application data sheet or in the specification of the later filed application, but is required to otherwise call the examiner's attention to the earlier application if it or its contents or prosecution are material as defined in 37 CFR 1.56(b). If the examiner is aware of such a prior abandoned application he or she should make a reference to it in an Office action in order that the record of the second application will show this fact.

If an applicant refers to a prior noncopending abandoned application in the specification or in an application data sheet, the manner of referring to it should make it evident that it was abandoned before filing the second.

For notations to be placed on the file wrapper in the case of continuing applications, see MPEP § 202.02 and § 1302.09.

Effective June 8, 1995, Public Law 103-465 amended 35 U.S.C. 154 to change the term of a patent to 20 years measured from the filing date of the earliest U.S. application for which benefit under 35 U.S.C. 120, 121, or 365(c) is claimed. The 20-year patent term applies to all utility and plant patents issued on applications filed on or after June 8, 1995. As a result of the 20-year patent term, it is expected, in certain circumstances, that applicants may cancel their claim to priority by amending the specification or submitting a new application data sheet (no supplemental declaration is necessary) to delete any references to prior applications. In a continued prosecution application (CPA) filed under 37 CFR 1.53(d), no amendment may delete the specific reference to a prior application assigned the same application number. (Note: In the CPA, the request is the specific reference required by 35 U.S.C. 120 and 37 CFR 1.78(a)(2) to every application assigned the same application number identified in the request. Further, in a CPA, a specific reference in the first sentence of the specification following the title, or in an application data sheet, to a prior application assigned the same application number is not required and should not be made.) Upon entry of the amendment, the examiner must return the application to the Office of Initial Patent Examination (OIPE), accompanied by a completed OIPE Data Base Routing Slip, for correction of the file wrapper label and for updating the PALM data base. For 09/ series applications, it will not be necessary to forward the application to OIPE for correction of the parent application data in PALM. The correction or entry of the data in the PALM data base can be made by technical support staff of the TC. Upon entry of the data, a new PALM bib-data sheet should be printed and placed in the file wrapper. See also MPEP § 707.05 and § 1302.09.

## SAME INVENTOR OR INVENTORS

The statute also requires that the applications claiming benefit of the earlier filing date under 35 U.S.C. 119(e) or 120 be filed by an inventor or inventors named in the previously filed application or provisional application.

## TIME PERIOD FOR MAKING A CLAIM FOR BENEFIT 37 CFR 1.78(a)(2) AND (a)(5))

**The time period requirement under 37 CFR 1.78(a)(2) and (a)(5) is only applicable to utility or plant applications filed on or after November 29, 2000.**

The American Inventors Protection Act of 1999 (AIPA), Public Law 106-113, amended 35 U.S.C. 119 and 120 to provide that the Office may set a time period for the filing of benefit claims and establish procedures to accept an unintentionally delayed benefit claim. The Office has implemented these statutory changes, in part, by amending 37 CFR 1.78 to include: (A) a time period within which a benefit claim to a prior nonprovisional or provisional application must be stated or it is considered waived; and (B) provisions for the acceptance of the unintentionally

delayed submission of a claim to the benefit of a prior nonprovisional or provisional application.

As a result, benefit claims under 35 U.S.C. 119(e), 120, 121 and 365(c) must be made during the pendency of the application and within the later of four months from the actual filing date of the application or sixteen months from the filing date of the prior application. See 37 CFR 1.78(a)(2) and (a)(5). In addition, if the prior application is a provisional application filed in a language other than English, an English language translation of the provisional application must be submitted during the same time period. See 37 CFR 1.78(a)(5). This time period is not extendable and a failure to submit the reference required by 35 U.S.C. 119(e) and/or 120, where applicable, within this time period is considered a waiver of any benefit of such prior application(s) under 35 U.S.C. 119(e), 120, 121 and 365(c).

If the reference required by 35 U.S.C. 120 and 37 CFR 1.78(a)(2) is not submitted within the required time period, a petition for an unintentionally delayed claim may be filed. The petition must be accompanied by: (A) a surcharge under 37 CFR 1.17(t); and (B) a statement that the entire delay between the date the claim was due under 37 CFR 1.78(a)(2) and the date the claim was filed was unintentional. The Commissioner may require additional information where there is a question whether the delay was unintentional. See 37 CFR 1.78(a)(3).

Likewise, if the reference required by 35 U.S.C. 119(e) and 37 CFR 1.78(a)(5) is not submitted within the required time period, a petition for an unintentionally delayed claim may be filed. The petition for an unintentionally delayed benefit claim must be submitted during the pendency of the nonprovisional application. The petition must be accompanied by: (A) a surcharge under 37 CFR 1.17(t); and (B) a statement that the entire delay between the date the claim was due under 37 CFR 1.78(a)(5) and the date the claim was filed was unintentional. The Commissioner may require additional information where there is a question whether the delay was unintentional. See 37 CFR 1.78(a)(6).

Petitions for an unintentionally delayed benefit claim should be forwarded to the Office of Petitions. See MPEP § 1002.02(b).

If a benefit claim is filed after the required time period and without a petition as required by 37 CFR 1.78(a)(3) or (a)(6), the applicant should be informed that the benefit claim was not entered and that a petition needs to be filed using form paragraph 2.39.

¶ 2.39 *35 U.S.C. 119(e), 120, 121 or 365(c) Benefit Claim is Untimely*

The benefit claim filed on [1] was not entered because the required reference was not filed during the pendency of the application and prior to the later of four months from the filing date of the application or sixteen months from the filing date of the prior application. See 37 CFR 1.78(a)(2) and (a)(5). If applicant desires priority under 35 U.S.C. [2] based upon a previously filed copending application, applicant must file a petition for an unintentionally delayed benefit claim under 37 CFR 1.78(a)(3) or (a)(6). The petition must be accompanied by: (1) a surcharge under 37 CFR 1.17(t); and (2) a statement that the entire delay between the date the claim was due under 37 CFR 1.78(a)(2) or (a)(5) and the date the claim was filed was unintentional. The Commissioner may require additional information where there is a question whether the delay was unintentional. The petition should be directed to the Office of Petitions, Box DAC, Assistant Commissioner for Patents, Washington, DC 20231.

**Examiner Note:**
1. Use this form paragraph only for utility or plant applications filed on or after November 29, 2000.
2. In bracket 1, insert the filing date of the amendment or paper containing the benefit claim.
3. In bracket 2, insert --119(e)--, --120--, --121--, or --365(c)--.

### WHEN NOT ENTITLED TO BENEFIT OF FILING DATE

Where the first application (a nonprovisional application) is found to be fatally defective because of insufficient disclosure to support allowable claims, a second application filed as a "continuation-in-part" of the first application to supply the deficiency is not entitled to the benefit of the filing date of the first application. *Hunt Co. v. Mallinckrodt Chemical Works*, 177 F.2d 583, 587, 83 USPQ 277, 281 (2d Cir. 1949) and cases cited therein.

Any claim in a continuation-in-part application which is directed *solely* to subject matter adequately disclosed under 35 U.S.C. 112 in the parent nonprovisional application is entitled to the benefit of the filing date of the parent nonprovisional application. However, if a claim in a continuation-in-part application recites a feature which was not disclosed or adequately supported by a proper disclosure under 35 U.S.C. 112 in the parent nonprovisional application, but which was first introduced or adequately supported in the continuation-in-part application such a claim is entitled only to the filing date of the

continuation-in-part application; *In re Chu*, 66 F.3d 292, 36 USPQ2d 1089 (Fed. Cir. 1995); *Transco Products, Inc. v. Performance Contracting Inc.*, 38 F.3d 551, 32 USPQ2d 1077 (Fed. Cir. 1994); *In re Von Lagenhoven*, 458 F.2d 132, 136, 173 USPQ 426, 429 (CCPA 1972); and *Chromalloy American Corp. v. Alloy Surfaces Co., Inc.*, 339 F. Supp. 859, 874, 173 USPQ 295, 306 (D. Del. 1972).

By way of further illustration, if the claims of a continuation-in-part application which are only entitled to the continuation-in-part filing date, "read on" such published, publicly used or sold, or patented subject matter (e.g., as in a genus- species relationship) a rejection under 35 U.S.C. 102 would be proper. Cases of interest in this regard are as follows: *Mendenhall v. Cedarapids Inc.*, 5 F.3d 1557, 28 USPQ2d 1081 (Fed. Cir. 1993); *In re Lukach*, 442 F.2d 967, 169 USPQ 795 (CCPA 1971); *In re Hafner*, 410 F.2d 1403, 161 USPQ 783 (CCPA 1969); *In re Ruscetta*, 255 F.2d 687, 118 USPQ 101 (CCPA 1958); *In re Steenbock*, 83 F.2d 912, 30 USPQ 45 (CCPA 1936); *Ex parte Hageman*, 179 USPQ 747 (Bd. App. 1971).

## 201.11(a) Filing of Continuation or Continuation-in-Part Application During Pendency of International Application Designating the United States

It is possible to file a U.S. national application under 35 U.S.C. 111(a) and 37 CFR 1.53(b) during the pendency (prior to the abandonment) of an international application which designates the United States without completing the requirements for entering the national stage under 35 U.S.C. 371(c). See MPEP §1895. The ability to take such action is based on provisions of the United States patent law. 35 U.S.C. 363 provides that "An international application designating the United States shall have the effect from its international filing date under article 11 of the treaty, of a national application for patent regularly filed in the Patent and Trademark Office...". 35 U.S.C. 371(d) indicates that failure to timely comply with the requirements of 35 U.S.C. 371(c) "shall be regarded as abandonment by the parties thereof...". It is therefore clear that an international application which designates the United States has the effect of a pending U.S. application from the international application fil-

ing date until its abandonment as to the United States. The first sentence of 35 U.S.C. 365(c) specifically provides that "In accordance with the conditions and requirements of section 120 of this title,... a national application shall be entitled to the benefit of the filing date of a prior international application designating the United States." The condition of 35 U.S.C. 120 relating to the time of filing requires the later application to be "filed before the patenting or abandonment of or termination of proceedings on the first application...". The filing of a continuation or continuation-in-part application of an international application may be useful to patent applicants where the oath or declaration required by 35 U.S.C. 371(c)(4) cannot be filed as required by 37 CFR 1.494 or 1.495. An applicant filing an application under 35 U.S.C. 111(a) and 37 CFR 1.53(b) may obtain additional time to file the oath or declaration under 37 CFR 1.53(f) and 1.136(a).

A continuing application under 35 U.S.C. 365(c) and 120 must be filed before the abandonment or patenting of the prior nonprovisional application. See 37 CFR 1.494 and 1.495.

## 201.12 Assignment Carries Title

Assignment of an original application carries title to any divisional, continuation, or reissue application stemming from the original application and filed after the date of assignment. See MPEP § 306. When the assignment is in a provisional application, see MPEP § 306.01.

## 201.13 Right of Priority of Foreign Application

Under certain conditions and on fulfilling certain requirements, an application for patent filed in the United States may be entitled to the benefit of the filing date of a prior application filed in a foreign country, to overcome an intervening reference or for similar purposes. The conditions are specified in 35 U.S.C. 119(a)-(d) and (f).

*35 U.S.C. 119. Benefit of earlier filing date; right of priority.*

(a) An application for patent for an invention filed in this country by any person who has, or whose legal representatives or assigns have, previously regularly filed an application for a patent for the same invention in a foreign country which affords similar privileges in the case of applications filed in the United States or