established by probabilities or possibilities. The mere fact that a certain thing may result from a given set of circumstances is not sufficient.'" *In re Robertson*, 169 F.3d 743, 745, 49 USPQ2d 1949, 1950-51 (Fed. Cir. 1999) (citations omitted).

### 2163.07(b) Incorporation by Reference [R-1]

Instead of repeating some information contained in another document, an application may attempt to incorporate the content of another document or part thereof by reference to the document in the text of the specification. The information incorporated is as much a part of the application as filed as if the text was repeated in the application, and should be treated as part of the text of the application as filed. Replacing the identified material incorporated by reference with the actual text is not new matter. See MPEP § 608.01(p) for Office policy regarding incorporation by reference. >See MPEP § 2181 for the impact of incorporation by reference on the determination of whether applicant has complied with the requirements of 35 U.S.C. 112, second paragraph when 35 U.S.C. 112, sixth paragraph is invoked.<

### 2164 The Enablement Requirement

The enablement requirement refers to the requirement of 35 U.S.C. 112, first paragraph that the specification describe how to make and how to use the invention. The invention that one skilled in the art must be enabled to make and use is that defined by the claim(s) of the particular application or patent.

The purpose of the requirement that the specification describe the invention in such terms that one skilled in the art can make and use the claimed invention is to ensure that the invention is communicated to the interested public in a meaningful way. The information contained in the disclosure of an application must be sufficient to inform those skilled in the relevant art how to both make and use the claimed invention. Detailed procedures for making and using the invention may not be necessary if the description of the invention itself is sufficient to permit those skilled in the art to make and use the invention. A patent claim is invalid if it is not supported by an enabling disclosure.

The enablement requirement of 35 U.S.C. 112, first paragraph, is separate and distinct from the description requirement. *Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555, 1563, 19 USPQ2d 1111, 1116-17 (Fed. Cir. 1991) ("the purpose of the 'written description' requirement is broader than to merely explain how to 'make and use' "). See also MPEP § 2161. Therefore, the fact that an additional limitation to a claim may lack descriptive support in the disclosure as originally filed does not necessarily mean that the limitation is also not enabled. In other words, the statement of a new limitation in and of itself may enable one skilled in the art to make and use the claim containing that limitation even though that limitation may not be described in the original disclosure. Consequently, such limitations must be analyzed for both enablement and description using their separate and distinct criteria.

Furthermore, when the subject matter is not in the specification portion of the application as filed but is in the claims, the limitation in and of itself may enable one skilled in the art to make and use the claim containing the limitation. When claimed subject matter is only presented in the claims and not in the specification portion of the application, the specification should be objected to for lacking the requisite support for the claimed subject matter using Form Paragraph 7.44. See MPEP § 2163.06. This is an objection to the specification only and enablement issues should be treated separately.

### 2164.01 Test of Enablement

Any analysis of whether a particular claim is supported by the disclosure in an application requires a determination of whether that disclosure, when filed, contained sufficient information regarding the subject matter of the claims as to enable one skilled in the pertinent art to make and use the claimed invention. The standard for determining whether the specification meets the enablement requirement was cast in the Supreme Court decision of *Mineral Separation v. Hyde*, 242 U.S. 261, 270 (1916) which postured the question: is the experimentation needed to practice the invention undue or unreasonable? That standard is still the one to be applied. *In re Wands*, 858 F.2d 731, 737, 8 USPQ2d 1400, 1404 (Fed. Cir. 1988). Accordingly, even though the statute does not use the term "undue experimentation," it has been interpreted to require that the claimed invention be enabled so that any person skilled in the art can make and use the