UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

------------------------------------------------------- X
LEVITON MANUFACTURING CO., INC.,         :

       Plaintiff,                                           :

  v.                                                                :
                                                  Civil Action No. 01 CV 3855 AMD
UNIVERSAL SECURITY INSTRUMENTS,      :
INC., *et al.*,
                                              :

       Defendants.
                                              :
------------------------------------------------------- X


**PLAINTIFF LEVITON MANUFACTURING CO., INC.'S
MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ON INDEFINITENESS
AND IN SUPPORT OF LEVITON'S CROSS-MOTION
<u>FOR SUMMARY JUDGMENT OF NO INVALIDITY FOR INDEFINITENESS</u>**

**TABLE OF CONTENTS**

                                                                                                            **Page**

**BACKGROUND** ........................................................................................................ 2

**ARGUMENT** ............................................................................................................. 3

**CONCLUSION** ........................................................................................................ 7

## TABLE OF AUTHORITIES

Page

**Federal Cases**

*Akzo N.V. v. E.I. Dupont de Nemours,* 635 F.Supp. 1336 (E.D. VA 1986) .......................... 6

*Ethicon, Inc. v. Quigg,* 849 F.2d 1422 (Fed. Cir. 1988) ....................................................... 1

*Exxon Corp. v. Phillips Petroleum Co.,* 265 F.3d 1249 (Fed. Cir. 2001) ............................. 4

*Glaxo Welcome Inc. v. Pharmadyne Corporation,* 32 F.Supp. 2d 265
  (D. MD 1998) ..................................................................................................................... 6

*In re Hawkins,* 486 F.2d 569 (C.C.P.A. 1973) ..................................................................... 1

*Interconnect Planning Corp. v. Feil,* 774 F.2d 1132 (Fed. Cir. 1985) ................................. 6

Magnivision, Inc. v. Bonneau Co., 115 F.3d 956, 42 USPQ2d 1925
  (Fed. Cir. 1977) .................................................................................................................. 4

**Federal Statutes**

35 U.S.C. § 112 ....................................................................................................................... 1

35 U.S.C. § 254 ....................................................................................................................... 3

35 U.S.C. §§ 102, 103 ............................................................................................................. 2

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

------------------------------------------------------- X
LEVITON MANUFACTURING CO., INC.,                        :

        Plaintiff,                                 :

  v.                                                    :

UNIVERSAL SECURITY INSTRUMENTS,                         :   Civil Action No. 01 CV 3855 AMD
INC., *et al.*,
                                                    :
        Defendants.
                                                    :
------------------------------------------------------- X

**PLAINTIFF LEVITON MANUFACTURING CO., INC.'S
MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ON INDEFINITENESS
AND IN SUPPORT OF LEVITON'S CROSS-MOTION
FOR SUMMARY JUDGMENT OF NO INVALIDITY FOR INDEFINITENESS**

In determining whether a patent meets the statutory requirements set by the patent statute for validity and enforceability, the internal regulations of the United States Patent and Trademark Office (hereinafter "USPTO") do not determine the issues. Specifically at the present time, the issue of whether the claim is valid is based upon the language of a claim taken in the context of the specification and where appropriate the file history of the issued patent. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1425 (Fed. Cir. 1988) (noting that the MPEP "is a reference work on patent practices and procedures and does not have the force of law"); *In re Hawkins*, 486 F.2d 569, 572 (C.C.P.A. 1973). The Defendants appear to base their assertions of invalidity of the claims of U.S. Patent No. 4,595,894 (the "'894 Patent") on certain asserted failures by the USPTO to carry out its activities in accordance with the administrative rules of that agency, rather than considering the claim in the light of its statutory correctness, under the 35 U.S.C. §§ 102, 103 and 112, as well as §254.

## BACKGROUND

There is no issue of fact that the patent as originally printed upon issue in 1986, included a clerical error in the language of claim 1. Specifically, that claim omitted the words, "second positions; electromagnet coil means disposed within" at claim 1, column 6, line 53, after the word "and."

It is further not contested that a Certificate of Correction was applied for by the patentee and granted by the USPTO on or about 12, July 1988 (the "1988 Certificate", attached hereto as Exhibit A). It is also undeniable that although this 1988 Certificate accurately quoted the omitted language from claim 1, it erroneously stated that that missing language should be inserted into claim 2 at Column 7, Line 3, "after 'and'". It is thus also not contested that the 1988 Certificate of Correction did not fully correct the error in the claims as originally printed.

Thereafter, and prior to the bringing of the present action before this court, the patentee applied for and on or about 11, December 2001 was granted a further Certificate of Correction (the "2001 Certificate", attached hereto as Exhibit B) which this time accurately and properly corrected the clerical error in claim 1 and inserted, at the proper location, the missing language. The Defendants do not deny that the claim as presently set forth in the '894 Patent, including the 2001 Certificate of Correction, is not the claim in the original application, as allowed by the Examiner and intended to be published in the issued '894 Patent.

The apparent basis for the Defendants' motion for summary judgment of "indefiniteness" is an asserted failure on the part of the USPTO to follow its own rules and guidelines in determining whether the error is "clearly disclosed by the records of the office" to have "incurred through the fault of the Patent and Trademark Office" (Citing 35 U.S.C. § 254). The Defendants have nowhere shown that the original printing error was in fact not caused by the USPTO, that it

was not "clearly disclosed by the records of the Office", or that the 2001 Certificate of Correction did not place the claim in the condition that the Examiner allowed, as shown by the text of the originally filed application taken from the microfiche files of the USPTO (*see* the Expert Report of Jerome Massie, attached hereto as Exhibit C)

Contrary to the assertion by the Defendants, the erroneous first Certificate of Correction of 1988 does not result in an unintelligible claim 2, but rather is on its face not applicable to claim 2. Specifically, the Certificate of Correction refers to "column 7, line 3, claim 2, after 'and'." In the 894 patent, as originally published, line 3 of column 7 does not include the word "and." Accordingly, there is no position into which the omitted language can be inserted in claim 2, line 3, as directed. Clearly, the 1988 Certificate of Correction was incorrect on its face. However, that Certificate of Correction did accurately quote the language omitted from claim 1 by the USPTO.

The Defendants argue that the Examiner at the USPTO would not have allowed the claim, as printed, to issue. That much is agreed to by all parties. However, the issue when did the omission occur. It is clear from the records that the error occurred after the Examiner issued the allowance of the claims as originally filed, during the printing procedure.

## ARGUMENT

The Defendants misleadingly quote §1485 of the Manual Patent Examining Procedure ("MPEP"). That section of the MPEP nowhere states that it is necessary to review the "file history in order to determine whether an error has been made, the responsibility for the error, if any, and whether the error is of such a nature as to justify the issuances of a Certificate of Correction." The MPEP does state, quoting the regulatory rule, that such a determination "will be made by the Certificate of Correction Branch." It may be common, or even expected, for the

examiners in that branch to review the file history. However, there is no specific requirement in the MPEP mandating that to be the case. Even if there were, the courts have held that such internal office regulations would not invalidate the issued patent. It is well-settled that:

> "Absent proof of inequitable conduct, the examiner's or the applicant's absolute compliance with the internal rules of patent examination becomes irrelevant after the patent has issued.', *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 960, 42 USPQ2d 1925, 1929(Fed. Cir. 1997)."

*Exxon Corp. v. Phillips Petroleum Co.*, 265 F.3d 1249, 1254 (Fed. Cir. 2001)

It is true that the paper file, or file wrapper, of the application for the '894 Patent was apparently not available at the USPTO in 2001. However, there is no indication that the file was not available in 1988, when the 1988 Certificate was granted. Clearly, in 2001, the records of the USPTO, including the PAIR and PALM records, make clear that the patentee was not charged for the issuance of the Certificate of Correction in 1988, making it clear that that 1988 Certificate was issued based upon §254 of Title 35 U.S.C., i.e. based upon a "patent and trademark office mistake." The Defendants have nowhere supported their assertion that if the file history cannot be reconstructed and has been lost, a Certificate of Correction may not issue. When it is clear from all of the other records, including the 1988 Certificate, what the error was, and that it was the fault of the USPTO, then there is no basis for refusing a Certificate of Correction.

Section 254 requires only that the error "is clearly disclosed by the records of the office" to be a mistake in the patent, incurred through the fault of the Patent and Trademark Office. There is no requirement that the "records" that are consulted be the file wrapper, when a file wrapper has been determined not to be available. An error made by the USPTO, where the USPTO has apparently lost the official file wrapper, is not a situation where the office can refuse

to issue a certificate if other records indicate that any error that occurred was the fault of the USPTO, and what the error was.

It is clear from the records available at the USPTO that there was no amendment made to the claims. Any consideration of whether there may or may not have been comments or arguments upon the meaning of a claim are not relevant to the language of the claim. Further, the files of the USPTO clearly show the text of claim 1 as originally filed and as allowed. A comparison of that text with the text of the published patent, where claim 1 of the published patent should have been identical to claim 1 of the original application, clearly shows the language that was omitted from claim 1. Furthermore, it is clear that the same language was the subject of the 1988 Certificate. There is no indication in the records that the file wrapper was missing at the time the 1988 Certificate issued. Accordingly, knowing that the 1988 Certificate issued based upon its being an error of the USPTO, because the record shows no fee was charged by the USPTO in 1988, it is clear that the correction must be made today based upon the earlier history where it is "clearly disclosed by the records of the office." There is no basis whatsoever for reaching the conclusion of the Defendants that the Certificate of Correction is not valid and thus, the claim is invalid.

The Defendants have nowhere set out any basis for their conclusion that the Certificate of Correction was invalid because the examiner in charge of issuing the Certificate of Correction did not review the "file wrapper." Indeed, the issue of whether or not the examiner acted in accordance with all of the internal regulations of the USPTO when he approved issuing this 2001 Certificate of Correction, has not been shown to thereby invalidate the Certificate of Correction nor make the claims invalid. The case cited by the Defendants, *Southwest Software*, does not consider this issue at all. Indeed, it assumes that no Certificate of Correction had issued.

Whether or not the Examiner followed all of the guidelines does not invalidate the Certificate of Correction unless a showing can be made of inequitable conduct by the applicant or that the certificate was objectively wrong *Exxon, supra.*. All of the evidence that has been provided from the PTO records, including the original application as filed, the PAIR RECORD, the PALM RECORD and the fact that the first 1988 certificate issued without any charge being made against the patentee, all confirms that there was an error that was the fault of the USPTO, and make clear that the error was the omission of the language included in the 1988 certificate albeit erroneously entered at the wrong location.

As the Defendants themselves admit, the providing of evidence showing that the examiner did not do something that may have been required by the internal regulations of the PTO, does not relieve the Defendants of having to overcome the presumption of validity for the patent, including any issued Certificate of Correction. The burden of overcoming the presumption of patent validity is statutory in nature and must be overcome by clear and convincing evidence. *See Glaxo Welcome Inc. v. Pharmadyne Corporation,* 32 F.Supp. 2d 265, 291 (D. MD 1998); *Interconnect Planning Corp. v. Feil,* 774 F.2d 1132, 1139 (Fed. Cir. 1985); *see also Akzo N.V. v. E.I. Dupont de Nemours,* 635 F.Supp. 1336 (E.D. VA 1986). In the present case, the Defendants have only shown that procedures may not have been properly followed, taking their arguments in the strongest possible light. The defendants have not produced any affirmative evidence contradicting the objective correctness of the Certificate of Correction or the validity of the claims.

As a second step, the Defendants incorrectly argue that if the 2001 Certificate of Correction is "invalid", the patent is invalid, because Claim 1, the only independent claim is "indefinite" without the 2001 Certificate. The Defendants do not attempt to overcome the

decision in the sister case in California (Court Order, attached hereto as Exhibit D), and cited in opposition to an earlier motion brought by defendants. The present Court made it clear that he agreed with the California court (*See* April 17, 2003 Hearing transcript and Court Order, attached hereto as Exhibits D and E) after making a full review of all of the facts. Although the California decision is not binding in this case, it is relevant evidence to be considered by the Court. The defendants have presented no evidence countering that prior decision.

## CONCLUSION

The motion for summary judgment by defendants should be denied, and the cross-motion by plaintiff granted, finding the 2001 Certificate of Correction valid, and the patent claims not indefinite.

Dated: August 7, 2003                                  Respectfully submitted,


                                                       _____/s/_____
                                                       Paul J. Sutton
                                                       Joseph M. Manak
                                                       Barry G. Magidoff
                                                       Joseph G. Lee
                                                       GREENBERG TRAURIG, LLP
                                                       885 Third Avenue
                                                       New York, New York 10022
                                                       Telephone: (212) 801-2100
                                                       Facsimile: (212) 688-2449

                                                       D. Christopher Ohly, Esq.
                                                       BLANK ROME COMISKY &
                                                       McCAULEY, LLP
                                                       250 West Pratt Street
                                                       Suite 1100
                                                       Baltimore, MD 21201
                                                       Telephone: (410) 659-1400
                                                       Facsimile: (410) 659-1414

                                                       Attorneys for Plaintiff
                                                       LEVITON MANUFACTURING CO., INC.