## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

LEVITON MANUFACTURING CO., INC.           )
                                          )
            (Plaintiff)                   )
                                          )
      v.                                  )        01CV3855 AMD
                                          )
UNIVERSAL SECURITY INSTRUMENTS,           )
INC. et al.                               )
                                          )
            (Defendants)                  )

## DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ENTERED AGAINST PLAINTIFF AND ITS COUNSEL FOR VIOLATING THE PROTECTIVE ORDER

Defendants, Universal Security Instruments, Inc. and USI Electric, Inc. (collectively "USI") hereby move for an Order to show cause why sanctions should not be entered against Plaintiff Leviton Manufacturing Company, Inc. ("Leviton") and its attorneys for violating the Stipulated Protective Order in this action. Specifically, Defendants submit that Leviton employees have been given access to documents and materials designated "Outside Counsel Only" pursuant to the Stipulated Protective Order, and Leviton and its attorneys have used this information and other information designated "Confidential" for purposes other than this litigation in direct violation of the Protective Order. USI respectfully requests an Order requiring Plaintiff and its counsel to show cause why they should not be sanctioned for their conduct. Further, USI requests an Order requiring Leviton to disclose, under oath in a declaration, what materials they have been provided by counsel and an Order requiring Leviton's counsel to aver under oath whether, and to what extent, information designated "Outside

Counsel Only" has been provided to Leviton employees or disclosed to Leviton employees. Finally, USI respectfully requests monetary damages and the fees and costs associated in bringing this motion.

## ARGUMENT

Rule 26(f)(4) of the Federal Rules of Civil Procedure requires the parties to consider "any other orders that should be entered by the court under Rule 26(c)." Pursuant to Rule 26(c), the Court entered the Stipulated Protective Order in this case. Rule 37(a)(2) of the Federal Rules of Civil Procedure provides for sanctions by the Court "if a party fails to obey an order entered under Rule 26(f)."

Plaintiff and its counsel appear to have derogated the Stipulated Protective Order. As set forth below, this is not the first time Plaintiff employed information obtained during discovery, and in particular the 30(b)(6) deposition testimony of USI's president, for purposes outside the present litigation. The fact that Leviton's counsel is sharing "Outside Counsel Only" materials with Leviton employees, in violation of their obligation under the Protective Order requires remediation in the form of a detail explanation and payment of costs.

### I. The Stipulated Protective Order

The parties entered into a Stipulated Protective Order to ensure the confidentiality and non-disclosure of information provided during discovery. *See* Stipulated Protective Order[1] (Exhibit 1). The Protective Order in this case is a two-tier order, wherein documents can be designated as "Confidential" or "Confidential-Outside Counsel Only." The major difference between

---

[1]  The Order was drafted by Plaintiff's counsel.

"Confidential" and "Outside Counsel Only" documents is that the client of the attorneys receiving the documents cannot be given access to, or provided details about, "Outside Counsel Only" documents.    In both cases, however, the Protective Order is quite clear that "All Designated Material hereunder may be used by each receiving party solely for purposes of this litigation, and for no other purpose. . . . a receiving party may not use any Designated Material it obtains in the course of this litigation for any business purpose . . . ." *See* Stipulated Protective Order at ¶ 15 (Exh. 1).    Accordingly, any misuse of designated materials constitutes a violation of the Protective Order.

## II. Background

On December 11, 2001, Leviton filed the present suit against USI.  The suit represents one of a multitude of suits Leviton initiated around the country to rid the marketplace of competition from small importers of GFCI devices. Leviton used the cost and burden of litigation to force these small competitors to enter into settlement agreements and consent orders, wherein the small competitors had to leave the market for GFCIs in perpetuity.[2]  To achieve this end, Leviton used a trade dress infringement count on the back of a patent infringement count to insure that the small competitors would not reenter the GFCI arena after the asserted patent (U.S. Patent No. 4,595,894) expired in June of 2003.  If the market were free of small competitors, there would be no low-cost competition to keep prices down when the new UL 943 standard went

---

[2]  A representative Settlement Agreement and Consent Judgment involving Brite USA was reviewed during USI's June 19, 2003 document inspection in New York and identified for copying and production.  To date, this and other documents still

into effect in 2003 and the next generation of GFCI devices were introduced to the trade.

Only three of the defendants around the country chose to absorb the costs of litigation and defend against Leviton's claims and anticompetitive conduct.    As it became clear that USI would not acquiesce to Leviton's anticompetitive scheme, Leviton initiated an action in the ITC in hopes of cutting off USI's GFCI supply line through a default or settlement with USI's supplier (ITC Investigation No. 337-TA-478).    USI's original supplier vigorously defended the ITC proceeding, which was ultimately dismissed.[3]

In any event, in the interim, USI switched to a new GFCI design to assure there could be no possible assertion of the '894 patent against its new products, *See* Declaration of Harvey Grossblatt (Exhibit 3), but apparently signaling to Leviton that USI was pursuing the GFCI market for the long hall.    Immediately after the 30(b)(6) deposition of USI, Leviton and its attorneys began releasing a series of press releases in an effort to scare away or otherwise hinder USI's potential customers.    Defendants moved for a temporary restraining order to prevent Leviton's continued dissemination of a particular press release because of the false, misleading and inflammatory nature of the information contained in the press release.[4]    *See* Defendants' Emergency Motion for Temporary

---

have not been produced by Plaintiff despite repeated requests.

[3]  Leviton withdrew its Complaint on the last day of the "safe-harbor" following the service of a Motion for Sanctions filed by USI's supplier based on false and misleading statements in the Complaint. (Exhibit 2).

[4]  Leviton's campaign of disseminating false and misleading information concerning this action and the ITC proceedings continues to this day. *See* Exhibit 4).

Restraining Order (Exhibit 5).

Notably, the press release was less than one month after the deposition of the Defendants' 30(b)(6) corporate designee, Harvey Grossblatt. During the deposition, Leviton's outside counsel examined Mr. Grossblatt on highly confidential design, engineering and manufacturing information regarding Defendants' products.

In opposing USI's motion for restraining order, Leviton asserted truth as a defense and admitted that the press release was based on information learned during the confidential 30(b)(6) deposition of Harvey Grossblatt. *See* Leviton's Opp. Br. at 1 ("In particular, recent deposition testimony has revealed that the packaging of Defendants' GFCIs . . . is patently false and highly misleading . . . . ") (Exhibit 6). Issuing press releases based on confidential information procured during discovery is a violation of the Protective Order.[5]

Leviton's brief even had the attached to it the transcript of the 30(b)(6) deposition with the "Attorney's Eyes Only" designation. In addition, the brief was filed under seal and the quotations to the deposition transcript redacted. Clearly, counsel appreciated the confidentiality of the deposition materials. As officers of the Court and members of the bar, Leviton's counsel had an obligation to make sure Leviton employees did not receive "Outside Counsel Only" materials. As parties to the Protective Order, Leviton and its attorneys had an obligation to not use designated materials for purposes outside the litigation. Both of these

---

[5] During the April 17, 2003 hearing on all pending motions, Plaintiff's counsel asserted, for the first time, the press release was based on information obtained from non-confidential sources. Plaintiff has never identified such sources.

5

obligations appeared to have been ignored.[6]

In view of the fact that it was clear that the source of information for Leviton's press release was the confidential deposition testimony of Mr. Grossblatt, USI filed a motion for sanctions for violating the protective order. *See* Defendants' Motion for Sanctions (Exhibit 8). Leviton never filed a responsive brief because a previously scheduled hearing on all pending motions took place the next day and the motion was withdrawn.

Just days before the expiration of the '894 patent, Leviton filed another series of patent infringement suits accusing small importers of GFCIs of infringing six newly asserted patents by Leviton. The suit is yet another attempt by the Leviathan Leviton to use its enormous resources to win the war of attrition against these small competitors. Notably, Leviton did not file suit or an ITC Complaint against USI's supplier.

USI's supplier has now filed a declaratory judgment action in this Court in response to, and in hopes of ending, Leviton's harassment of its customers.

### III.    Violation of the Protective Order by Leviton and its Attorneys

An opportunity for inflicting further litigation costs on USI or hurting its customer base presented itself during the 30(b)(6) deposition of Harvey Grossblatt. Specifically, during the 30(b)(6) deposition of USI, Harvey Grossblatt identified USI's Canadian customer in response to questions regarding Exhibit 26. See Grossblatt Depo. at 181:7 to 182:16 (Exhibit 9). Notably, Exhibit 26 was

---

[6] USI is not the first party to raise a concern that Leviton's outside counsel was sharing confidential materials with Leviton employees. *See* Campolo Depo. Tr. at 396:6 to 398:25 (ITC 337-TA-478) (Exhibit 7).

marked as "Confidential – Outside Counsel Only." (Exhibit 10).

On July 30, 2003, just days after USI's supplier sued Leviton, USI's Canadian customer received a letter from counsel acting on behalf of Leviton asserting infringement of the Canadian counterpart to the '894 patent (which does not expire until 2005). *See* Exhibit 11. Mr. Grossblatt's testimony is the only known source of the identity of USI's Canadian customer and the fact that it imported USI's GFCIs before the design change. Accordingly, USI's counsel sent a letter to Leviton's counsel noting that the deposition testimony in the only conceivable source of the information and asking Leviton's counsel for its source and basis of the identity of this customer and the allegations that it imports allegedly infringing GFCIs into Canada. *See* Letter from William E. Bradley to D. Christopher Ohly dated July 31, 2003. (Exhibit 12.) The letter also indicated that a failure to respond could result in USI seeking appropriate relief. *See id.* Rather than respond by providing an explanation, Leviton's counsel chose to attack USI's counsel. *See* Letter from D. Christopher Ohly to William E. Bradley dated August 5, 2003. (Exhibit 13). USI again expressed its concerns that confidential information was being misused and asked for an explanation. *See* Letter from William E. Bradley to D. Christopher Ohly dated August 5, 2003. (Exhibit 14). Leviton did not to respond to this letter. This motion followed a week later.

USI is left with no choice but to seek judicial intervention to prevent the flagrant misuse of information provided pursuant to the Stipulated Protective Order in this case. USI remains convinced that not only the identity of its

7

Canadian customer was uncovered during the deposition of Mr. Grossblatt, but also its existence.  Further, USI remains convinced that there are no conceivable non-confidential means from which Leviton could have uncovered the fact that the Canadian client imported USI's GFCIs before the design change.

## CONCLUSION

For the foregoing reasons, Defendants request that their motion be granted.

Respectfully submitted,

By: _____ /s/ _____
Maurice U. Cahn, Esq.
William E. Bradley, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW,  Suite 200
Washington, D.C.  20036
(202) 331-8777

Attorneys for Defendants

8