UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LEVITON MANUFACTURING CO., INC.,

Plaintiff,

v.

UNIVERSAL SECURITY
INSTRUMENTS, INC., *et al.*

Defendants.

Civil Action No. 01 CV 3855 AMD

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties recognize that pursuant to discovery or otherwise during the course of this action, all parties and nonparties may be required to disclose trade secrets and other confidential or proprietary research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 104.13; and

WHEREAS, this lawsuit involves, inter alia, (a) highly confidential, technical, proprietary and trade secret subject matter and (b) highly sensitive and confidential financial and marketing information;

WHEREAS, the unrestricted disclosure of such highly confidential technical, scientific, marketing and financial information would be extremely prejudicial to the parties and compromise their respective competitive positions; the parties have determined that this protective order is required in order to protect the interests of the parties while allowing the exchange of information relevant to the litigation;

WHEREAS, the parties have, through counsel, stipulated to the entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential or proprietary information;

IT IS HEREBY ORDERED that the following provisions of this Order shall control:

1. Designated Material

In accordance with the terms of this Protective Order, any information recorded in any form or any portion thereof, including any form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure, may be designated pursuant to this Protective Order "CONFIDENTIAL OUTSIDE COUNSEL ONLY," OR "CONFIDENTIAL" by the person or entity producing or by any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed with the Court. All such information and material and all information or material derived from it constitutes "Designated Material" under this Protective Order. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, any and all material designated under this Protective Order shall not be used or disclosed by the party receiving the Designated Material except as provided under the terms of this Protective Order. (For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, provide or otherwise communicate the content or existence of the referenced material or document to anyone, except as provided herein).

2. Access

2.1 Materials Designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY."

Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL OUTSIDE COUNSEL ONLY" generally for the purpose of protecting non-

public information relating to the Designating Party's highly sensitive technical, manufacturing, patent application, marketing, sales and financial information. Material designated CONFIDENTIAL OUTSIDE COUNSEL ONLY may only be disclosed by the receiving party to:

(a) Persons who appear on the face of the Designated Material marked CONFIDENTIAL OUTSIDE COUNSEL ONLY as an author, addressee or recipient thereof; or persons who have prior knowledge of the content or subject matter of the document or thing, participated in events relating to those described or contained in the document or thing or in whose former files the document or thing was found;

(b) Outside counsel of record for the parties to this action, as well as the partners, associates, and regularly employed staff and supporting personnel of such counsel to the extent reasonably necessary to render professional services in this action;

(c) The Court and court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical, and other lay court personnel;

(d) Subject to Section 3.2 below, Designated Material marked CONFIDENTIAL OUTSIDE COUNSEL ONLY may also be disclosed to independent experts (and the assistants, secretarial and clerical staffs of such experts), (collectively, "Consultants") who are not employees of the receiving party and who are retained by a party or its attorneys of record in this action to assist in the preparation of the case, such as independent economic, accounting or scientific experts or technical advisors, and to furnish technical or expert services in connection with this action, or to give testimony with respect to the subject matter thereof for the trial of this action, and (i) who have been designated in writing by notice to counsel for all the other parties to this suit prior to any disclosure of any of the producing parties'

3

CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information to such persons, and (ii) who have been provided with a copy of this Order and have signed an affidavit of the form of Exhibit A attached hereto (a copy of such signed affidavit to be provided promptly to counsel for all other parties by counsel for the party retaining such person);

(e)   Duplicating, photocopying and document coding/scanning contractors, provided that such contractors be provided a copy of this order and that such contractors agree in writing, in the form of Exhibit A attached hereto, to comply with and be bound by its terms; and

(f)   Such other persons as the parties may, in writing, agree or by order of this Court.

2.2   <u>Materials Designated "CONFIDENTIAL."</u>  Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose of protecting non-public research, development, manufacturing, patent, marketing, sales, commercial, financial, business or other confidential information of the Designating Party. Materials designated CONFIDENTIAL may only be disclosed by the receiving party to:

(a)   Persons who appear on the face of Designated Materials marked CONFIDENTIAL as an author, addressee or recipient thereof; or persons who have prior knowledge of the content or subject matter of the document or thing, participated in events relating to those described or contained in the document or thing or in whose former files the document or thing was found;

(b)   Outside counsel and Consultants defined respectively in Sections 2.1(b), and (d) above, and persons defined in Section 2.1(a) above to the extent they would be permitted access to such confidential information if it were designated Confidential Outside Counsel Only;

(c)   Present employees or agents of the designating party; and

(d) Consultants of the designating party and former employees of the designating party whose testimony is sought or will be offered by the designating party in this action; provided, however, that the subject matter of the confidential information disclosed to such person be reasonably related to the subject matter of such person's likely testimony;

(e) A single in-house technical consultant per side, whose name, title and current position shall be designated in writing by notice to opposing counsel and who has been provided a copy of this Order and has signed an affidavit of the form of Exhibit A attached hereto prior to any disclosure of any of the producing party's CONFIDENTIAL information to such person (a copy of such signed affidavit to be provided promptly to counsel for all the other parties);

(f) The Court and court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical, and other lay court personnel;

(g) Duplicating, photocopying and document coding/scanning contractors, provided that such contractors be provided a copy of this order and that such contractors agree in writing, in the form of Exhibit A attached hereto, to comply with and be bound by its terms; and

(h) Such other persons as the parties may, in writing, agree.

2.3 Upon the termination of this action, all recipients of Designated Material pursuant to Section 2 shall return or destroy all Designated Material (and all copies thereof) in the manner described in Section 13.2 of this Protective Order.

3. <u>Certificates Concerning Designated Materials</u>

3.1 Each person to whom any Designated Material may be disclosed pursuant to the provisions of Section 2.2(b) above, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands

and agrees to abide by its terms. This certificate shall be in the form attached as Exhibit A. Outside counsel who makes any disclosure of Designated Materials to Consultants, pursuant to Sections 2.1(d) and 2.2(c) above, shall retain each original executed certificate. This certificate shall be in the form attached as Exhibit A.

        3.2    If any party desires to give, show, make available or communicate any documents or information designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY to any person identified in paragraphs 2.1(d) above, or information designated CONFIDENTIAL information to any person(s) identified in paragraph 2.2(b) above (with the exception of outside counsel), the party must first identify that individual to the attorneys for the Designating Party, who shall have seven (7) business days from receipt of such notice in writing to object to disclosure to any individual so identified. Such identification shall include the full name, company or firm name and professional address of the Section 2.1(c) individuals and shall also include a general description of job title, duties, and/or patent prosecution for Section 2.2(b) individuals, together with a disclosure of any consulting done within the immediately prior five (5) years. The parties shall attempt to resolve any objections informally. If the objections cannot be resolved within ten (10) business days from service of the notice, the party seeking to disclose the documents or information designated as CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY to the individual may move for an order of the Court allowing the disclosure. In the event objections are made and not resolved informally, disclosure of CONFIDENTIAL COUNSEL ONLY or CONFIDENTIAL documents and/or information to the individual shall not be made except by order of the Court. The party seeking disclosure shall bear the burden of proving that the disclosure is appropriate.

4.  **Use of Designated Materials By Designating Party**

Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

5.  **Designating Materials**

Documents, information, materials, pleadings, legal memoranda, expert statements and discovery responses, in whole or in part, may be designated as CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY as follows:

5.1  The producing or responding party shall designate material by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" on each page of the materials or on each physical item. Except for documents produced at the party's facilities, the designation of information shall be made prior to or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being so designated. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

5.2   When a party wishes to designate its own CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY materials produced by someone other than the Designating Party, such designation shall be made:

(a)   Within twenty-five days (25) from the date that the Designating Party receives copies of such materials from the producing or disclosing entity; and

(b)   By notice to all parties to this action and to the producing party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail.

(c)   The parties receiving such materials agree to treat it as "CONFIDENTIAL OUTSIDE COUNSEL ONLY" materials under this Protective Order until expiration of said 25 day period or until designation is made as set forth above within said 25 day period.

5.3   Upon notice of designation pursuant to Section 5.2 above, all persons receiving notice of the requested designation of materials shall:

(a)   Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

(b)   Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order; and

(c)   Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Protective Order.

6. <u>Designating Depositions</u>

    6.1    Deposition transcripts or portions thereof may be designated as CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY by a party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY.

    6.2    Where testimony is designated at a deposition, the Designating Party shall have the right to exclude at those portions of the deposition all persons not authorized by the terms of this Protective Order to receive such Designated Material.

    6.3    Notwithstanding the provisions set forth in Sections 2.1, 2.2 and 3, above, any party may mark Designated Material marked CONFIDENTIAL, or CONFIDENTIAL OUTSIDE COUNSEL ONLY as a deposition exhibit and examine any witness thereon, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material and provided that the person to whom the Designated Material is to be shown is a person who may have such access under Sections 2.1, 2.2 and 3, above.

    6.4    Any party may, within thirty (30) calendar days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the thirty day period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY. Until the expiration of the thirty calendar day period, any portion of the deposition not previously designated shall be treated as OUTSIDE COUNSEL ONLY CONFIDENTIAL and subject to protection as provided by this Protective Order.

7. <u>Copies</u>

All complete or partial copies of Designated Material shall also be deemed subject to the terms of this Protective Order.

8. <u>Court Procedures</u>

8.1 Disclosure of Designated Material to Court Officials. Subject to the provisions of this Section 8, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), the jury in this action, and any interpreters interpreting on behalf of any party or deponent who complete the certification set out in Exhibit A.

8.2 Filing Designated Materials with the Court. To the extent that any CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY ITEM subject to this Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information or comprises a CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY item, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO PROTECTIVE ORDER OF COURT DATED _____", together with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under Paragraph 9 of this Order. Copies or portions of such papers designated as CONFIDENTIAL or CONFIDENTIAL OUTSIDE

COUNSEL ONLY shall be maintained by Counsel in accordance with the provisions of this Order regarding CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY items.

8.3   Retrieval of Designated Materials. The party responsible for filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including any appeals thereof), to the extent permitted by the Court and the Court's governing rules.

8.4   Failure to File Under Seal. If any party fails to file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within 30 days of the filing of said Designated Materials. The Clerk of the Court is directed to comply with such request if made.

9.   Objections

A party may challenge the propriety of any designation under this Protective Order at any time. A challenge may be made by serving all other parties with a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection"). Service of a Notice of Objection shall be made by facsimile and by mail.

Following service of a Notice of Objection, the parties shall meet and confer in good faith to resolve the challenge. In the event that the parties are unable to resolve the challenge informally, the party challenging the designation may file, on or before the thirtieth calendar day after service of a Notice of Objection, a motion to redesignate the challenged material, accompanied by a certification that the parties met and conferred in good faith prior to the filing of the motion. In the event of such a motion, the material at issue may be submitted to the Court for in camera inspection. It shall be the burden of the designating person(s) under such circumstances to establish that the information so designated is CONFIDENTIAL or

CONFIDENTIAL OUTSIDE COUNSEL ONLY within the meaning of this Protective Order. The original designations shall remain effective until ten (10) business days after service of notice of entry of an order redesignating the materials and during the pendency of any timely filed appeal or writ petition.

In the event that a party files a motion challenging the designation of a document or documents, following the objection procedure set forth above and the meet and confer process, the Court may award sanctions, including reasonable attorneys' fees and costs, to the party prevailing on the motion if the Court finds that the other party acted without substantial justification by filing the motion, by resisting the motion, or by improperly designating materials as CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY, as the case may be.

10.     Client Communication

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose the content, substance or source of any Designated Material, except as permitted by this Protective Order.

11.     No Prejudice

11.1     This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

11.2     Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3  If any person required to produce documents inadvertently produces any Designated Material, without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order. Any party, in good faith, may designate as Confidential Information at any time information which has been previously produced in the event of that party's inadvertent failure to make such a designation earlier.

11.4  Neither the provisions of this Protective Order, nor the filing of any material, under seal, shall prevent the use in court, at any hearing, or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its provisions. Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

11.5  Nothing in this Protective Order shall constitute an admission or concession by either party that any Designated Material or other evidence or information produced pursuant to this Protective Order is relevant, material, or admissible in this action. Notwithstanding any provision of this Protective Order, the parties hereby reserve all rights to object to the relevance, materiality, or admissibility of Designated Material or other evidence or information produced under the terms of the Protective Order, and to seek exclusion of any such evidence or information in this action. Nothing in this Protective Order is intended to waive such rights to object to or seek exclusion of evidence in this action.

12.  <u>Inadvertent Production of Privileged Documents</u>

In the event that one of the law firms that is counsel of record in this action (or a responsible attorney for a non-party) learns or discovers that a document subject to immunity

13

from discovery on the basis of attorney-client privilege, work product or other valid basis has been produced inadvertently, counsel shall notify the receiving party or parties within ten business days after so learning or discovering that such inadvertent production has been made. The inadvertently disclosed documents and all copies shall be returned to the producing party and the receiving party shall not seek an order compelling production of the inadvertently disclosed documents on the ground that the producing party has waived or is estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced. Such inadvertent disclosure shall not result in the waiver of any associated privilege, provided that the producing party has given timely notice as provided in this paragraph. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information.

13. Modification and Survival

13.1 Modification. The parties reserve the right to seek modification of this Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Protective Order for any reason. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.

13.2 Survival and Return of Designated Material. This Protective Order shall survive termination of this action. Upon final termination of this action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to counsel for the Designating party or, if such party is not represented by counsel, directly to the Designating Party. Such Designated Materials shall either be returned at the expense of the Designating Party or, at the option of the requesting party, destroyed. Upon request for the

return or destruction of Designated Materials, counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Materials. Counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party not more than 90 days after the written request to return or destroy Designated Materials. Notwithstanding the provisions for return or destruction of Designated Material, outside counsel may retain pleadings, attorney and consultant work product.

    14.    **The Provisions Hereof Do Not Apply To Information That Becomes Public Knowledge In The Absence Of A Violation Of This Protective Order**

The restrictions set forth in the foregoing paragraphs shall not apply to information which (a) was or became public knowledge, not in violation of this Protective Order; (b) was or is acquired in good faith from a third party, not a party to this litigation, not in violation of this Protective Order and who has the right to disclose such information; (c) was or is discovered independently by the receiving party without any violation of this Protective Order having occurred; or (d) was disclosed by the supplying party to a third party in the absence of any understanding or expectation that the information would be kept confidential. The burden of showing that Designated Material can be treated as non-confidential material pursuant to the provisions of this section 14 shall rest at all times on the party who seeks to disclose such information or to treat such information as non-confidential. A party that objects to the designation of material as confidential (under any of the two levels of confidentiality contemplated herein) on one of the grounds set forth in this section 14 shall follow the objection procedures set forth in section 9 above.

15. <u>Material Disclosed To Be Used Only For Purposes Of Law Suit</u>

All Designated Material hereunder may be used by each receiving party solely for purposes of this litigation, and for no other purpose. Except as provided below, a receiving party may not use any Designated Material it obtains in the course of this litigation for any business purpose or in any other legal or administrative proceeding or in any other manner relating to the prosecution of any patent application or any request for patent rights in any country. Designated Material produced during the course of this litigation can be used by a receiving party in other legal or administrative proceedings if such use is mutually agreed by the producing and receiving party.

16. <u>No Contract</u>

This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

17. <u>Court's Retention of Jurisdiction</u>

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

18. <u>Approval By Counsel</u>

Execution by counsel for the parties below shall indicate that the terms and conditions of this Stipulated Protective Order shall be regarded as a binding agreement by the parties regardless of the date the Stipulated Protective Order actually is signed by the Court.

**SO STIPULATED**

---

John C. Dougherty
Hugh J. Marbury

Piper Rudnick LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000


Paul J. Sutton
Barry G. Magidoff
Joseph M. Manak
Joseph V. Saphia

Greenberg Traurig, LLP
Lipstick Building
885 Third Avenue
New York, New York 10022
(212) 801-2100

Attorneys for Plaintiff

---

Maurice U. Cahn
Frederick N. Samuels
William E. Bradley

Cahn & Samuels, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777

Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNIVERSAL SECURITY INDUSTRIES, INC., )<br>et al., )<br>)<br>Defendants. ) | **Civil Action No. 01 CV 3855 AMD** |

## AGREEMENT

My full name is _____. I am presently employed by _____ in the position of _____. My residence address is _____.

I hereby acknowledge that I am to have access to information designated in this litigation as CONFIDENTIAL material and/or CONFIDENTIAL OUTSIDE COUNSEL ONLY material, if permitted by the terms of the parties' Stipulated Protective Order, in the above-captioned litigation. I certify my understanding that such information has been provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered July ____, 2002, in the above-captioned litigation, under Section 2 thereof, and that I have been given a copy of and have read said Stipulated Protective Order and agree to be bound by the terms thereof. I further agree to subject myself to the jurisdiction of the United States District Court of Maryland regarding resolution of any matter pertaining to said Stipulated Protective Order.

Dated:_____        Signature:_____

                                   Print Name:_____