

# BLANK ROME LLP
### COUNSELORS AT LAW

*Phone:* (202) 772-5828
*Fax:* (202) 572-1428
*Email:* ohly@blankrome.com

August 5, 2003

**VIA FACSIMILE AND FIRST CLASS MAIL**

William E. Bradley, Esq.
Maurice U. Cahn, Esq.
Cahn & Samuels, LLP
Headquarters Building
2000 P Street, N.W.
Suite 200
Washington, DC  20036

Re: Leviton Manufacturing Company, Inc. v.
Universal Security Instruments, Inc., et al.,
Civil No. AMD 01-CV-3855

Dear Mr. Bradley:

This letter replies to your correspondence dated July 31, 2003, which was only sent to my office by facsimile, and which was not sent to my co-counsel in this case. I have been pleased to receive all of your correspondence in the past, and to act as a conduit for pleadings and other information generated by your firm. The nature of the false accusations made in your most recent letter, coupled with your demand for a response by "close of business tomorrow," *i.e.*, August 1, 2003, should have compelled you to send a copy of your letter to co-counsel. Your failure to do so suggests that you were not serious in your desire for a response, and you were willing to act without knowledge of the truth.

Your letter asserts that a USI customer in Canada received notice from "legal counsel acting on behalf of Leviton threatening an infringement suit on a foreign counterpart of the '894 patent." It states your conclusion that Harvey Grossblatt identified this Canadian customer during his deposition as a corporate designee and that "this testimony is the only known source of information regarding this customer's purchase of USI GFCIs." From this series of assertions, you have drawn the inappropriate conclusion that Leviton's United States lawyers were the source of information that lead to the threat of infringement suit that your letter purports to describe. Outrageously, your letter accuses Leviton's counsel of "yet another violation of the Protective Order," based upon your conclusion that one of those United States lawyers was the source of such information about the unidentified Canadian customer.



William E. Bradley, Esq.
Maurice U. Cahn, Esq.
August 5, 2003
Page 2

The assertions made in your letter are false. No information subject to the Protective Order has ever been improperly revealed by any of Leviton's United States counsel. Hence, there has been *no* violation of the Protective Order by disclosure of information derived from testimony given by Mr. Grossblatt, as your letter suggests, and furthermore, there has been *no previous* violation of the Protective Order, as your letter insinuates (in its accusation that the demand letter in Canada is "yet another violation").

Your baseless accusations are obviously compelled by the desperation that your client must feel as a result of the independent discovery of USI's foreign sales of infringing products, which your letter implicitly admits have occurred. It would be advisable, I suggest, for you to undertake greater investigation of the truth before publishing accusations that are palpably false and which impugn the integrity of opposing counsel. Any further publication of such false accusations is libel.

Please let me know, as promptly as possible, the source of the information contained in your July 31, 2003 letter, and please provide me with a copy of the July 30, 2003 letter to which it refers. The letter was obviously not signed by any of Leviton's United States counsel. Leviton and its United States counsel desire to investigate your allegations and, in addition, they wish to determine whether, as your letter suggests, information concerning infringing sales by USI, either within or outside the United States, might be available from public sources that have not yet been revealed in the course of this case. Such public information may be important to Leviton in determining whether to pursue additional courses of action in this case against USI.

If you choose to pursue this matter further, as your letter suggests, by seeking some relief from the Court, I suggest that you obtain the facts first.

Very truly yours,

D. Christopher Ohly

DCO:kg
cc:　Paul Sutton, Esq.
　　　Barry G. Magidoff, Esq.
　　　Joseph G. Lee, Esq.

117728.00601/35587083v1