LEXSEE 27 USPQ.2D 1705

Ex parte Bernard Maziere, Helmut Wachtel, Peter-Andreas Loeschmann, Rainer Dorow, Bernard Acksteiner, Dominique Comar and Christian Loch

Appeal No. 92-3407 from Art Unit 2203.

Application for Patent filed June 26, 1989, Serial No. 07/371,134, which is a division of Serial No. 07/072,090 filed July 10, 1987. Br*-Diagnostics For Monoamine Receptors.

Board of Patent Appeals and Interferences

*1993 Pat. App. LEXIS 9; 27 U.S.P.Q.2D (BNA) 1705*

November 4, 1992, Heard
January 26, 1993, Decided

[*1]

Before Lovell, Goolkasian and W. Smith, Examiners-in-Chief.

**COUNSEL:**

Anthony J. Zelano et al. for appellants.

Examiner - John S. Maples.

**OPINIONBY:** SMITH

**OPINION:**

W. Smith, Examiner-in-Chief.

This is an appeal from the final rejection of claims 1 through 19, all the claims in the application. Claim 1 is illustrative of the subject matter on appeal, a copy of which as it appears in the appendix to the Appeal Brief is attached to this decision.

The references relied upon by the examiner are:

Maziere et al. (Maziere), "[<76>Br] Bromolisuride: A New Tool For Quantitative In Vivo Imaging Of D-2 Dopamine Receptors", *European Journal Of Pharmacology,* Vol. 127, pages 239-247 (1986).

Maziere et al. (Maziere), "[<76>Br] Bromolisuride: A New Radiopharmaceutical For In Vivo Studies On The Pathophysiology Of Dopaminergic Receptors", *Journal De Biophysique Et Biomecanique,* French Article, Vol. 10, pages 25-26 (1986).

Claims 1 through 3 and 5 through 19 stand rejected under *35 U.S.C. § 102*(a) as anticipated by either of the Maziere references. Claims 1 and 4 stand rejected under *35 U.S.C. § 103* as unpatentable over each of the Maziere references.

We affirm but denominate our affirmance as a new ground of rejection [*2] under 37 C.F.R. § 1.196(b).

The Maziere references are available as prior art only if appellants are not entitled to the benefit under *35 U.S.C. § 119* of the earlier filing date of their foreign priority document. Appellants requested benefit under this section of the

statute at page 2 of Paper No. 13 filed October 29, 1990. The required certified English language of the priority document was filed November 8, 1990 (Paper No. 15).

In response to this request, the examiner did not determine whether the priority document disclosed the present claimed subject matter in the manner provided by *35 U.S.C. § 112*, first paragraph, as required. *In re Gosteli, 872 F.2d 1008, 10 USPQ2d 1614 (Fed. Cir. 1989)*. Rather, the examiner concluded that the claims of this application are not entitled to the benefit of parent application Serial No. 07/072,090, U.S. Patent No. 4,857,928 under *35 U.S.C. § 120* because that application purportedly does not disclose the subject matter now claimed. On this basis, the examiner concluded that appellants are not entitled to claim benefit of their foreign priority document under *35 U.S.C. § 119*.

There are, in effect, two issues to be resolved in this appeal. [*3] The first is whether the claims on appeal are entitled to the benefit of the earlier filing date of parent application Serial No. 07/072,090 under *35 U.S.C. § 120*. If so entitled, the second issue is whether these claims are entitled to the benefit under *35 U.S.C. § 119* of the foreign priority document. We conclude that the examiner's determination that the claims on appeal are not entitled to the benefit of the earlier filing date of the parent application under *35 U.S.C. § 120* is in error.

The present claims are directed to labeled radioactive bromine compounds and their use in imaging monoamine receptors in a patient. Adopting appellants' shorthand notation, we shall refer to this subject matter as Br*. Parent application Serial No. 07/072,090 disclosed and claimed similar subject matter directed to labeled radioactive iodine compounds and their use in imaging monoamine receptors in a patient which subject matter will be referred to in a similar manner as I*. The first paragraph of the parent application cross referenced related application Serial No. 07/071,944 which disclosure was stated to be incorporated by reference therein. Serial No. 07/071,944 was directed to the [*4] Br* subject matter now disclosed and claimed. n1 That application also cross referenced the present parent application, Serial No. 07/072,090, and incorporated that disclosure by reference therein. n2

   n1 Application Serial No. 07/071,944 was filed under the provisions of 37 C.F.R. § 1.53(b) and (d), and granted a serial number and filing date. The application is abandoned.

   n2 The relationship between the three applications is schematically set forth in an attachment to the Appeal Brief, which is appended to this decision.

It appears to be the examiner's position that applicants are not entitled to the benefit of the earlier filing date of parent application Serial No. 07/072,090 because that application refers to the Br* subject matter only by the incorporation by reference of Serial No. 07/071,944. The examiner is of the opinion that since the Br* subject matter is so-called "essential material", it was improper for Serial No. 07/072,090 to incorporate the Br* subject matter by reference. We disagree.

*35 U.S.C. § 120* requires in relevant part that the now claimed invention be disclosed in an earlier application in the manner provided by the first paragraph of § 112. Section [*5] 120 of the statute does not place any restriction or limitation as to how the now claimed invention must be disclosed in the earlier application in that manner. *See In re Brower, 433 F.2d 813, 167 USPQ 684 (CCPA 1970)*. There is no dispute that the present application fully describes and enables the subject matter now claimed. No issue regarding best mode has been raised. Indeed, the present specification and claims are those of Serial No. 07/071,944 which was incorporated by reference in parent Serial No. 07/072,090. This disclosure was present in Serial No. 07/072,090 *albeit* in a compressed form via the statement of incorporation by reference of Serial No. 07/071,944. In filing this application, appellants in effect "expanded" the compressed file of 07/071,944 which was present in the first paragraph of Serial No. 07/072,090 and "compressed" the remaining disclosure of 07/072,090 into a statement of incorporation by reference.

While at all relevant times the present specification and claims were part of the disclosure of parent application Serial No. 07/072,090, the Br* subject matter was never claimed in that parent application. To the extent that present practice [*6] would not allow incorporation by reference of "essential material" in a pending patent application, the Br* subject matter was not such essential material in parent Serial No. 07/072,090 since it was not claimed therein. The applicants of that application were quite correct in not further burdening the record of that file by including the text which was incorporated by reference.

We conclude that the Br* subject matter now claimed in this application was disclosed in the parent application Serial No. 07/072,090 in the manner required by *35 U.S.C. § 112*, first paragraph. Accordingly, the claims on appeal

are entitled under *35 U.S.C. § 120* to the benefit of the earlier filing date of this parent application, the examiner's determination to the contrary being in error.

As set forth above, this conclusion does not necessitate reversal of the rejections since the Maziere references are prior art to the claims on appeal even when they are entitled to the benefit of the earlier filing date of the parent application. It is only if appellants are entitled to the benefit of their foreign priority document under *35 U.S.C. § 119* that the rejections are removed. While appellants requested [*7] the examiner make this determination earlier in the prosecution of this file, the examiner did not do so. Such a determination should be made by the examiner in the first instance. However, without the benefit of the examiner's determination in this regard, the rejections of record must be affirmed. In so doing, we denominate this affirmance as a new ground of rejection under 37 C.F.R. § 1.196(b) so that appellants will be able to now obtain that determination since the examiner failed to do so when properly requested earlier in the prosecution of this application.

We are cognizant that according to normal procedures an examiner is bound by a rejection under 37 C.F.R. § 1.196(b) absent amendment of the claims so rejected or submission of a showing of facts. M.P.E.P. § 1214.01 (2). Under the circumstances of this case, however, we make clear that if the examiner determines the claims on appeal are properly supported in the foreign priority application, the examiner does have the authority to withdraw the rejections and, absent any further issues of patentability, allow the application.

Any request for reconsideration or modification of this decision by the Board of Patent Appeals [*8] and Interferences based upon the same record must be filed within one month from the date of the decision (37 CFR § 1.197). Should appellants elect to have further prosecution before the examiner in response to the new rejection under 37 CFR § 1.196(b) by way of showing of facts not previously of record, a shortened statutory period for making such response is hereby set to expire two months from the date of this decision.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 CFR 1.136(a). See the final rule notice, *54 F.R. 29548 (July 13, 1989),* 1105 O.G. 5 (August 1, 1989).

AFFIRMED

37 CFR § 1.196(b)

APPENDIX

1. A labeled radioactive bromine compound of Formula I

[SEE FORMULA IN ORIGINAL]

wherein

$R^6$ is a $C_{1-6}$ aliphatic hydrocarbon residue and $C_9$---$C_{10}$ is a single or double bond, or a pharmaceutically acceptable acid addition salt thereof.

ATTACHMENT

| 071,944 | 072,090 |
|---|---|
| incorporates by ref. I* of 072,090, but doesn't expressly recite it or claim it | incorporates by ref. Br* disclosure of 071,944 but doesn't expressly recite it or claim it |
| expressly recites Br* disclosure and claims Br* invention filed 7/10/87 | expressly recites I* disclosure and claims I* invention filed 7/10/87 |
| unintentionally abandoned 9/30/87 | |

THIS APPLN.; FILED 6/26/89
incorporates by ref. I*

1993 Pat. App. LEXIS 9, *; 27 U.S.P.Q.2D (BNA) 1705

| 071,944 | 072,090 |
|---|---|
|  | disclosure of parent (072,090) but doesn't expressly recite it or claim it |
|  | expressly recites Br* disclosure included in parent (072,090) in "incorporation by reference" format; and claims Br* invention |

[*9]