IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| LEVITON MANUFACTURING, INC. | ) |
| (Plaintiff) | ) |
| v. | ) 01CV3855 AMD |
| UNIVERSAL SECURITY INSTRUMENTS, INC. | ) |
| and | ) |
| USI ELECTRIC, INC. | ) |
| (Defendants) | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION AND CROSS-MOTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '894 PATENT UNDER 35 U.S.C. 112, SECOND PARAGRAPH, FOR INDEFINITENESS**

Defendants' Universal Security Instruments, Inc. and USI Electric, Inc., (collectively "USI") by and through their undersigned counsel, submit this reply to briefly address a few points raised in Plaintiff Leviton Manufacturing, Inc.'s opposition and cross-motion.

### REPLY

Plaintiff's opposition is nothing more than a thinly-veiled attempt to hide the fact that it finds itself at complete odds with its own patent expert. Notably, both parties' experts have testified that it would be improper for anyone at the United States Patent & Trademark Office to issue a certificate of correction without reviewing the file history. Further, both experts agree that without the second certificate of correction, the claims are not allowable, and, thus, invalid.

1

### The Parties' Experts Agree that Claim 1 as Printed is Indefinite

Plaintiff attempts to describe Defendants' motion as invalidity based "on certain asserted failures by the USPTO to carry out its activities in accordance with the administrative rules of that agency, rather than considering the claim in light of its statutory correctness, under 35 U.S.C. §§ 102, 103 and 112, as well as § 254." Opp. Br. at 1. However, as plainly stated in Defendants' motion, this is a motion for invalidity based on indefiniteness under 35 US.C. § 112, second paragraph. Clearly, without the certificate of correction, the claims are missing language and hopelessly indefinite. Both parties' experts agree. The parties' experts also agree that carrying out the statutory mandate of only issuing certificates of correction under 35 U.S.C. § 254 for errors which are clear from the records of the PTO. To satisfy this requirement the PTO mandates review of the file history. Thus, Defendants motion is indeed a motion involving statutory correctness under § 112 and §254.

### All Other Resources Are Demonstrably Subordinate to the File History

Despite the agreement of the experts, Plaintiff continues to argue that the file history is irrelevant. Plaintiff attempts to use subordinate systems in the PTO as a surrogate for the file history. The lack of reliability and accuracy, in this case, due to incomplete/missing records, has been clearly established by Defendants.[1] As a result, no one knows what really transpired during prosecution without the file history. *See* Expert Report of Lawrence J. Goffney at ¶112 (hereinafter "Goffney Report") (Exhibit 1);

---

[1] *See* Defendants' Opposition to Plaintiff's Motion for Summary Judgment that the Accused Devices Infringe the Claims of the '894 Patent and its exhibits. In sum, the subordinate PAIR/PALM/RAM electronic records are facially incomplete as evidenced, for example, by the absence of numerous entries including those associated with the self same second certificate of correction.

see Deposition of Jerome Massie at 81: 4-19 (hereinafter "Massie Depo. Tr.") (Exhibit 2).

Plaintiff's primary contention regarding the absence of prosecution is that the publicly available Patent Application Information Retrieval (PAIR) system, which is based on the PTO's internal Patent Application Location and Monitoring (PALM) system, shows only one office action being issued by the Examiner, and thus the claims were allowed as filed. See Opp. Br. at 3-5; Expert Report of Jerome Massie at ¶10 (hereinafter "Massie Report"). (Exhibit 3). The PTO's PAIR/PALM system printout for the '894 patent in this case, is virtually conclusive of the inaccuracy and incompleteness of those materials. See '894 Patent PAIR and PALM records. (Exhibit 4). Immediately apparent upon the briefest perusal and in contrast to the entries relating to the first Certificate of Correction in 1988, is the absence of any records or entries associated with the second Certificate of Correction of 2001. There is no entry reporting the original June 18, 2001 Request, the October 18, 2001 resubmission of the Request, the October 22, 2001 approval of the Request, and/or the December 11, 2001 issuance of the second Certificate of Correction. According to the very PAIR/PALM system relied upon by Plaintiff, the second Certificate of Correction does not exist. Compounding the absence of entries is the ambiguity of other entries. For example, what were in the "miscellaneous incoming letters?" Without the file history, there is no way to know what other events transpired in connection with the '894 patent, such as existence of amendments, Examiner's Interviews, Examiner's Amendments, or Reasons for Allowance.

3

Indeed within the framework of this case, PAIR and PALM printouts for another patent illustrates the inadequacy and incompleteness of those records. Plaintiff's expert conceded the absence of key prosecution events in PAIR during his deposition. See Massie Depo. Tr. at 99:7 to 104:17. (Exh. 2). The PAIR printout for the prior art '338 patent is missing a number of substantive entries that transpired during the prosecution. See id. Consequently there is no way the Plaintiff or the public, could conclude that there was no prosecution history or estoppel creating events.

The RAM system is equally as fallible. Plaintiff relies on the absence of an entry in RAM to conclude the 1988 certificate of correction was a PTO error because, if it was an applicant's error, a fee would have been charged. See Opp. Br. at 6. Unfortunately for Plaintiff, the RAM record does not indicate any fees having been charged or paid prior to 1993, thus the RAM record is not probative of any issue relating to the first certificate of correction in 1988.[2] See RAM printout. (Exhibit 5). Thus, there is no record of the 1) filing fee being paid in 1986, 2) the assignment recordation fee being paid in 1986, or 3) the first maintenance fee being paid in 1989-90.[3] The RAM printout shows the 7 ½ year and 11 ½ year fees being paid, but not the first maintenance fee. (Exh. 5). Relying on Plaintiff's analysis, absent an electronic showing of the first maintenance fee payment, the '894 patent is not enforceable for the failure to pay a statutorily prescribed fee.

---

[2] In fact, based on the content of the first certificate of correction being so far off from the intended placement of the correction, it is more likely that the problems with the first certificate of correction were caused by a faulty submission to the PTO by prosecution counsel.

[3] By statute, for all patents filed after 1980, maintenance fees must be paid at the 4, 8 and 12 year anniversaries of the patent to keep the patent from lapsing. See 35 U.S.C. § 41(b). The PTO allows the windows for payment to open on the 3 ½ year, 7 ½ year and 11 ½ year anniversaries of the patent's issue date. See 37 C.F.R. §1.162.

4

The official File History is the only record from which the public (and the PTO) can make determinations regarding patents, such as the propriety of a certificate of correction. *See* Goffney Report at ¶¶112-116; *see also* Goffney Depo. Tr. at 62:2 to 84:13 (in particular page 77, ln 12-24) (Exhibit 6). As demonstrated above, the utter unreliability of unofficial documents (e.g., the PAIR, PALM and RAM system printouts) makes them an improper substitute. Commissioner Goffney elaborated on why the official file history of a patent must be used as the sole source of information relating to patents. *See* Goffney Depo. Tr. at 62:2 to 84:13 (Exh. 6). Thus, as agreed to by the experts, in order to determine if an error of the PTO was "clearly disclosed by the records of the Office," the file history must be reviewed. *See* 35 U.S.C. § 254; Goffney Report at ¶¶ 113-116 (Exh. 1); Massie Depo. Tr. at 157:8 to 160:12 (Exh. 2). The parties do not dispute that that did not happen in connection with the December 11, 2001 Certificate of Correction. *See* Opp. Br. at 4. Accordingly, the certificate was improperly issued and void. As already set forth in this case, and conceded by Plaintiff's expert, the '894 patent in its uncorrected form is invalid for indefiniteness.

**The Plaintiff's Caselaw in Inapposite**

The lone case cited by Plaintiff to support its proposition that the failure of the PTO to follow its internal procedures is irrelevant is *Exxon Corp. v. Phillips Petroleum Co.*, 265 F.3d 1249 (Fed. Cir. 2001). However, that is not what the case stands for:

> In *Exxon*, the applicant filed a continuing application claiming priority to a previous application but instructed the PTTO to cancel all claims in the papers submitted. *See Exxon*, 265 F.3d at 1253. One of the statutory requirements for filing a patent application is that it must be filed with at least one claim. *See, e.g.*, 35 U.S.C. § 112, ¶ 2. The PTO caught applicant's mistake and fixed the defect in order to ensure there was no violation of the statute. *See Exxon*, 265 F.3d at 1253. The Federal Circuit held that "[t]he PTO acted within its authority in modifying the plainly incorrect instruction." *Id.*

5

*Urologix, Inc. v. Prostalund AB,* 64 U.S.P.Q.2d 1939, 1944 (E.D. Wis. 2002). (Exhibit 7). The *Exxon* case did not involve a situation where the PTO's failure to follow its own rules resulted in a statutory violation. *Id.* "The corrective action taken in *Exxon* is prescribed by MPEP §714.20. In the instant case, by contrast, there is no corresponding MPEP section authorizing corrective action and no evidence that the PTO took such action." *Id.* As previously set forth herein, both parties' experts agree that the statutory requirement to determine if "an error is clearly disclosed in the records of the Office" requires the file history to be reviewed. Again, Commissioner Goffney has made it clear that the "records" referred to in the statute are those contained in the official file history. *See* Goffney Depo. Tr. at 77:12-24 (Ex. 6). Accordingly, the failure to review the file history is thus a statutory violation. Examiner's are without authority to waive a statutory requirement. *Urologix,* 64 U.S.P.Q.2d at 1944-45. For this reason, the certificate of correction was not lawfully issued and is void. Without the certificate of correction, the claims remain uncorrected and invalid for indefiniteness.

## CONCLUSION

In view of the foregoing, Defendants' respectfully request that their motion for summary judgment on the issue of invalidity for indefiniteness be granted.

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS INC.
USI ELECTRIC, INC.

By: _____
Maurice U. Cahn, Esq.
William E. Bradley, Esq.

                                      CAHN & SAMUELS, LLP
                                      2000 P Street, NW, Suite 200
                                      Washington, D.C.  20036
                                      (202) 331-8777 (Phone)
                                      (202) 331-3838 (FAX)