IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| LEVITON MANUFACTURING, INC. | ) |
| (Plaintiff) | ) |
| v. | ) 01CV3855 AMD |
| UNIVERSAL SECURITY INSTRUMENTS, INC. | ) |
| and | ) |
| USI ELECTRIC, INC. | ) |
| (Defendants) | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION AND CROSS-MOTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR NON-LIABILITY FOR <u>ACTIONS TAKEN PRIOR TO DECEMBER 11, 2001</u>**

Defendants' Universal Security Instruments, Inc. and USI Electric, Inc., (collectively "USI") by and through their undersigned counsel, submit this reply to briefly address a few points raised in Plaintiff Leviton Manufacturing, Inc.'s opposition and cross-motion.

## REPLY

**Competitors Cannot Be Held Liable for Actions Taken Prior to the Issuance of a Certificate of Correction to Cure and Invalid Claim**

The '894 patent was missing a line of text. This line of text was inserted into the claim on December 11, 2001 by a second Certificate of Correction.[1] The Federal Circuit

---

[1] For the purposes of this motion, the propriety of the issuance of the second Certificate of Correction is presumed for sake of argument. However, in a copending motion, Defendants challenge the issuance of the certificate based on the positions of both parties' experts that the PTO cannot properly issue a certificate of correction without reviewing the file history.

1

has made it quite clear that competitors cannot be held liable for actions taken prior to the issuance of a Certificate of Correction:

> Until the PTO issues a certificate of correction . . . , such a claim would appear invalid to the public, and reasonable competitors would be justified in conducting their affairs accordingly. In such a case, **where the claim is invalid on its face** without the certificate of correction, it strikes us an illogical result to allow the patent holder, once the certificate of correction has issued, to sue an alleged infringer **for activities that occurred before** the issuance of the certificate of correction.

Southwest Software v. Harlequin, 226 F.3d 1280, 1295 (Fed. Cir. 2000)(emphasis added). Plaintiff continues to argue that the error was obvious to one of ordinary skill in the art and thus infringers of the uncorrected claim should be liable for damages. Again, the Federal Circuit clearly disagrees: "Because Southwest requires that the certificate of correction be treated as valid only for acts occurring after the certificate issues, the public's reliance on the public record is protected, **regardless of whether the mistake is evident in the original prosecution history**." Superior Fireplace v. Majestic Prod 270 F.3d 1358, 1380 (Fed. Cir. 2001)(Dyk, J., dissenting)(emphasis added).

### The Uncorrected Claims of the '894 Patent are Facially Invalid Due to Missing Language

Plaintiff also argues that claims of the '894 patent were not facially invalid despite the obvious omission of claim limitation(s) which rendered the claim unintelligible. Notably, Plaintiff does not address the fact that its own expert has repeatedly conceded the invalidity of the uncorrected claim. See Declaration of Jerome Massie (Civ. Action 01-CV-3855) at ¶ 10; Deposition of Jerome Massie (01-CV-3855) June 26, 2003, at 68:6 to 73:1 and 170:5 to 171:7 (Both attached as Exhibit H to Defendants' opening brief). In essence, Plaintiff contends that if one of ordinary skill in the art can piece

2

together the claim, figure out what is missing, or what was meant to be claimed, the claim is not indefinite. Under this logic, the Federal Circuit in *Southwest Software* was wrong.

In *Southwest Software,* a patent issued but failed to include an appendix necessary to enable the invention. *Southwest Software,* 226 F.3d at 1291-93. However, anyone could easily have requested the file history from the PTO, or gone to the microfiche records, to obtain a copy of the appendix which was clearly missing from the patent (as Plaintiff has suggested be done in this case). Likewise, the appendix was at all times present in a continuation of the patent and thus available in another place (as the Plaintiff has suggested with the missing language in this case being found in the '945 patent). *Id.* at 1286, 1287 n.5. Despite these facts, the Federal Circuit found the patent invalid until corrected, and expressly held that accused infringers could not be held liable for actions taken prior to the patentee corrected its patent. *Id.* at 1295-96. Here, as mandated by *Southwest Software*, the burden to correct the patent is on its owner, not the public. *Id.* at 1295 ("[I]t does not seem too much to expect a patentee to check a patent when it issued in order to determine whether it contains any errors that require the issuance of a certificate of correction."). This holds true regardless of how clear the error is from the prosecution history, how easily one of ordinary skill in the art could correct the error, or how available another source of the missing information is. *See id.* Accordingly, regardless of the propriety of the issuance of the Certificate of Correction, Defendants cannot be held liable for actions taken prior to December 11, 2001.

3

## The Federal Circuit Recently Reaffirmed the Per Se Indefiniteness of Claims Missing Language

In addition, the Plaintiff has not identified binding precedent which holds that a claim missing a line of text is not invalid. Instead, Plaintiff relies upon a Delaware case, *Isco v. Conductus,* 2003 WL 276250 (D. Del., Feb. 10, 2003), wherein the district court declined to find a patent having an added word invalid before corrected, and a 1992 Federal Circuit case, *Lemelson v. General Mills,* 968 F.2d 1202, 1203 (Fed. Cir. 1992), which noted in a footnote that there was a printing error in the preamble of a patent on appeal. The appeal had nothing to do with a challenge regarding the error in the preamble, it was an appeal from a jury verdict of infringement and anticipation. *See id.*

The recent Federal Circuit case of *Allen Engineering Corp. v. Bartell Indus.,* 299 F.3d 1336 (Fed. Cir. 2002), deserves a closer look given the remarkably similarities to the present situation and Plaintiff's tacit dismissal of its importance. (Attached hereto as Exhibit 1). In *Allen Engineering,* the Federal Circuit pointed out that a claim missing words could not meet its statutory mandate to "particularly set forth and distinctly claim what applicant regards as the invention:"

> Claim 23 is an example of a failure to meet the second of the requirements set forth in *Solomon*.[2] This claim ends in the middle of a limitation: "coupled to said gear box means by rigid", '220 patent, col. 21, ll. 43-44. Since it is impossible to discern the scope of such a truncated limitation, claim 23 is indefinite and thus invalid under 35 U.S.C. 112, paragraph 2.

*Allen Engineering Corp. v. Bartell Indus.,* 299 F.3d 1336, 1348-49 (Fed. Cir. 2002). The Federal Circuit did not resort to an examination of the specification before declaring the

---

[2] "We have explained that the second paragraph of 112 contains two requirements: 'first, [the claim] must set forth what "the applicant regards as his invention," and second, it must do so with sufficient particularity and distinctness, i.e., the claim must be sufficiently "definite." *Solomon v. Kimberly-Clark,* 216 F.3d 1372, 1377 (Fed. Cir. 2000).

4

claim invalid. Quite the opposite occurred. The Federal Circuit pointed out that the claim was missing language and thus the claim is invalid on its face.

Notably, claim 23 of the '220 patent-in-suit in *Allen Engineering* contained a more obvious and more easily correctable error than the errors present in claim 1 of the '894 patent in this case. If the Federal Circuit had allowed inspection of the patent outside the claim itself, the two omitted words would have been obvious to anyone whether skilled in the art or otherwise. With reference to the '220 patent attached hereto as Exhibit 2, in column 21 the dependent claim scheme from claims 21 to 23 reads as follows:

> 21. The riding trowel as defined in claim 17 wherein said primary control lever means comprises connecting shaft means for tilting one of said rotor means in a plane generally perpendicular with the biaxial plane.
>
> 22. The riding trowel as defined in claim 21 wherein said connecting shaft means is interconnected with said one of said rotor means by tertiary linkage means for deriving a mechanical advantage.
>
> 23. The riding trowel as defined in claim 22 wherein said tertiary linkage means comprises crank means driven by said connecting shaft means and coupled to said gearbox means by rigid **[missing text]**.

As noted by the Federal Circuit, claim 23 is obviously missing text. Now turning the page and looking at the dependent claim scheme from claims 28 to 30, the missing text becomes readily apparent:

> 28. The riding trowel as defined in claim 27 wherein said primary control lever means comprises connecting shaft means for tilting one of said rotor means in a plane generally perpendicular with the biaxial plane.
>
> 29. The riding trowel as defined in claim 28 wherein said connecting shaft means is interconnected with said one of said rotor means by tertiary linkage means for deriving a mechanical advantage.

> 30. The riding trowel as defined in claim 29 wherein said tertiary linkage means comprises crank means driven by said connecting shaft means and coupled to said gearbox means by rigid **rod means.**

Clearly, one reviewing the patent would immediately understand that the missing text from claim 23 was "rod means" in view of the fact that the three dependent claims in each set have **exactly** the same language. This process is exactly what the Plaintiff asked the Court to do in this case with claim 1 of the '945 patent and claim 1 of the '894 patent. However, as shown in *Allen Engineering*, the Federal Circuit does not care how clear an error is, and does not care whether or not the error was a PTO error or an applicant's error. Simply put - if text is missing, then the claim is invalid. "Semantic indefiniteness of claims 'is not rendered unobjectionable merely because it *could* have been corrected.'" *Id.* at 1349 (quoting *In re Hammack*, 427 F.2d 1384, 1388 n.5 (CCPA 1970)).

The duty of a patentee to read and correct its patents is uncompromising. *See Southwest Software v. Harlequin*, 226 F.3d 1280, 1296 (Fed. Cir. 2000)("Moreover, it does not seem to us to be asking too much to expect a patentee to check a patent when it is issued in order to determine whether it contains any errors that require a certificate of correction."). Regardless of how clear the error to one of ordinary skill in the art, the Federal Circuit does not allow courts "to rewrite claims to preserve their validity." *Allen Engineering*, 299 F.3d at 1349.[3] Accordingly, there is no issue of material fact as to the invalidity of claim 1 of the '894 patent as issued. The claim remained uncorrected until

---

[3] "Allen argues that one of skill in the art would understand that the term 'perpendicular' in the claim should be read to mean 'parallel.' Allen stretches the law too far. It is not our function to rewrite claims to preserve their validity. . . . We are simply tasked with determining whether the claims 'particularly point [] out and distinctly [] claim' what the inventor regards as his invention." *Allen Engineering*, 299 F.3d at 1349.

December 11, 2001, and thus, under binding precedent, the Defendants cannot be held liable for actions taken prior to that date.

## CONCLUSION

In view of the foregoing, Defendants' respectfully request that their motion for summary judgment on the issue of non-liability for actions taken before December 11, 2001 be granted.

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS INC.
USI ELECTRIC, INC.

By: *W.E. Bradley*
Maurice U. Cahn, Esq.
William E. Bradley, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777 (Phone)
(202) 331-3838 (FAX)