ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 01 CV 3855 AMD |
| | ) |
| UNIVERSAL SECURITY INSTRUMENTS, | ) |
| INC. *et al.* | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF LEVITON'S RESPONSES TO
## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (1-27)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Leviton

Manufacturing Co., Inc. ("Leviton") hereby responds to Defendants' First Set of Requests for

Production of Documents (Nos. 1-27). Leviton reserves the right to amend and/or supplement

the following responses as discovery proceeds in this action.

### GENERAL OBJECTIONS

1.      To the extent that defendants seek the production of documents regarding matters

not relevant to the subject matter involved in the pending action, Leviton objects thereto as being

overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.

2.      To the extent that defendants seek the production of documents not in Leviton's

possession, custody or control, Leviton objects thereto.

3.      To the extent that defendants seek the production of documents covering an

unspecified time period, Leviton objects thereto as being overly broad, unduly burdensome,

vague and indefinite.

4.     To the extent that defendants seek by the production of documents the discovery of information obtainable by a more practical method, Leviton objects thereto.

5.     To the extent that defendants seek the production of documents which are the subject of a confidentiality or secrecy agreement between Leviton and one or more third parties, or a court order, the disclosure of which by Leviton would violate either the letter or spirit of such a confidentiality or secrecy agreement or court order, Leviton objects thereto.

6.     To the extent that defendants seek the production of documents which contain proprietary business information or information immune from discovery under the attorney-client privilege or the work product doctrine, Leviton objects thereto.

7.     Leviton objects to the asserted "Definitions" in the Requests on the grounds that they are vague, ambiguous, overly broad and seek to impose a burden upon Leviton to search for and produce documents far beyond that called for by the Federal Rules of Civil Procedure. This objection includes, but is not limited to, the asserted definitions for "Document" (Definition No. 3); "GFCI" (Definition No. 4); and "U.S. Patent No. 4,595,894" (Definition No. 8).

8.     Leviton objects to the Requests to the extent they purport to require production of documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection. In all instances, Leviton intends to preserve the claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity to the fullest extent to which such privilege or immunity is applicable. Nothing contained in these responses is intended to, or in any way shall be deemed, a waiver of any such available privilege or immunity. Leviton does not intend to produce any document in response to a request that is subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity. If any such document is disclosed, except pursuant to a

specific written agreement covering such document, the disclosure shall be deemed inadvertent and shall not be an intention to waive any applicable privilege or immunity.

9.      Leviton's responses to the Requests are not to be construed as waiving any rights, privileges, or objections available to Leviton.  Furthermore, Leviton's responses shall not be deemed as an admission of relevance, materiality, or admissibility into evidence of any information provided in responding to the Requests.

10.     Leviton objects to the Request's "Definitions" and "Instructions" to the extent they purport to impose duties on Leviton broader than those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Maryland.  In responding to each of the Requests, Leviton is providing only such information as is required and proper under the Federal Rules of Civil Procedure and the Local Rules of this Court.

11.     Leviton objects to providing information or documents containing confidential and/or proprietary information not relevant to the claims of the First Amended Complaint or the defenses asserted in Defendants' Joint Answer and Counterclaim.  Leviton reserves the right to redact from documents, provided for inspection and copying, any matter which is not called for, is unrelated to, or is not relevant to the instant action.

12.     Leviton objects to producing documents that are subject to confidentiality agreements with third parties and that contain confidential information of such third parties, except to the extent such third parties have authorized production of those documents, and further objects to producing any confidential and/or proprietary information except pursuant to a suitable Protective Order.

13.    Leviton objects to the extent that the Requests seek the production of documents that are not relevant to the claims of the First Amended Complaint of this action or the defenses asserted in Defendants' Joint Answer and Counterclaim and are not reasonably calculated to lead to the discovery of admissible evidence in this action.

14.    Leviton reserves the right to supplement its responses to the Requests after further investigation and/or discussion with counsel for defendants.

15.    Leviton objects to providing information and documents that are a matter of public record, are publicly available, or are otherwise equally accessible to all parties. Leviton also objects to producing documents that are already in the possession, custody or control of the defendants.

16.    Leviton objects to producing any information dated or generated after the commencement date of the present lawsuit. Unless a specific response indicates otherwise, Leviton will produce documents created prior to the commencement of this lawsuit.

17.    Leviton objects to each Request to the extent that it seeks documents which, if furnished, would violate any court order, protective order, and/or stipulation of confidentiality that has been entered with respect to such documents.

18.    To the extent any information or document is considered proprietary, Leviton will produce it only in accordance with the Stipulated Protective Order in effect in the instant action.

19.    The document requests are repetitive and seek information and documents going beyond any possible relevance to the claims in the First Amended Complaint or any of the defenses in Defendants' Joint Answer and Counterclaim.

20.    These General Objections apply to, and are incorporated into all of Leviton's responses. To the extent that specific objections are cited in a specific response, those specific

objections are provided because they are believed to be particularly applicable to a specific Request and are not to be construed as a waiver of any General Objection applicable to information falling within the scope of the Request.

## RESPONSES TO SPECIFIC REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All documents and things consulted, relied upon, or used in preparing your Answers to Interrogatories.

### RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected by the attorney-client privilege and/or work product immunity. Leviton further objects to this Request as being vague and indefinite as to what might be embraced by the phrases, "things consulted," and "relied upon." Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents, to the extent such documents exist, or can be known, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

### REQUEST FOR PRODUCTION NO. 2:

All documents and things concerning infringement or claims of infringement of the '894 patent and/or trade dress asserted by Leviton for GFCI products.

### RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents responsive and relevant under the Federal Rules and Local Rules, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

## REQUEST FOR PRODUCTION NO. 3:

All documents and things concerning or memorializing communications between Leviton and others regarding (i) the validity, enforceability or infringement of the '894 patent and/or (ii) the enforceability or infringement of Leviton's alleged trade dress for GFCI products.

## RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents responsive and relevant under the Federal Rules and Local Rules, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

## REQUEST FOR PRODUCTION NO. 4:

All documents and things received from or provided to any other party to any action asserting infringement of the '894 patent and/or trade dress by Leviton, whether provided informally or in response to a formal request.

**RESPONSE:**

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents responsive and relevant under the Federal Rules and Local Rules, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and things that refer or relate to any other litigation or potential litigation containing an allegation of infringement of the '894 patent and/or trade dress by Leviton.

**RESPONSE:**

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents responsive and relevant under the Federal Rules and Local Rules, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and things referring or relating to any actions or proceedings (whether judicial or administrative) in which the validity and/or enforceability of any or all of the claims contained in '894 patent (or any foreign counterpart thereof) or the patentability of any invention or embodiment claimed thereby have been challenged, questioned or otherwise placed in issue (whether by way of affirmative claim, counterclaim, affirmative defense or otherwise).

**RESPONSE:**

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents responsive and relevant under the Federal Rules and Local Rules, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and things that comment upon, note, memorialize, detail or express any opinion about, or which relate or refer to:

(a) the validity or invalidity of any of the claims of the '894 patent;
(b) the patentability or unpatentability of any of the inventions or embodiments described and claimed in any of the applications leading up to the '894 patent;
(c) the infringement or non-infringement of the '894 patent by USI or by any other third party; and/or
(d) allegations that the '894 patent is invalid or unenforceable.

**RESPONSE:**

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected by

8

the attorney-client privilege and/or work product immunity. Leviton further objects to this Request as being vague and indefinite as to what might be embraced by the phrases "comment upon," "note," "detail," and "express any opinion about." Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

### REQUEST FOR PRODUCTION NO. 8:

All documents and things that comment upon, note, memorialize, detail, describe or depict any opinion about, or which refer or relate to, the existence, scope, enforceability and/or non-functionality of Leviton's alleged trade dress for GFCI products.

### RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected by the attorney-client privilege and/or work product immunity. Leviton further objects to this Request as being vague and indefinite as to what might be embraced by the phrases "comment upon," "note," "memorialize," "detail," "describe," or "depict any opinion about." Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25

Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

## REQUEST FOR PRODUCTION NO. 9:

All documents and things, including but not limited to patents, publications, specifications, product analyses, and test reports, from which information was derived in connection with the conception, research, design, development, engineering, construction, reduction to practice, or manufacture of each and every type and model of GFCI sold by Leviton.

## RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, not relevant to any claim in the Amended Complaint, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected by the attorney-client privilege and/or work product immunity. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, non-privileged, non-work product documents, responsive and relevant under the Federal Rules and Local Rules, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

## REQUEST FOR PRODUCTION NO. 10:

All documents (including, but not limited to, correspondence, notes, memoranda, journal entries, and statements, as that term is used in Fed. R. Civ P. 26(b)(3)) which were previously made by Defendants and any of its present or former directors, officers, or employees, concerning this lawsuit or its subject matter.

## RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton further objects to this Request on the grounds that it seeks documents already in the possession,

custody or control of the defendants. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate facility at 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things that refer or relate to any studies, investigations and reports that relate or refer to the art or arts to which the '894 patent pertains.

**RESPONSE:**

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Leviton objects to this Request as being vague and indefinite as to what might be embraced by the phrase "the art or arts to which the '894 patent pertains." Leviton further objects to this Request to the extent it could be construed to encompass highly confidential subsequent or concurrent research and development efforts related to GFCI products, devices, and processes which are not relevant to the subject matter of the patent in suit or would not be likely to lead to admissible evidence regarding this subject matter. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents including references cited against co-pending patent applications that plaintiff has recognized could possibly relate to the claims of the patent in suit, to the extent such documents exist, and are not confidential, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck

Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

## REQUEST FOR PRODUCTION NO. 12:

All prior art, patents or printed publications, that relate to the subject matter of the '894 patent or GFCIs in general, whether or not such prior art, patents or printed publications were submitted to the United States Patent and Trademark Office and whether or not the prior art, patents or printed publications have an effective date or publication date prior to the filing date of the '894 patent or have any publication date thereon.

## RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Leviton objects to this Request as being overly broad, vague and indefinite as to what might be embraced by the phrase "that relate to the subject matter of the '894 patent or GFCIs in general." Leviton further objects to this Request to the extent it could be construed to encompass highly confidential subsequent research and development efforts related to GFCI products, devices, and processes which are not relevant to the subject matter of the patent in suit. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents including references cited against co-pending patent applications that plaintiff has recognized could possibly relate to the claims of the patent in suit, to the extent such documents exist, and are not confidential, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

## REQUEST FOR PRODUCTION NO.13:

All documents and things that relate or refer to (in words, substance or context) the '894 patent or the applications therefore (or any related foreign patents or foreign patent applications), including without limitation, issued patents, applications, file histories, publications, search reports, opinions, memoranda, correspondence, official action and documents relating to reexaminations, reissues, certificates of correction, protest and public use proceedings.

## RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is vastly over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Leviton further objects that any documents filed are public documents, beyond the possession, custody or control of Leviton, as equally accessible to defendants as Leviton, and therefore Leviton directs defendants to the same. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

## REQUEST FOR PRODUCTION NO. 14:

All documents that refer or relate to the decision to file, and the filing of, any terminal disclaimer or certificate of correction in the '894 patent

## RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected by the attorney-client privilege and/or work product immunity. Subject to and without waiver of

either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

### REQUEST FOR PRODUCTION NO. 15:

All documents and things that refer or relate to any studies, marketing studies, surveys, or other indicia prepared or procured by Leviton to support its assertion of the existence of a protectable trade dress in GFCI products.

### RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or work product immunity. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents, to the extent such documents exist, and can be located after a reasonable search, to the extent available, subject to supplementation and amendment after further discovery is completed.

### REQUEST FOR PRODUCTION NO. 16

All documents and things referring or relating to any harm or damages claimed by Leviton or the methods used to calculate such alleged damages that Plaintiff contends resulted from any allegedly infringing conduct of USI, including without limitation any money damages, erosion of Leviton's market, reputation or customer goodwill.

### RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects that this Request seeks information protected by the attorney-client privilege and/or work

product immunity.   Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and things that refer or relate to the pricing, manufacturing volume, sales volume (in units and dollars), gross and net profit, and profit margin for each type and model of GFCI sold by Leviton.

**RESPONSE:**

Leviton hereby incorporates its General Objections as though fully stated herein.  Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   In the event the Defendants narrow this Request to a proper scope, Leviton will respond accordingly.

**REQUEST FOR PRODUCTION NO. 18**

All documents and things, including but not limited to, technical and marketing studies and minutes of meetings, that relate or refer to any decision to commence developing, designing, modifying, testing, manufacturing or selling each and every type and model of GFCI sold by Leviton.

**RESPONSE:**

Leviton hereby incorporates its General Objections as though fully stated herein.  Leviton objects to this Request as vastly over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence specifically with regard to the part of this Request which seeks documents relating to "each and every model of GFCI sold by Leviton."  Leviton further objects to this Request as being vague and indefinite as to what might be embraced by the

phrases "commence developing" and "marketing studies." Leviton also objects to this Request

to the extent it could be construed to encompass highly confidential concurrent or subsequent

research and development efforts related to GFCI products, devices, and processes which are not

relevant to the subject matter of the patent in suit.  Subject to and without waiver of either the

General Objections, or any specific objection stated herein, Leviton will make available for

inspection and copying, responsive non-privileged, non-work product documents, relevant under

the Federal Rules of Civil Procedure and the Local Rules of this Court including related prior

patents and publications, which relate to the claims of the patent in suit, and limited to the

executed protective order to the extent they are confidential, to the extent such documents exist,

and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities,

including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where

said documents are maintained in the ordinary course of business.

## REQUEST FOR PRODUCTION NO. 19

All documents and things referring or relating to the promotion, marketing, packaging or
advertising of each type and model of GFCI made, used, advertised, offered for sale or sold by or
on behalf of Leviton, including without limitation price lists, product catalogues, publications,
advertisements, marketing materials, brochures, press releases, instruction manuals, packaging
materials, product inserts and booklets.

## RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein.  Leviton

objects to this Request on the ground that as written, it is overly broad in that it requests

information relating to "each type and model of GFCI made ... on behalf of Leviton...."

Leviton further objects to this Request to the extent it could be construed to encompass

confidential subsequent research and development efforts related to GFCI products, devices, and

processes which are not relevant to the claims of the patent in suit.  Subject to and without

waiver of either the General Objections, or any specific objection stated herein, Leviton will

make available for inspection and copying, non-privileged, non-work product documents relevant to the claim of the patent in suit, responsive and relevant under the Federal Rules and Local Rules, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things which constitute, evidence, describe, pertain to, relate or refer to, any discussion, meeting or correspondence between Leviton and any customer, potential customer, competitor, or other person concerning the '894 patent, the instant lawsuit against USI, or any other lawsuit or administrative proceeding anywhere in the world involving the '894 patent.

**RESPONSE:**

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected by the attorney-client privilege and/or work product immunity. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things concerning licensing or royalty agreements, and attempts to enter into licensing or royalty agreements, concerning the '894 patent or products manufactured or sold thereunder or any products accused of infringing the '894 patent, including any

settlement/licensing agreement between Leviton and any party accused of, or sued for, infringement of the '894 patent and/or trade dress infringement.

**RESPONSE:**

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-confidential, non-privileged, non-work product documents, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things referring or relating to offers for sale, or solicitation of orders, for each type and model of GFCI used, advertised, offered for sale or sold by or on behalf of Leviton, including without limitation price lists, product catalogues, product proposals, letters, communications, quotes, orders or offers for sale.

**RESPONSE:**

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it requests information relating to "each type and model of GFCI used...on behalf of Leviton...." Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents, relevant to the claims of the patent in suit to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities,

including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

## REQUEST FOR PRODUCTION NO. 23:

All documents and things concerning all companies that make, use, advertise, offer for sale or sell GFCIs which Leviton believes or suspects may infringe any claim of the '894 patent or any trade dress asserted by Leviton, including without limitation documents concerning the companies' products of such type, the market share for the products of such type, and any analysis or description of the structure and operation of such products.

## RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of either the General Objections, or any specific objection stated herein, Leviton will make available for inspection and copying, responsive non-privileged, non-work product documents, to the extent such documents exist, and can be located after a reasonable search at plaintiff Leviton's corporate and other facilities, including without limitation, 59-25 Little Neck Parkway, Little Neck, New York 11362, where said documents are maintained in the ordinary course of business.

## REQUEST FOR PRODUCTION NO. 24:

A sample as presented in the ordinary course of business of every model and type of GFCI product manufactured, distributed, or sold by or on behalf of Leviton since 1985, including any invoices, promotional materials, instruction manuals, packaging materials, inserts or booklets routinely included therewith.

## RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein. Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence.  In the event the defendants narrow this Request to a proper scope, Leviton will respond accordingly.

## REQUEST FOR PRODUCTION NO. 25:

All documents and things referring or relating to Leviton and its GFCI products, including but without limitation media articles, letters, memoranda, opinions and reports.

## RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein.  Leviton objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In the event the defendants narrow this Request to a proper scope, Leviton will respond accordingly.

## REQUEST FOR PRODUCTION NO. 26:

All documents and things upon which Leviton will rely upon to prove liability for infringement of the '894 patent in this lawsuit.

## RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein.  Leviton objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or work product immunity, as of this date.

## REQUEST FOR PRODUCTION NO.27:

All documents and things upon which Leviton will rely upon to prove liability for trade dress infringement in this lawsuit.

## RESPONSE:

Leviton hereby incorporates its General Objections as though fully stated herein.  Leviton objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or work product immunity, as of this date.

Dated:  November 18, 2002                    Respectfully submitted,

Paul J. Sutton
Barry G. Magidoff
Brad S. Needleman
Joseph G. Lee
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, New York  10022
Telephone:  (212) 848-1000
Facsimile:  (212) 688-2449

John C. Dougerty (Fed. Bar No. 10462)
Hugh J. Marbury (Fed. Bar No. 24653)
PIPER RUDNICK, LLP
6225 Smith Avenue
Baltimore, Maryland  21209-3600
Telephone:  (410) 580-3000
Facsimile:  (410) 580-3001

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been served

via regular mail this 18th day of November 2002 to: Maurice V. Cahn, CAHN & SAMUELS,

LLP, 2000 P Street, NW, Suite 200, Washington, DC 20036.

By: _____

Joseph G. Lee
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, New York 10022
Telephone: (212) 848-2150
Facsimile: (212) 688-2449