Hearing                                        Page 1
April 17, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

```
_____
                                 )
LEVITON MANUFACTURING CO., INC.  )
                                 )
        Plaintiff                )
                                 )
     v.                          )   Civil Docket No. AMD 01-3855
                                 )
UNIVERSAL SECURITY INSTRUMENTS,  )
INC., et al.                     )
                                 )
        Defendants               )
_____)
```

Baltimore, Maryland
April 17, 2003
10:30 AM to 1:05 PM

The above-entitled matter came on for a hearing before
The Honorable Andre M. Davis

**A P P E A R A N C E S**

On Behalf of the Plaintiff:
Joseph M. Manak, Esquire
Joseph G. Lee, Esquire
Roberta Daghir, Esquire

On Behalf of the Defendants:
Maurice U. Cahn, Esquire
Frederick N. Samuels, Esquire
William E. Bradley, Esquire

Sharon Cook, Official Court Reporter, U.S. District Court

Page 79

1  Lee has told Mr. Cahn to contact these folks, tell them you
2  want the documents, tell them to give us a call or write us a
3  letter and say it's okay for us to produce them to USI, and we
4  will do so. That has not happened yet.
5          So, we do have to respect the protective orders in the
6  ITC and in the other litigations. These are stipulated
7  protective orders. It's common in patent litigation to have
8  these stipulated protective orders. It is also common to
9  produce the documents in other litigations that are covered by
10 stipulated protective orders.
11         THE COURT: I know.
12         MR. MANAK: But to protect ourselves, we have to get a
13 release from the parties. We have asked Mr. Cahn to contact
14 Gary Hnath, who is the ITC lawyer on the other side, and I
15 think it is the lawyer for Orbit in the California case. And I
16 think we were told by Mr. Cahn that he didn't want to do that.
17         MR. CAHN: That is correct, Your Honor.
18         MR. LEE: We just need to work it out with the third
19 parties.
20         MR. CAHN: Your Honor, I will say that, number one, I
21 did not say we were not going to do that. I said that the
22 burden was on them to provide us with the people, the names,
23 the list, and then we can make contact, number one. Number
24 two, some of these documents are subject to their control.
25 They are settlement documents. They are not --

Sharon Cook, Official Court Reporter, U.S. District Court

```
 1              THE COURT:  No, that does not make them subject to
 2   their control if they are protected by confidentiality
 3   agreements.
 4              MR. CAHN:  We have a protective order in this case,
 5   Your Honor.
 6              And, number three, in terms of the deposition
 7   transcripts, the ITC -- apparently Leviton designated them all
 8   confidential, and the ITC said, no, they are not.  There is
 9   some pending motion or dispute about it right now.  I don't
10   know what the status of that is at this point.
11              But we are just asking that we be provided with the
12   same factual information that --
13              THE COURT:  Well, you are going to have to do the
14   work.
15              Have you provided Mr. Cahn with the name, address,
16   telephone, fax, and e-mail addresses for each of the lawyers as
17   to whom you need a release or agreement to release those
18   documents?  Have they been provided to Mr. Cahn, the name,
19   address, phone, fax, and e-mail?
20              MR. LEE:  No, Your Honor.  We can do that, though.
21              THE COURT:  All right.  Do that within the next 48
22   hours.
23              And, Mr. Cahn, if you run into a problem with any of
24   these lawyers, then, of course, I will entertain any
25   appropriate request for an order suspending any -- not
```

1  suspending, but incorporating into this record whatever
2  protective order or stipulation of confidentiality may be
3  exeunt with respect to any of these documents.
4        I am not saying I will order them turned over.
5  Obviously, the other party will have to receive notice before I
6  do any such thing. You are entitled to them, but you are not
7  entitled to require them to do all the work to see that you get
8  them.
9        Now, as far as the ITC business, if you want to wait
10 and see if the ITC lifts some confidentiality shield, you can
11 do that, but you are only going to get 60 days to complete the
12 additional discovery that we all are agreeing is appropriate.
13 So, I wouldn't wait if I were you. I would go ahead and
14 contact those lawyers and get the releases and show them the
15 confidentiality order in this case and tell them that anything
16 you get from Leviton will be covered by the protective order in
17 this case, and they don't have anything to worry about, and
18 let's get on with it. Okay?
19        MR. CAHN: Thank you, Your Honor.
20        THE COURT: All right. Well, I think we are in
21 agreement.
22        Mr. Manak, I don't think I am going to let you do
23 Babienec. It sounds to me like you have gotten everything that
24 there is to get in the way of engineering expertise from the
25 defendants. You described it as "background", or maybe you

1  Lee has told Mr. Cahn to contact these folks, tell them you
2  want the documents, tell them to give us a call or write us a
3  letter and say it's okay for us to produce them to USI, and we
4  will do so. That has not happened yet.
5        So, we do have to respect the protective orders in the
6  ITC and in the other litigations. These are stipulated
7  protective orders. It's common in patent litigation to have
8  these stipulated protective orders. It is also common to
9  produce the documents in other litigations that are covered by
10 stipulated protective orders.
11       THE COURT: I know.
12       MR. MANAK: But to protect ourselves, we have to get a
13 release from the parties. We have asked Mr. Cahn to contact
14 Gary Hnath, who is the ITC lawyer on the other side, and I
15 think it is the lawyer for Orbit in the California case. And I
16 think we were told by Mr. Cahn that he didn't want to do that.
17       MR. CAHN: That is correct, Your Honor.
18       MR. LEE: We just need to work it out with the third
19 parties.
20       MR. CAHN: Your Honor, I will say that, number one, I
21 did not say we were not going to do that. I said that the
22 burden was on them to provide us with the people, the names,
23 the list, and then we can make contact, number one. Number
24 two, some of these documents are subject to their control.
25 They are settlement documents. They are not --

1           THE COURT: No, that does not make them subject to
2    their control if they are protected by confidentiality
3    agreements.
4           MR. CAHN: We have a protective order in this case,
5    Your Honor.
6           And, number three, in terms of the deposition
7    transcripts, the ITC -- apparently Leviton designated them all
8    confidential, and the ITC said, no, they are not. There is
9    some pending motion or dispute about it right now. I don't
10   know what the status of that is at this point.
11          But we are just asking that we be provided with the
12   same factual information that --
13          THE COURT: Well, you are going to have to do the
14   work.
15          Have you provided Mr. Cahn with the name, address,
16   telephone, fax, and e-mail addresses for each of the lawyers as
17   to whom you need a release or agreement to release those
18   documents? Have they been provided to Mr. Cahn, the name,
19   address, phone, fax, and e-mail?
20          MR. LEE: No, Your Honor. We can do that, though.
21          THE COURT: All right. Do that within the next 48
22   hours.
23          And, Mr. Cahn, if you run into a problem with any of
24   these lawyers, then, of course, I will entertain any
25   appropriate request for an order suspending any -- not

Page 81

1  suspending, but incorporating into this record whatever
2  protective order or stipulation of confidentiality may be
3  exeunt with respect to any of these documents.
4         I am not saying I will order them turned over.
5  Obviously, the other party will have to receive notice before I
6  do any such thing. You are entitled to them, but you are not
7  entitled to require them to do all the work to see that you get
8  them.
9         Now, as far as the ITC business, if you want to wait
10 and see if the ITC lifts some confidentiality shield, you can
11 do that, but you are only going to get 60 days to complete the
12 additional discovery that we all are agreeing is appropriate.
13 So, I wouldn't wait if I were you. I would go ahead and
14 contact those lawyers and get the releases and show them the
15 confidentiality order in this case and tell them that anything
16 you get from Leviton will be covered by the protective order in
17 this case, and they don't have anything to worry about, and
18 let's get on with it. Okay?
19         MR. CAHN: Thank you, Your Honor.
20         THE COURT: All right. Well, I think we are in
21 agreement.
22         Mr. Manak, I don't think I am going to let you do
23 Babienec. It sounds to me like you have gotten everything that
24 there is to get in the way of engineering expertise from the
25 defendants. You described it as "background", or maybe you

Sharon Cook, Official Court Reporter, U.S. District Court