IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC. ) | |
| ) | |
| (Plaintiff) ) | |
| vs. ) | 01CV3855 AMD |
| ) | |
| UNIVERSAL SECURITY INSTRUMENTS, ) | |
| INC. et al ) | |
| (Defendants) ) | |

### DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL

Defendants' Universal Security Systems, Inc. and USI Electric, Inc. (hereinafter collectively "USI"), respectfully submit this reply in support of its motion to compel the production of documents.

### REPLY

The chief inventor of the '894 patent is dead, the file history was destroyed, and the Plaintiff cannot find any of the laboratory notebooks or other materials which may be of use to a defendant fending off an infringement suit. More importantly for the present motion, the Plaintiff did not produce any materials which showed when its "6000" series GFCIs were first offered for sale or sold to the public. The only evidence was a "stipulation" by Plaintiff's counsel that the 6599 model GFCI was first sold in "late 1985 or early 1986." Deposition of Steve Campolo pursuant to 30(b)(6) at 183:17-22. (Exhibit 1).

Plaintiff's counsel repeatedly assured USI that no catalogs existed beyond those produced during the first document inspection on January 16, 2003. In fact, during the

1

document inspection, USI noted that only the most recent catalogs were produced and inquired as to whether or not Leviton maintained old catalogs. Plaintiff's counsel assured USI that all catalogs were produced. Notably, however, less than a month before the January 2003 inspection, Steve Campolo testified during his deposition in connection with the sister proceedings on the '894 patent before the International Trade Commission (ITC) that Leviton did in fact have catalogs dating back to at least 1984-85:

> **Q. Does Leviton have copies of catalogs going back to 1984 and 1985?**
>
> **A. I believe so.**
>
> **Q. Why do you believe that?**
>
> **A. I have searched them.**

Deposition of Steve Campolo, December 11, 2002, ITC No. 337-478. (Exhibit 2). Clearly, Leviton knew that earlier catalogs existed but attempted to conceal this fact from the Defendants. As outlined in USI's opening brief, USI followed up its January 2003 inspection with a letter and requested that counsel again confirm that no other catalogs existed beyond those produced. Plaintiff's counsel did so, and USI relied upon their representation.

As discussed in USI's opening brief, after learning of the existence of earlier catalogs, USI requested the same to be produced at a follow-up inspection on June 19, 2003. No catalogs were made available. After repeated attempts to have the catalogs produced voluntarily, USI served the present motion to compel on July 24, 2003. In response, Leviton produced copies of portions of catalogs dating back to 1993 and

2

suggested that the production rendered USI's motion moot. See Letter from Joseph G. Lee, Esq. to William E. Bradley, Esq. dated August 1, 2003. (Exhibit 3). USI disagreed in view of the repeated denials of the existence of earlier catalogs and conflicting evidence that additional earlier catalogs were in fact in the possession of Leviton. However, USI agreed it would consider withdrawing its motion if Plaintiff's counsel would serve a signed opposition brief which included declarations by Steve Campolo and Steve Sokolow that Leviton did not have any catalogs dating prior to 1989 when it filed suit against Orbit in 1999; that Leviton does not currently have any catalogs dating prior to 1993; that Leviton did not remove or destroy any catalogs dating prior to 1993 after suit was filed against Orbit in 1999; that Leviton does not keep copies of its catalogs dating back more than 10 years; and, that any current or former employee who claims that Leviton does maintain an archive of catalogs more than 10 years back is wrong or mistaken. See Letter from William E. Bradley, Esq. to Joseph G. Lee, Esq. dated August 6, 2003. (Exhibit 4). This letter was left unanswered by Plaintiff.

After the expiration of the 17 days in which to serve an opposition brief, USI requested a meet and confer. See Letter from Maurice U. Cahn, Esq. to Brian J. Kelly, Esq. dated August 19, 2003. (Exhibit 5). The parties conferred telephonically on Wednesday, August 20, 2003, and agreed to brief the dispute and submit it to the Court for resolution. Plaintiff served its opposition brief on August 25, 2003; and this reply followed.

3

## CONCLUSION

For the foregoing reasons, USI respectfully requests that its motion be granted and the Court award the relief it deems proper and just. A proposed Order is attached hereto for the convenience of the Court.

Respectfully submitted,

UNIVERSAL SECURITY INSTRUMENTS, INC.
USI ELECTRIC, INC.

By: _____
Maurice U. Cahn, Esq.
William E. Bradley, Esq.
CAHN & SAMUELS, LLP
2000 P Street, NW, Suite 200
Washington, D.C. 20036
(202) 331-8777

4