**Page 1**

```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
-----------------------------x
LEVITON MANUFACTURING CO.,
INC.,
            Plaintiff,
    v.                    01 CV 3855 AMD
UNIVERSAL SECURITY INSTRUMENTS,
INC., et al.,
            Defendants.
-----------------------------x

                CONFIDENTIAL

            February 6, 2003
            9:40 a.m.


        Deposition of STEVE CAMPOLO, taken by
defendants, pursuant to 30(b)(6) notice, at the
offices of Blank Rome, 405 Lexington Avenue, New
York, NY 10174, before Tecla Sola, a Registered
Professional Reporter and Notary Public of the State
of New York.
```

**Page 2**

```
APPEARANCES:

GREENBERG TRAURIG
    Attorneys for plaintiff
    885 Third Avenue
    New York, NY 10022-4834
PAUL J. SUTTON
BARRY G. MAGIDOFF
    Of counsel

CAHN & SAMUELS
    Attorneys for defendants
    2000 P Street, NW, Suite 200
    Washington, D.C. 20036
MAURICE U. CAHN
WILLIAM E. BRADLEY
    Of counsel



        IT IS HEREBY STIPULATED AND AGREED, by
and between counsel for the respective parties
hereto, that such deposition may be signed and sworn
to before any officer authorized to administer an
oath; that all objections, except as to form, are
reserved to the time of trial.
```

**Page 3** — Campolo - Confidential

```
STEVE CAMPOLO,
    called as a witness, having been duly sworn,
    testified as follows:
EXAMINATION
BY MR. BRADLEY:
    Q.  Good morning.  I'm Bill Bradley.  I
represent the defendants in this case.
        Can you state your name for the record,
please.
    A.  Steve Campolo.
        MR. SUTTON:  If I may, Mr. Bradley, let's
just confirm what we've agreed to just prior to
going on the record, and that is that we have
stipulated that the witness can sign before any
notary, that all objections are preserved
except as to form.
        We're designating this entire transcript,
subject to the rights of defendant, as
confidential pursuant to the protective order.
        Is there anything else I maybe left out?
        MS. BRADLEY:  I think that was it.
        MR. SUTTON:  Okay, great.
    Q.  Have you ever been deposed before?
    A.  Yes.
```

**Page 4** — Campolo - Confidential

```
    Q.  How many times?
    A.  Exactly, I don't know.
    Q.  So a number of times, is it fair to say?
    A.  Yes.
    Q.  So you understand the ground rules.  You
are under oath, you have to testify truthfully?
    A.  I understand I'm under oath and I will
tell the truth.
    Q.  We need a verbal response to all the
questions rather than pointing or shaking your head.
    A.  Yes.
    Q.  If you don't understand a question,
you'll ask for clarification?
    A.  Yes.
    Q.  And if you need a break, you'll just let
us know?
    A.  Surely.
    Q.  Okay.  You're not under or taking any
medication or anything that's going to affect your
ability to testify today?
    A.  No.
    Q.  Where do you presently work?
    A.  Leviton Manufacturing Company.
    Q.  And how long have you worked there?
```

```
                Campolo - Confidential                     181
```
colored box.
        (Plastic bag with components, model
number USI 8162, marked Campolo Exhibit 42 for
identification.)
        MR. SUTTON: We'll make these available
to opposing counsel in the same context that
you have agreed to make 24A and B available to
us, where we keep them.
   Q.   Earlier you mentioned a number of
lawsuits on the '894 patent. You didn't know the
exact number, but there were a number of them. A
number of these lawsuits have settled, correct?
   A.   I believe so.
   Q.   Do you know the terms of the settlements?
   A.   No.
   Q.   Were there written settlement agreements?
        MR. SUTTON: I will stipulate that there
were written settlement agreements, as well as
judgments entered in the court in which those
cases were pending.
        And the terms of those settlements
included admissions of validity and
infringement, including products distributed
and sold by --

```
                Campolo - Confidential                     182
```
        MR. BRADLEY: Let the documents speak for
themselves.
        MR. SUTTON: Please let me finish --
including products that are being distributed
by your client, USI.
        MR. BRADLEY: The settlement documents
have not been produced in this litigation to
date, correct?
        MR. SUTTON: The settlement agreements
are confidential and would require the consent
of the other party. We have no problem with
your obtaining that consent, and we'll in that
event be happy to produce those to you.
        MR. CAHN: And so you will have no
objection if we obtain consent from the other
parties, is that what we understand you to say,
you will allow them to produce them?
        MR. SUTTON: Mr. Bradley, you want to
talk to Mr. Cahn and see what he's talking
about?
        MR. BRADLEY: Are you allowing us to
represent to these other parties that Leviton
is waiving confidentiality in terms of --
        MR. SUTTON: No, Leviton is not waiving

```
                Campolo - Confidential                     183
```
confidentiality. So I would be happy during
the next break to attempt to make an
arrangement with you so that you can have
access to documents that are involved in the
settlement of those cases that in fact have
been settled.
        MR. BRADLEY: Okay.
        MR. SUTTON: Of course, those will be
subject to the protective order that's entered
in this case.
        MR. BRADLEY: Of course. There were a
number of things that the witness wasn't able
to provide testimony on because he just didn't
know, like the actual date of first sales, for
example.
        MR. SUTTON: We'll stipulate that the
witness's recollection, we believe, is
accurate, that the first sale of ground fault
circuit interrupter receptacles coming within
the scope of the '894 patent occurred in either
late 1985 or 1986.
        And we've also undertaken to attempt to
get for you Mr. Rivera's last known address, a
duplicate copy of the file histories previously

```
                Campolo - Confidential                     184
```
provided to you on the '945 and '338 patents,
and also to confirm the ground fault circuit
interrupter manufacturers GTE Sylvania, Syelco
Korea -- from Korea, and Cheil of Korea. We'll
try to get that for you, if at all possible,
today.
        MR. BRADLEY: And is Leviton going to
supplement any of USI's discovery requests?
        MR. SUTTON: We would not be
supplementing your requests. We may, when
appropriate, supplement our responses to your
requests.
        MR. BRADLEY: What about document
production, is there anything else to be
produced in accordance with the --
        MR. SUTTON: Well, we've tendered a great
many documents to you folks. You have
identified those among the many that you would
like copied. We have copied them, Bates
numbered them, and provided them to you. And
to the extent that we have any additional
documents, we'll be happy to share those with
you.
        MR. BRADLEY: Okay. In connection with