UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

------------------------------------------------------------ x
LEVITON MANUFACTURING CO., INC.,            :

       Plaintiff,                                                    :

  v.                                                                      :

UNIVERSAL SECURITY INSTRUMENTS,        :   Civil Action No. 01 CV 3855 AMD
INC., *et al.*,
                                                          :

       Defendants.                                             :

                                                           :
------------------------------------------------------------ x

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR ORDER TO SHOW CAUSE WHY SANCTIONS
SHOULD NOT BE ENTERED AGAINST PLAINTIFF
AND ITS COUNSEL FOR VIOLATING THE PROTECTIVE
<u>ORDER AND REQUEST FOR COSTS AND ATTORNEYS FEES</u>**

Plaintiff Leviton Manufacturing Co., Inc. ("Leviton") hereby respectfully submits its opposition to Defendants' Motion For Order To Show Cause Why Sanctions Should Not Be Entered Against Plaintiff And Its Counsel For Violating The Protective Order ("Motion"). For the reasons set forth below, and in the accompanying Declaration of Paul J. Sutton, dated September 4, 2003 ("Sutton Decl.", Exhibit 1 hereto), Leviton submits that the Motion be denied, and further requests that Leviton be granted an award of its costs and attorneys fees incurred as a result of having to oppose the Motion, the amount of which should be determined at the time this case is resolved.

I.   **Summary of the Opposition and Request For Costs and Attorneys Fees**

Defendants' accusations that a violation of the protective order has taken place are untrue and without any basis. Defendants' sale of GFCI's in Canada is public information. The identity of Defendants' Canadian customer was learned by Leviton in the Canadian market place, in particular by an officer of the Canadian corporate affiliate of Leviton, Mr. Gabriel Massabni. (Ex. 1, ¶¶ 10-11). Mr. Sutton, who is responsible for all communications with Leviton management, did not even know the source of Defendants' Canadian customers' GFCIs until the identities of such entities were relayed to him by Leviton's Canadian affiliate, who in turn learned such information in the open marketplace. (Ex. 1, ¶ 12).

As explained below, Defendants knew or should have known that their GFCIs were in the commercial marketplace in Canada, and thus could have been discovered by a competitor such as Leviton's Canadian affiliate. Thus, prior to making this motion, counsel for Defendants should have inquired as to the public nature of its GFCIs in Canada instead of asserting to this Court that "Mr. Grossblatt's testimony is the only known source of the identity of USI's Canadian customer and the fact that it imported USI's GFCIs . . . ." *See* Motion, p. 7.

II.   **Argument**

A.   **There Has Been No Violation of the Protective Order – The Identity of Defendants' Canadian Customer Was Learned in the Canadian Marketplace.**

As noted in Ex. 1, neither Mr. Sutton nor any member of Greenberg Traurig LLP has violated any of the terms or provisions of the Protective Order in this action.

Defendants' allege that Leviton and its counsel violated the protective order by disclosing the identity of Defendant's Canadian customer mentioned during the Grossblatt deposition. Their Motion is premised on the assertion that "Mr. Grossblatt's testimony is the only known source of the identity of USI's Canadian Customer and the fact that it imported USI's GFCI's before the design change", and that that testimony "is the only conceivable source of" this information. (Motion at p. 7). Defendants are flat wrong.

The source of this information was as follows.

Mr. Sutton received a telephone call from an officer of the Canadian corporate affiliate of Leviton, Mr. Gabriel Massabni, informing Mr. Sutton for the first time that infringing ground fault circuit interrupters ("GFCIs") were commercially available, and thus publicly available, in Canada. Ex. 1, ¶ 10.

Mr. Massabni independently obtained samples of the infringing GFCIs in Canada and learned the identity of their sources and the parties selling them. Ex. 1 ¶ 11. Mr. Massabni then requested Mr. Sutton's advice. In response thereto, Mr. Sutton recommended that the Canadian Leviton affiliate retain Canadian counsel for advice, since the activities complained of involved a Canadian patent and were occurring within the territorial limits of Canada. Id.

Thus, it is plain that Mr. Grossblatt was not the only source of the allegedly disclosed information and that Defendants must know as much since their GFCIs were sold on the open market in Canada.

At no time did Mr. Sutton ever convey to the Canadian Leviton affiliate any confidential information concerning the identity of parties who were purchasing infringing GFCIs from Defendants for resale in Canada. In fact, Mr. Sutton did not even know the identity of such parties. To the contrary, it was the Canadian Leviton affiliate who advised Mr. Sutton of the names of Canadian-based infringers, *which names were publicly available and known to Leviton's affiliate as*

3

*a result of the infringing GFCIs being commercially and publicly available in Canada.* Ex. 1, ¶ 12.

If Defendants' counsel had sought to determine whether Defendants' customers were on the market in Canada, they would have known that Mr. Grossblatt was not the only source of this information and that such information was public.

Indeed, Mr. Sutton, who is responsible for communications with Leviton, could not have been the source of the information that Defendants claim was disclosed from the Grossblatt deposition. Although Mr. Sutton was aware that Mr. Grossblatt's deposition had been taken and has had general discussions about it, he did not take or attend that deposition, nor did he read or review the deposition transcript or the exhibits prior to this Motion. No one communicated to Mr. Sutton the details of the deposition testimony of Mr. Grossblatt concerning the sales of GFCIs by Defendants in Canada or by Defendants' Canadian customers. Ex. 1, ¶¶ 6-8.

### B. Counsel for Leviton Sought To Convince Counsel For Defendants To Withdraw This Motion.

After reading Defendants' Motion, Mr. Sutton telephoned counsel for Defendants and conveyed the facts which are set above in an effort to convince Defendants to withdraw the Motion. He also requested that counsel for Defendants withdraw this Motion, so that the resources of the Court and the parties would not be wasted. Opposing counsel refused to do so.

### C. An Award of Costs and Attorneys Fees Is Requested

This is at least the third time that Defendants have exhibited frivolous behavior in this case in an attempt to cast plaintiff and its counsel in a bad light. See Ex. 2, Transcript of the July 29, 2002 Hearing on Defendants' motion to

4

disqualify Paul J. Sutton and Greenberg Traurig LLP, in particular at pages 10-12, 15-16 and 19-21. At the July 29, 2002 Hearing, the Court found the motion to disqualify to be frivolous and considered whether attorneys fees were warranted. *Id.* at 19-21.

In addition, Defendants brought a previous motion for violation of the protective order to which Leviton was obligated to respond, but Defendants were compelled to withdraw that motion at the April 17, 2003 Hearing before this Court. Ex. 3, Transcript of the Hearing dated April 17, 2003, at pages 84-85.

In a similar vein, at the April 17 Hearing, the Court had to address the propriety of Defendant's original responses to Leviton's first set of Interrogatories, which identified Defendants' personnel with knowledge of the patent in suit to be *Plaintiff's counsel*. Id., at pages 11-12 and 18-28.

It is submitted that since Defendants have repeatedly raised frivolous issues, to which Leviton has been forced to incur attorneys fees and costs in order to respond, an award of fees and costs are warranted in this case. An award of fees and costs on this Motion are further warranted because Defendants' counsel should have first inquired of Defendants as to whether Defendants had sold GFCIs in the open market place in Canada.

## CONCLUSION

For all of the above reasons, Defendants' Motion should be denied and Leviton should be awarded its reasonable costs and attorneys fees in connection with this motion.

Dated: September 8, 2003          Respectfully submitted,

            /S/
D. Christopher Ohly, Esq.
BLANK ROME COMISKY &
McCAULEY, LLP
250 West Pratt Street
Suite 1100
Baltimore, MD 21201
Telephone: (410) 659-1400
Facsimile: (401) 659-1414

Paul J. Sutton
Joseph M. Manak
Barry G. Magidoff
Joseph G. Lee
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, New York 10022
Telephone: (212) 801-2100
Facsimile: (212) 688-2449

\\ny2-srv01\711660v01