U.S. DEPARTMENT OF COMMERCE
U.S. Patent and Trademark Office
Washington, DC 20231

MANUAL OF PATENT EXAMINING PROCEDURE
Eighth Edition

Instructions Regarding Revision No. 1

This revision incorporates the changes necessitated by the Intellectual Property and High Technology Technical Amendments Act of 2002 (Pub. L. 107-273, 116 Stat. 1758 (2002)) and the following final rules:

(1) "Legal Processes," which became effective on September 12, 2001;
(2) "Requirements for Claiming the Benefit of Prior-Filed Applications Under Eighteen-Month Publication of Patent Applications," which became effective on December 28, 2001;
(3) "Revision of the Time Limit for National Stage Commencement in the United States for Patent Cooperation Treaty Applications," which became effective on April 1, 2002;
(4) "Amendment of Rule Regarding Filing of Trademark Correspondence via 'Express Mail'," which became effective on June 24, 2002;
(5) "Correspondence With the United States Patent and Trademark Office," which became effective on December 30, 2002; and
(6) "Revision of Patent and Trademark Fess for Fiscal Year 2003," which became effective on January 1, 2003.

It is noted that the discussion of 35 U.S.C. 102(e) in Chapters 700, 1800 and 2100 has been revised to incorporate 35 U.S.C. 102(e), as amended by the Intellectual Property and High Technology Technical Amendments Act of 2002. However, the discussion of 35 U.S.C. 102(e) in the remaining Chapters of the Manual (i.e., Chapters 800, 900, 1500 and 2200) has not yet been updated to incorporate revised 35 U.S.C. 102(e). These remaining Chapters will be updated in the next revision of the Manual. When using these Chapters where 35 U.S.C. 102(e) has not yet been updated, users of the Manual should refer to Chapters 700, 1800 and 2100 for the revised 35 U.S.C. 102(e) as amended by the Intellectual Property and High Technology Technical Amendments Act of 2002.

This revision consists of replacement pages for the Title Page in the front of the Manual, entire Chapters 200, 700, 1800, and 2100, Appendices II – List of Decisions Cited, L – Patent Laws, R – Patent Rules, T – Patent Cooperation Treaty, and AI – Administrative Instructions Under the PCT, and entire Index.

Pages which have been printed in this revision are labeled as "Rev. 1" on the bottom. Sections of the Manual which have been changed by this revision are indicated by "[R-1]" after the section title.

Additions to the text of the Manual are indicated by arrows (><) inserted in the text. Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws and rules indicates a portion of the law or rule which was not reproduced.

Magdalen Y. C. Greenlief, Editor
Manual of Patent Examining Procedure

| Remove Pages | Insert Pages |
|---|---|
| Title Page | Title Page |
| 200-1 through 200-102 | 200-1 through 200-108 |
| 700-1 through 700-256 | 700-1 through 700-276 |
| 1800-1 through 1800-158 | 1800-1 through 1800-168 |
| 2100-1 through 2100-220 | 2100-1 through 2100-226 |
| A-7 through A-46 | A-7 through A-48 |
| L-1 through L-84 | L-1 through L-84 |
| R-1 through R-320 | R-1 through R-322 |
| T-1 through T-124 | T-1 through T-126 |
| AI-1 through AI-96 | AI-1 through AI-112 |
| I-1 through I-118 | I-1 through I-94 |

Particular attention is called to the changes in the following sections:

**CHAPTER 200:**

| | |
|---|---|
| 201 | Revised to add the definition of a "national" application as a U.S. application which was either filed in the Office under 35 U.S.C. 111, or which entered the national stage from an international application after compliance with 35 U.S.C. 371. |
| 201.03 | Revised to delete the requirement that second attempts to correct inventorship be decided by the TC Director. Also revised to clarify that an error in inventorship of a provisional application would not require correction so long as a nonprovisional application naming the correct inventorship would contain an overlap of at least one inventor with the provisional application. Form paragraphs have been revised. |
| 201.06 | The title of this section has been changed to read, "Divisional Application." |
| 201.06(c) | Revised to reflect deletion of 37 CFR 1.494 and amendments to 37 CFR 1.495. Also revised to indicate that any application that will be published pursuant to 35 U.S.C. 122(b) (pre-grant publication), including any continuation or divisional application, should be filed with the specification, claims and drawings that applicant would like to have published because changes made by a preliminary amendment will generally not be reflected in the patent application publication, even if the preliminary amendment is referred to in the oath or declaration. Also revised to clarify that when a benefit claim to a prior application is added after the filing date, the prior application cannot be incorporated by reference since this would add new matter. |
| 201.06(d) | Revised to reflect amendments to 37 CFR 1.78. Form paragraphs 2.36 and 2.37 have been deleted. |
| 201.07 | Revised to indicate that a continuation application must claim the benefit of the prior nonprovisional application under 35 U.S.C. 120 or 365(c). |
| 201.08 | Revised to indicate that a continuation-in-part application must claim the benefit of the prior nonprovisional application under 35 U.S.C. 120 or 365(c). |
| 201.11 | The title of this section has been changed to read, "Continuity Between Applications: The Benefit of an Earlier Filing Date." Revised to reflect amendments to 37 CFR 1.78. Added a new subsection to clarify that a |

claim in an application is entitled to the benefit of the filing date of an earlier provisional or nonprovisional application only if the earlier application provides an enabling disclosure of the subject matter of the claim under 35 U.S.C. 112, first paragraph. New subsections have been added to address the requirements of a specific reference to a prior application for which benefit is claimed. If benefit is claimed under 35 U.S.C. 120, 121 or 365(c), the specific reference to a prior nonprovisional application(s) must set forth the relationship (i.e., "continuation," "divisional" or "continuation-in-part") between each application except when the reference is to a prior application of a continued prosecution application having the same application number. Form paragraphs have been revised.

| | |
|---|---|
| 201.11(a) | Revised to reflect deletion of 37 CFR 1.494 and amendments to 37 CFR 1.495. |
| 201.13 | Revised to reflect amendments to 37 CFR 1.55. Revised to update the list of countries with respect to which the right of priority under 35 U.S.C. 119(a)-(d) has been recognized. |
| 201.13(b) | Revised to reflect that 37 CFR 1.78(a)(2) no longer requires that the first sentence of a specification claiming the benefit of an earlier-filed international application indicate whether the international application was published in English. |
| 201.14(a) | Revised to reflect amendments to 37 CFR 1.55. Form paragraph 2.21.01 has been revised. |
| 201.14(c) | Form paragraphs have been revised. |
| 202.01 | Revised to reflect amendments to 37 CFR 1.78. |

**CHAPTER 700:**

| | |
|---|---|
| 704.14(a) | Form paragraphs have been revised. |
| 706.02 | Revised to reflect amendment to 35 U.S.C. 102(e) and added a new subsection to address reliance upon abstracts and foreign language documents in support of a rejection. |
| 706.02(a) | The discussion of 35 U.S.C. 102(e) has been revised to reflect 35 U.S.C. 102(e) as amended by the Intellectual Property and High Technology Technical Amendments Act of 2002 (Pub. L. 107-273, 116 Stat. 1758 (2002)) and to indicate that revised 35 U.S.C. 102(e) applies in the |

examination of all applications, whenever filed, and the reexamination of, or other proceedings to contest, all patents. The filing date of the application being examined is no longer relevant in determining what version of 35 U.S.C. 102(e) to apply in determining the patentability of that application, or the patent resulting from that application.

| | |
|---|---|
| 706.02(b) | Revised to reflect amendments to 37 CFR 1.55 and 1.78. Revised item (C) regarding how to overcome a rejection based on 35 U.S.C. 102(a) to be consistent with item (D) regarding how to overcome a rejection based on 35 U.S.C. 102(e). |
| 706.02(f) | The material that was in this section has been moved to MPEP § 706.02(f)(2). MPEP § 706.02(f) now addresses rejection under 35 U.S.C. 102(e) and reflects amendment to 35 U.S.C. 102(e). |
| 706.02(f)(1) | Added new section to set forth the examination guidelines for applying references under 35 U.S.C. 102(e). |
| 706.02(f)(2) | Material from former MPEP § 706.02(f) has been moved to this new section. Form paragraphs have been revised. |
| 706.02(i) | Form paragraphs have been revised. |
| 706.02(k) | Revised to indicate that the amendment to 35 U.S.C. 102(e) in the Intellectual Property and High Technology Technical Amendments Act of 2002 did not affect the exclusion under 35 U.S.C. 103(c) as amended on November 29, 1999. |
| 706.02(l)(1) | Revised to indicate that the amendment to 35 U.S.C. 102(e) in the Intellectual Property and High Technology Technical Amendments Act of 2002 did not affect the exclusion under 35 U.S.C. 103(c) as amended on November 29, 1999. |
| 706.02(l)(3) | Revised to add a reference to MPEP § 706.07(a) as to when it is proper to make an office action final. |
| 706.02(m) | Form paragraphs have been revised. |
| 706.03(a) | Form paragraph has been revised. |
| 706.03(c) | Form paragraphs have been revised. |
| 706.03(d) | Form paragraphs have been revised. |
| 706.04 | Added reference to recent court decision. |

| | |
|---|---|
| 706.07 | Form paragraph has been revised. |
| 706.07(a) | Revised to indicate that a second or any subsequent action on the merits in any application or patent involved in reexamination proceedings may not be made final if it contains a new ground of rejection necessitated by the amendments to 35 U.S.C. 102(e) by the Intellectual Property and High Technology Technical Amendments Act of 2002, unless the new ground of rejection was necessitated by an amendment to the claims or as a result of an IDS submitted under 37 CFR 1.97(c) with the fee under 37 CFR 1.17(p). |
| 706.07(b) | Revised to indicate that a first Office action in a continuing or substitute application may not be made final if it contains a new ground of rejection necessitated by the amendments to 35 U.S.C. 102(e) by the Intellectual Property and High Technology Technical Amendments Act of 2002. |
| 706.07(f) | Revised to indicate that where the last day of the 2 months from the date of the final rejection falls on a Saturday, Sunday or a Federal holiday within the District of Columbia and a reply is filed on the next succeeding business day pursuant to 37 CFR 1.7(a), the reply is deemed to have been filed within the 2 months period. |
| 706.07(h) | Revised to correct the reference to 35 U.S.C. 132. Form paragraph 7.42.13 has been revised. Item 16 of the comparison chart has been revised to delete the reference to 35 U.S.C. 102(e). |
| 707.05 | Revised to add a reference to MPEP § 707.05(e) regarding data used in citing references. |
| 707.05(b) | Revised to indicate that MPEP § 609 sets forth guidelines for applicants to submit prior art to the Office. |
| 707.05(d) | Revised to correct the spelling of "initialed." |
| 707.05(e) | Revised to indicate that Defensive Publications and SIRs should be cited under the section "U.S. Patent Documents" on the 892 form. Also revised to indicate that abstracts, abbreviatures, Alien Property Custodian publications, withdrawn U.S. patents, withdrawn U.S. patent application publications and other non-patent documents should be cited under the section "Non-Patent Documents" on the 892 form. Examples as to how withdrawn U.S. patents and withdrawn U.S. patent application publications should be cited have been added. |

| | |
|---|---|
| 707.07(f) | Revised to indicate that in order to provide a complete application file history and to enhance the clarity of the prosecution history record, the examiner must provide clear explanations of all actions taken by the examiner during prosecution of the application. That is, if applicant's arguments are persuasive and upon reconsideration, the examiner determines that the previous rejection should be withdrawn, the examiner must provide in the next Office communication the reasons why the previous rejection is withdrawn. New form paragraphs 7.38.01 and 7.38.02 have been added. |
| 708.02 | Subsection VI. has been revised to add hydrogen fuel technologies as an example of inventions which materially contribute to the discovery or development of energy resources. |
| 709 | Revised to reflect amendment to 37 CFR 1.103. The last sentence of subsection B. regarding when the period of suspension will start for a CPA and RCE has been deleted. Form paragraph 7.56.01 has been added to subsection B. under the heading "Improper Request for Suspension." The discussion of suspension of action at the initiative of the Office has been revised. |
| 709.01 | Revised to add a reference to MPEP § 2315.01. |
| 711.02 | Form paragraph has been revised. |
| 711.03(c) | The discussion regarding terminal disclaimers in subsection G. has been revised to indicate that a terminal disclaimer is also required for a utility or plant application filed on or after June 8, 1995, but before May 29, 2000, where the application became abandoned during appeal, interference, or while under a secrecy order. |
| 711.04(a) | Revised to correct the spelling of "Interferences." |
| 713.01 | An "Applicant Initiated Interview Request" form (PTOL-413A) has been added for use by the applicant where the interview is initiated by the applicant. The form should be filled out by the applicant and submitted to the examiner prior to the interview in order to permit the examiner to prepare in advance for the interview and to focus on the issues to be discussed. |
| 713.02 | Revised to correct the spelling of "counselor." |
| 713.04 | The Interview Summary form PTOL 413 has been revised to delete the box located at the bottom of the form so that examiners will no longer be permitted to check the box to inform applicant that it was not necessary for |

|       |       |
|-------|-------|
|       | the applicant to supplement the form by submitting a separate record of the substance of the interview. Effective immediately, pursuant to 37 CFR 1.133(b), it is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file except where the interview was initiated by the examiner and the examiner indicated on the "Examiner Initiated Interview Summary" form, PTOL-413B, that the examiner will provide a written summary. "Examiner Initiated Interview Summary" form, PTOL-413B has been added. |
| 714   | The revised manner of making amendments which became effective on January 31, 2003 has been added. All applicants including applicants participating in the Office's electronic file wrapper prototype may submit amendments in reply to Office actions using the revised format. The provisions of 37 CFR 1.121(a), (b), (c), and (d) are waived for amendments to the claims, specification, and drawings in all applications where the amendments comply with the revised amendment format. |
| 714.13 | Form paragraphs have been revised. |
| 714.16(d) | Form paragraph has been revised. |
| 715   | Revised to indicate that if a country joined the WTO after January 1, 1996, the effective date for proving inventive activity in that country for the purpose of 35 U.S.C. 104 and 37 CFR 1.131 is the date the country becomes a member of WTO. A reference to MPEP § 201.13 has been added to show the list of WTO member countries. Also revised to indicate that U.S. patents, U.S. patent application publications and certain international application publications are available as prior art under 35 U.S.C. 102(e). |
| 716.02(d) | Revised to add discussion of recent Federal Circuit decision. |
| 719.02 | Revised to add discussion as to how errors in any of the data originally entered on the file wrapper should be corrected for different series applications. |
| 719.05 | Revised to correct the spelling of "additional" and to change "SEARCHED NOTES" to "SEARCH NOTES." |

**CHAPTER 1800:**

| 1801 | Revised to indicate that PCT Article 22(1) was amended, effective April 1, 2002, to specify that a copy of the international application, a translation thereof (as prescribed), and the national fee are due to the designated |

|  |  |
|---|---|
|  | Office not later than at the expiration of 30 months from the priority date. Also revised to indicate that in those countries whose national laws are not compatible with the 30 month period now set forth in PCT Article 22(1), the filing of a demand for an international preliminary examination electing such countries within 19 months from the priority date will result in an extension of the period for entering the national stage to 30 months from the priority date. Revised to indicate that a listing of all national and regional offices, and the corresponding time limits for entering the national stage after PCT Chapter I and PCT Chapter II, may be found on WIPO's web site at: http://www.wipo.int/pct/en/index.html. Revised to indicate that the European Patent Office is no longer competent to act as an International Searching Authority for certain international applications filed by nationals or residents of the United States. |
| 1817 | Revised to indicate that Romania, Hungary, Bulgaria, Czech Republic, Slovakia, Slovenia, and Estonia are members of the European Patent Convention (EPC) regional patent system. Also revised to add Tunisia, Saint Vincent and the Grenadines, Seychelles, and Nicaragua as PCT Member States. Revised to add Sierra Leone, United Republic of Tanzania, Mozambique, and Zambia as members of the African Regional Industrial Property Organization and to indicate that Swaziland can only be designated for the purposes of an ARIPO patent and not for the purposes of a national patent, and that all other PCT Contracting States which are also party to the Harare Protocol can be designated either for a national or an ARIPO patent, or both a national and an ARIPO patent. Revised to indicate that all PCT Contracting States which are also party to the Eurasian Patent Convention can be designated either for a national or a Eurasian patent, or both a national and a Eurasian patent. Note, however, that it is not possible to designate only some of these States for a Eurasian patent and that any designation of one or more States for a Eurasian patent will be treated as a designation of all the States which are party to both the Convention and the PCT for a Eurasian patent. |
| 1823.02 | Revised to indicate that the European Patent Office (EPO) no longer searches or examines international applications filed by a resident or national of the United States if one or more claims relates to the field of biotechnology. Also revised to include guidelines for submitting tables related to sequence listings on CD rather than on paper. |
| 1824 | Revised to indicate that paragraph numbers (e.g., paragraph numbers complying with 37 CFR 1.52(b)(6)) are acceptable provided they are not placed in the margins. |

| | |
|---|---|
| 1828 | Revised to indicate that a notice correcting or adding a priority claim may in any event be submitted until the expiration of 4 months from the international filing date. |
| 1840 | Revised to indicate the USPTO, as an International Searching Authority, has agreed to conduct international searches and prepare international search reports for the Philippines and Saint Lucia. Also revised to indicate that for international applications filed by residents and nationals of the U.S., the European Patent Office is not competent to perform the international search if one or more claims relates to the fields of biotechnology or business methods. Revised to indicate the EPO will not search any international application to the extent that it considers that the international application relates to subject matter set forth in PCT Rule 39.1. |
| 1840.01 | Revised to include content of the notice from the European Patent Office dated November 26, 2001 limiting the EPO's competence as a PCT International Searching Authority (ISA) for international applications containing one or more claims relating to the field of biotechnology or the field of business methods. Also revised to indicate how international applications containing claims relating to the field of biotechnology or the field of business methods will be handled by the RO/US and ISA/EP. Revised to indicate that the international search fee must be paid to the receiving Office within one month from the time of filing the international application. |
| 1842 | Revised to include a new diagram showing the basic flow under the PCT and to include a discussion of the diagram and time limits under the PCT. |
| 1850 | Revised to indicate that Form PCT/ISA/206 may be used to invite the applicant to pay additional search fees. Also revised to indicate that Form PCT/ISA/206 must be signed by an examiner with at least partial signatory authority. Revised to indicate that USPTO/299 is to be used to make a record of a telephonic holding of lack of unity by the examiner under Chapter I of the PCT. |
| 1857 | Updated to include revised 35 U.S.C. 374. Also revised to include a discussion of the publication of a sequence listing and/or tables filed in electronic form. |
| 1857.01 | Revised in view of amendments made to 35 U.S.C. 102(e) by the Intellectual Property and High Technology Technical Amendments Act of 2002 (Pub. L. 107-273, 116 Stat. 1758 (2002)). |

| | |
|---|---|
| 1865 | Revised to include location addresses and mailing addresses for use when filing a demand in the European Patent Office or in the United States Patent and Trademark Office. Also revised to indicate that the IPEA/US will serve as International Preliminary Examining Authority for residents or nationals of the Philippines and Saint Lucia if the U.S. was the International Searching Authority. |
| 1865.01 | New section added to address the European Patent Office as an International Preliminary Examination Authority. The European Patent Office is not a competent International Preliminary Examination Authority in respect of any international application filed by a national or resident of the United States of America with the USPTO or the IB as receiving Office where the corresponding demand is filed with the EPO on or after March 1, 2002 and the international application contains one or more claims relating to the field of biotechnology, the field of business methods, or the field of telecommunication. |
| 1873 | Revised to indicate that later elections, if filed within 19 months of the priority date, have the effect of delaying the national stage until 30 months after the priority date in those additional elected States in which the 30 month time limit under PCT Article 22(1) is not compatible with their national law. |
| 1878 | New form paragraph 18.04.01 is to be used to indicate that claims meet the industrial applicability standard set out in PCT Article 33(4). Form paragraph 18.04 has been modified to no longer address industrial applicability. |
| 1893.01(a) | Revised in view of the amendment to PCT Article 22(1) indicating that a copy of the international application, a translation thereof (as prescribed), and the national fee are due to the designated Office not later than at the expiration of 30 months from the priority date. |
| 1893.01(a)(1) | Revised in view of the amendment to PCT Article 22(1) indicating that a copy of the international application, a translation thereof (as prescribed), and the national fee are due to the designated Office not later than at the expiration of 30 months from the priority date. |
| 1893.01(a)(2) | Revised in view of the amendment to PCT Article 22(1) indicating that a copy of the international application, a translation thereof (as prescribed), and the national fee are due to the designated Office not later than at the expiration of 30 months from the priority date. |
| 1893.01(a)(3) | New section added to include the subject matter deleted from MPEP § 1893.01(b)(2). |

| | |
|---|---|
| 1893.01(b) | Deleted. Content moved to MPEP § 1893.01(a). |
| 1893.01(b)(1) | Deleted. Content moved to MPEP § 1893.01(a)(1). |
| 1893.01(b)(2) | Deleted. Content moved to new MPEP § 1893.01(a)(3). |
| 1893.01(c) | Revised to indicate that applications will not be held abandoned if an authorization to charge fees under 37 CFR 1.16 has been provided instead of an authorization to charge fees under 37 CFR 1.492. The Office amended 37 CFR 1.25(b), effective November 7, 2000, so that an authorization to charge fees under 37 CFR 1.16 in an international application entering the national stage under 35 U.S.C. 371 is now treated as an authorization to charge fees under 37 CFR 1.492. |
| 1893.01(d) | Revised to indicate that the translation must be a translation of the international application as filed or with any changes which have been properly accepted under PCT Rule 26 or any rectifications which have been properly accepted under PCT Rule 91. Revised to indicate that the time period for responding to a Notification of Missing Requirements is 32 months from the priority date or 2 months from the date of the notice, whichever expires later. The time period may be extended for up to five additional months as provided in 37 CFR 1.136(a). |
| 1893.01(e) | Revised in view of the amendment to PCT Article 22(1) indicating that a copy of the international application, a translation thereof (as prescribed), and the national fee are due to the designated Office not later than at the expiration of 30 months from the priority date. Also revised to indicate that the time period for responding to a Notification of Missing Requirements is 32 months from the priority date or 2 months from the date of the notice, whichever expires later. The time period may be extended for up to five additional months as provided in 37 CFR 1.136(a). |
| 1893.02 | Revised in view of the amendment to PCT Article 22(1) indicating that a copy of the international application, a translation thereof (as prescribed), and the national fee are due to the designated Office not later than at the expiration of 30 months from the priority date. |
| 1893.03(a) | Revised in view of the amendment to PCT Article 22(1) indicating that a copy of the international application, a translation thereof (as prescribed), and the national fee are due to the designated Office not later than at the expiration of 30 months from the priority date. |
| 1893.03(b) | Corrected for consistency with the bibliographic data sheet reproduced in the MPEP. Also revised to indicate that effective February 14, 2003, the |

"Application Filing Date" field in PALM and PAIR was relabeled "Filing or 371(c) Date." Revised to list three exceptions to the general rule that the filing date of a national stage application is the PCT international filing date.

1893.03(c)   Revised to indicate the conditions for according benefit under 35 U.S.C. 119(e) are similar in national stage applications and in applications filed under 35 U.S.C. 111(a), and that the conditions are described in MPEP § 201.11. Also revised in view of amendments to 37 CFR 1.78. In an application that claims the benefit of an international application, 37 CFR 1.78(a)(2) no longer requires the first sentence of the specification to include an indication of whether the international application was published under PCT Article 21(2) in English. Under 37 CFR 1.78(a)(2)(ii), the required reference to the earlier filed application must be submitted within the later of four months from the date on which the national stage commenced under 35 U.S.C. 371(b) or (f) in the later-filed international application or sixteen months from the filing date of the prior-filed application. If an application claims the benefit of a prior-filed provisional application that was filed in a language other than English, an English-language translation of the prior-filed provisional application and a statement that the translation is accurate must be filed in the provisional application or in the later-filed national stage application. See 37 CFR 1.78(a)(5)(iv).

1895   Revised because 37 CFR 1.78(a)(2) no longer requires the first sentence of the specification to include an indication of whether the international application was published under PCT Article 21(2) in English. Also revised to indicate what evidence should be provided to prove an international application was copending with a U.S. national application. Revised to indicate that 37 CFR 1.78(a)(2)(i) requires the appropriate reference under 35 U.S.C. 120 to identify the parent application by application number (consisting of the series code and serial number) or international application number and international filing date. Revised to indicate that 37 CFR 1.78(a)(5)(i) requires the appropriate reference under 35 U.S.C. 119(e) to identify the provisional application by provisional application number (consisting of series code and serial number).

1895.01   Revised in view of amendments made to 35 U.S.C. 102(e) by the Intellectual Property and High Technology Technical Amendments Act of 2002 (Pub. L. 107-273, 116 Stat. 1758 (2002)). Also revised to indicate that if the priority claim to an earlier international application is made only under 35 U.S.C. 119(a)-(d) and 365(a), and not under 35 U.S.C. 120 and 365(c), the priority claim is not taken into account when determining the term of the patent. See 35 U.S.C. 154(a)(3) and MPEP § 2701.

| | |
|---|---|
| 1896 | Revised in view of amendments made to 35 U.S.C. 102(e) by the Intellectual Property and High Technology Technical Amendments Act of 2002 (Pub. L. 107-273, 116 Stat. 1758 (2002)). |

**CHAPTER 2100:**

| | |
|---|---|
| 2105 | Added discussion of a recent Supreme Court decision. |
| 2107.01 | Revised to emphasize that the cited case law relating to "incredible" utility is fact specific and should not be applied as a *per se* rule. |
| 2111 | Added discussion of a recent Federal Circuit decision. |
| 2111.01 | Revised to add discussion of recent Federal Circuit decisions. Also revised to clarify that while applicant may be his or her own lexicographer, any special meaning assigned to a term must be clear from the specification. |
| 2111.02 | Section title revised to read "Effect of Preamble." Section revised to indicate there is no litmus test defining when a preamble limits the scope of a claim; the determination must be made in light of the facts of each case. Also revised to add discussion of recent Federal Circuit decisions. |
| 2113 | Revised to indicate that the structure implied by process steps should be considered when assessing patentability of product-by-process claims. |
| 2114 | Revised to add discussion of additional case law. |
| 2131 | Revised to reflect amendments to 35 U.S.C. 102(e). Added discussion of a recent Federal Circuit decision. |
| 2133.03(b) | Added discussion of a Supreme Court decision. Revised to add discussion of recent Federal Circuit decisions. Revised for consistency with recent Federal Circuit decisions explaining that traditional principles of contract law determine whether a commercial offer for sale has been made. |
| 2133.03(c) | Added paragraph to address the question of when a process is placed "on sale." |
| 2133.03(e) | Revised to add discussion of recent Federal Circuit decisions. |
| 2133.03(e)(1) | Revised to cross-reference MPEP § 2133.03(e)(4) for factors indicative of experimental purpose. |

2133.03(e)(4)    Revised to add discussion of recent Federal Circuit decisions listing factors for determining whether a claimed invention was the subject of a commercial offer for sale primarily for the purposes of experimentation.

2136    Revised to reflect amendments to 35 U.S.C. 102(e). The filing date of the application being examined is no longer relevant in determining which version of 35 U.S.C. 102(e) to apply. The prior art date of a reference under 35 U.S.C. 102(e) may be the international filing date if the international filing date was on or after November 29, 2000, the international application designated the United States, and the international application was published by the World Intellectual Property Organization (WIPO) under the Patent Cooperation Treaty (PCT) Article 21(2) in the English language. Added a new paragraph to indicate that a Statutory Invention Registration (SIR) is usable as a reference as of its filing date under 35 U.S.C. 102(e).

2136.01    Revised to indicate that a provisional 35 U.S.C. 102(e) rejection may be made if the earlier filed copending U.S. application has been published as redacted (37 CFR 1.217) and the subject matter relied upon in the rejection is not supported in the redacted publication of the patent application. Also revised to indicate that the recent changes to 35 U.S.C. 102(e) did not affect 35 U.S.C. 103(c).

2136.02    Revised to reflect amendments to 35 U.S.C. 102(e).

2136.03    Revised to reflect amendments to 35 U.S.C. 102(e). Revised to indicate that the filing dates of foreign applications which have been published as U.S. or WIPO application publications or patented in the U.S., including international filing dates claimed as foreign priority dates under 35 U.S.C. 365(a), may not be used as 35 U.S.C. 102(e) dates for prior art purposes. Revised to indicate procedures for determining the 35 U.S.C. 102(e) date of a reference.

2138.04    Added discussion of recent Federal Circuit decisions.

2138.06    Added discussion of recent Federal Circuit decisions.

2141.03    Added discussion of a recent Federal Circuit decision.

2143.01    Added discussion of a recent Federal Circuit decision.

2144.03    Revised procedures for relying on common knowledge or taking official notice in light of recent Federal Circuit decisions.

2144.05    Revised to add discussion of recent Federal Circuit decisions.

| | |
|---|---|
| 2163 | Revised to add discussion of recent Federal Circuit decisions. |
| 2163.07 | Revised to indicate that applicant may rely on an originally filed non-English language U.S. application to support correction of an error in the English translation thereof submitted pursuant to 37 CFR 1.52(d). |
| 2164.08 | Added discussion of a recent Federal Circuit decision. |
| 2172.01 | Revised to add discussion of decisions by the Board of Patent Appeals and Interferences. |
| 2173.02 | Revised to add discussion of a recent Supreme Court decision and other case law. Revised to indicate that when making a rejection under 35 U.S.C. 112, second paragraph for indefiniteness, the examiner should include an analysis as to why the claim is "vague and indefinite." |
| 2173.05(a) | Revised to add discussion of a recent Federal Circuit decision. Where applicant intends to use a term contrary to its ordinary meaning, the written description must clearly redefine the term. |
| 2173.05(e) | Added discussion of a recent Federal Circuit decision. |
| 2173.05(k) | Revised to indicate that claims should not be rejected on the ground of "aggregation." |
| 2173.05(n) | Revised to indicate that rejections based on undue multiplicity should be applied judiciously and should be rare, but may be appropriate when applicant presents an unreasonable number of claims which, in view of the nature and scope of applicant's invention, are repetitious and multiplied, the net result of which is to confuse rather than clarify. |
| 2181 | Revised to add discussion of recent Federal Circuit decisions. Added new paragraphs addressing the requirements of 35 U.S.C. 112, first and second paragraph with respect to recitations under 35 U.S.C. 112, sixth paragraph ("means for" or "step for" recitations). |
| 2190 | This section has been added to address rejections under the doctrine of prosecution history laches. |