IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| LEVITON MANUFACTURING CO., INC. | ) | |
| | ) | |
| (Plaintiff) | ) | |
| v. | ) | 01CV3855 AMD |
| | ) | |
| UNIVERSAL SECURITY INSTRUMENTS, INC. et al. | ) | |
| | ) | |
| (Defendants) | ) | |

**DECLARATION OF HARVEY GROSSBLATT**

1.   I, Harvey Grossblatt, am over eighteen years of age, am competent to make this declaration, make this declaration based upon personal knowledge and belief, and if called as a witness would testify as follows.

2.   I am the President of Universal Security Instruments, Inc. ("USI"), a Defendant in the above-captioned action. I have been President of USI since 1996.

3.   USI is a Maryland corporation that designs, tests, imports and sells electronic products including Ground Fault Circuit Interrupters ("GFCI").

4.   USI and USI Electric, Inc. were sued by Plaintiff in September of 2001 and again in December of 2001 for infringement of Leviton's patent, U.S. 4,595,894, allegedly for GFCI units imported by USI from the GFCI manufacturer, YATAI SWITCH FACTORY of China., USI purchased GFCI's from YATAI SWITCH FACTORY until August 2002 (34th week).

5.   When opened, GFCI's from YATAI SWITCH FACTORY were of a construction depicted in photographs (1-3).


Photo 1


Photo 2


Photo 3

6.    Commencing in September 2002, week 34, USI stopped purchasing YATAI SWITCH FACTORY GFCIs and purchased differently constructed GFCI units manuafcuted by another company, SHANGHAI MEIHAO.  Those newer units are depicted in following photographs 4-6.


Photo 4


Photo 5


Photo 6

7. Upon the briefest of perusal, there are obvious structural differences between the older YATAI SWITCH FACTORY GFCI units (photos 1-3) and the newer SHANGHAI MEIHAO units (photos 4-6).

8. I am informed that the newer units do not have a "banger" attached to the plunger of the solenoid, and do not use a "banger/latch" mechanism to interrupt the circuit.

9. In addition, for example, the unit of Photos 1-3 include a structure that I am informed is a resilient test switch blade. The unit of Photos 4-6 does not include such a structure.

10. Additionally, from the photos, it is clear that the reset button of Photos 4-6 is mounted on a guide pin that passes through the metal strap while there is no corresponding pin structure in the earlier unit of Photos 1-3.

11. In the course of the present case, I provided my legal counsel with copies of documents in connection with discovery requests served by Plaintiff.

12. Amongst the documents were certain "Sales Representative Agreements" and other documents which indicated the names and contact information for USI's sales representatives and distributors.

13. After the documents were turned over to Leviton's attorneys, USI began receiving communications from USI's sales representatives and distributors of USI's GFCI products that Leviton personnel had contacted them and indicated that Leviton would no longer deal with them or allow them to distribute Leviton products if they continued to carry USI products.

14. I believed that the identities of USI's sales representatives and distributors were learned from the confidential documents provided to Leviton's attorneys, and informed my counsel of this belief.

15. In February of 2003, I was deposed in connection with this lawsuit and examined extensively about the design and engineering changes made in 1999 by USI

to the sample units provided by YATAI SWITCH FACTORY, and subsequent non-UL cross-list impacting changes proposed by USI's engineering department.

16. In March of 2003, Leviton issued the first of several press releases which indicated the USI was falsely suggesting to the purchasing public that its products were made in the United States, falsely suggesting to the purchasing public that its products were designed and engineered in the United States, and that Leviton was still pursuing its case in the ITC despite the fact that it has moved to dismiss the action.

17. At my request, my counsel filed a motion for a restraining order to prevent dissemination of the false and misleading press release.

18. I understand that ITC counsel filed a similar motion and succeeded in forcing Leviton to withdraw the press release.

19. In opposition to the motion for TRO filed by USI, Leviton asserted that the press release was true and relied upon nothing but my deposition testimony in arguing their position as to the truthfulness of the statements relating to the design and engineering of USI's GFCIs contained in their press release.

20. Not only was Leviton's characterization of my testimony relating to the designing and engineering of USI's GFCIs wrong, but it was a clear use of information learned through a confidential deposition for purposes outside this litigation.

21. In view of the prior problems USI had had with Leviton's misuse of confidential information turned over to Leviton's counsel in connection with discovery in this lawsuit, I authorized my attorneys to file a motion for relief from the Court to

prevent any further misuse of USI's confidential information in the hands of Leviton's attorneys.

22.   This motion was withdrawn the next day, April 17, 2003, at a previously scheduled hearing on all pending motions by my counsel before Leviton ever filed an opposition or explained the non-confidential source of the information.

23.   On July 30, 2003, Leviton sent a cease and desist letter to USI's Canadian customer accusing of selling of GFCI's which infringe Canadian Patent 1,248,569 or what I have been told is the Canadian counterpart to the '894 patent.

24.   USI has not sold any YATAI SWITCH FACTORY GFCIs to that Canadian Customer for nearly a year and has sold only units made by it current supplier SHANGHAI MEIHAO since last fall.

25.   USI's Canadian customer has not sold a YATAI SWITCH FACTORY unit in more than a year.

26.   In view of this fact, USI's Canadian customer being accused of infringing the Canadian counterpart to the '894 patent indicated that Leviton somehow learned that this customer had sold YATAI SWITCH FACTORY units in the past.

27.   My deposition testimony is the only known source of the fact that this customer, who has long been selling the non-accused SHANGHAI MEIHAO GFCIs, sold YATAI SWITCH FACTORY units in the past.

28.   Given the fact that USI has had repeated indications that Leviton was misusing confidential information, and given the fact that infringement accusations were being made against a customer who has not had an accused device in its possession

6

for more than a year, I authorized my attorneys to find out if Leviton was violating the protective order to harass USI and its customers.

29. Leviton declined to provide requested assurances that it did not violate the Protective Order in this case.

30. I have read the Declaration of Paul J. Sutton and note the absence of any dates as to when information was learned, the dates when the customer's devices were purchased by Leviton, and the absence of any copies or photographs of the product, the products' packaging, purchase receipts, or correspondence which would indicate that my deposition testimony was not the source of information as to USI's Canadian customer and its sale of YATAI SWITCH FACTORY GFCIs.

31. Leviton again sued USI and USI Electric, Inc. (03-cv-1701AMD) a week before the expiration of the patent in this suit, for infringement of six, newer Leviton patents allegedly based on reset lockout capabilities said to be owned by Leviton in connection 2003 UL-Compliant GFCI units.

32. In July, the manufacturer of the GFCIs, SHANGHAI MEIHAO, filed a declaratory judgment action against Leviton in this Court (03-cv-02137 AMD) for a declaration of non-infringement of the same six patents by substantially the same GFCIs at issue in the suit filed against USI.

33. Because the manufacturer filed for declaratory judgment against Leviton in relation to the same six patents Leviton accused USI of infringing, it is the manufacturer, and not USI, that is expected to be in the vanguard of the patent litigation.

7

## DECLARATION IN LIEU OF OATH

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 23th day of September, 2003.

_____   _____
                          Harvey Grossblatt